# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
MAY 08 2018

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| DOUGLAS D. SMITH | ) | |
| | ) | 18mj1581 |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **May 5, 2018** in the county of **Rio Arriba** in the **United States** District of **New Mexico**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| USC Title 18 1152 & 1111(a) | Reckless disregard for human life. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

Travis Taylor, Special Agent, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: 5/8/18

_____
Judge's signature

City and state: Albuquerque, New Mexico

Steven C. Yarbrough
Printed name and title

**U.S. MAGISTRATE JUDGE**

THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Case No. _____ |
| | ) |
| DOUGLAS D. SMITH,<br>Year of Birth 1950 | ) |

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Travis Taylor, being duly sworn, depose and say as follows:

1. I am a Special Agent of the Federal Bureau of Investigation (FBI) currently assigned to the Santa Fe Resident Agency (SFRA) of the FBI Albuquerque Division to investigate violations of Federal Laws, including Title 18, United States Code, Section 1152, Crimes in Indian Country, and Title 18 United States Code, Section 1111(a), Murder.

2. The information set forth in this affidavit has been derived from my own investigation or communicated to me by other sworn law enforcement officers. This information is submitted for the limited purpose of establishing probable cause to believe that DOUGLAS D. SMITH, hereinafter referred to as SMITH, year of birth 1950, has committed felony violations of Title 18, United States Code, Sections 1152 and 1111(a). This affidavit therefore does not set forth all of my knowledge about this matter.

### PROBABLE CAUSE

3. On May 5, 2018, at approximately 1:17AM, Espanola Police Department (EPD) was dispatched to the Western Winds Motel, 825 North Riverside Drive, Espanola, New Mexico, after the manager, SMITH, shot an unknown female with a .22LR handgun after he observed her attempting to break into his mother's camper trailer.

4. After the crime scene investigation was completed, EPD Detective Byron Abeyta proceeded to Espanola Police Department to interview SMITH about the incident. SMITH was read his Miranda Rights in the interview room and agreed to be interviewed.

5. The following information was provided by SMITH to Detective Abeyta during the interview:

6. SMITH stated that he has had problems with burglaries and people stealing from his yard in the past, as well as problems with raccoons entering his yard. SMITH has three motion sensors in his yard that alert him with an audible sound in his house if there is movement outside. Prior to the incident, the motion sensors went off twice, and were approximately one hour apart.

7. SMITH stated that he conducted checks outside of his residence when the motion sensors went off; however, SMITH did not locate anything during those two checks. SMITH also stated that he takes a pistol with him when he exits his house at night.

8. SMITH was lying in bed when the alarm went off for a third time, and put on shoes and a jacket to go outside and check. He stepped onto his porch thinking it was raccoons, and

observed the shadow of a person attempting to hide behind bushes and staring at him near the door of his mother's camper trailer.

9. SMITH stated that he was scared and began shooting toward the left of the camper from the porch. SMITH stated that the shadow began running to the left after the first shot, and SMITH continued to shoot in the same general direction to scare off the person as he has done before.

10. After shooting, SMITH began to try to reload his pistol because he didn't know if there were more people or if that person would shoot back. SMITH was too shaken up to reload his gun and began to search the area after re-inserting the magazine.

11. During his search, SMITH observed a body on the floor as he walked around the residence in a counterclockwise manner. SMITH's neighbor opened her door and he told her that he had just shot someone. The neighbor then advised him to contact the police so he called 911.

12. SMITH stated that he was instructed to place the gun away from him and wait for officers to arrive.

13. During EPD's investigation, it was discovered that 825 North Riverside Drive, Espanola, New Mexico, is located within the exterior boundaries of the Santa Clara Pueblo.

14. Also during EPD's investigation, the victim's identity was discovered to be M.G. hereinafter referred to as Jane Doe, and the victim was determined to be a registered

member of the Santa Clara Pueblo. SMITH is non-Indian.

15. After it was discovered that the incident occurred on tribal land, and that the victim was Indian, the Santa Fe Resident Agency (SFRA) of the FBI was contacted.

16. Special Agent Travis Taylor contacted Detective Abeyta on 05/07/2018 to ask follow up questions. Detective Abeyta informed Special Agent Travis Taylor that the victim sustained one fatal gunshot wound to her upper left temple with no exit wound.

17. Per Detective Abeyta's report, no weapons or burglary tools were located near Jane Doe's body.

18. On 05/07/2018, SMITH was arrested on probable cause and taken into federal custody. He was then transported to the SFRA where he was interviewed by FBI Special Agents (SA's) Michelle Cobb and Travis Taylor.

19. During the interview, SMITH re-iterated what he had told EPD Detective Abeyta, and added that he has in the past fired warning shots at trespassers on his property. SMITH drew a picture of the property outlining where he was and where Jane Doe was when he began shooting. SMITH indicated that when he first saw Jane Doe, she made no moves towards him nor did he see anything in her hands.

## SUMMARY

20. At the time of the incident with Douglas SMITH, Jane Doe. was a registered member of the Santa Clara Pueblo. The incident occurred at 825 North Riverside Drive, Espanola, New Mexico, which lies within the exterior boundaries of the Santa Clara Pueblo.

Douglas SMITH is a non-Indian.

21. Your affiant believes, based on the evidence that SMITH acted with malice aforethought and with a reckless disregard for human life while shooting at an unarmed individual, thereby committing the crime of second degree murder.

22. In view of the above facts, your affiant submits there is probable cause to believe that on or about May 5, 2018, Douglas SMITH, a non-Indian, did murder Jane Doe., an Indian. The incident occurred within the District of New Mexico, in violation of Title 18, United States Code, Section 1152, Crimes in Indian Country, and Title 18, United States Code, Section 1111(a), Murder.

23. Supervisory AUSA Kyle T. Nayback reviewed and approved this affidavit for legal sufficiency.

I swear that this information is true to the best of my knowledge and belief.

_____
Travis Taylor
Special Agent, Federal Bureau of Investigation

Subscribed and sworn to before me this 8th day of May 2018

_____
Steven C. Yarbrough
United States Magistrate Judge