IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 18-MJ-1581 SCY |
| | ) | |
| **DOUGLAS D. SMITH**, | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO MODIFY
CONDITIONS OF RELEASE (DOC. 12)

The United States opposes Defendant's Motion to Modify Conditions of Release and

respectfully moves this Court to affirm its prior Order of Detention (Doc. 8) remanding him to

the third-party custody of the La Pasada Halfway House.  In support thereof, the United States

sets forth the following:

On May 8, 2018, Defendant was arrested and charged, via complaint (Doc. 2), with

violation of 18 U.S.C. §§ 1153, 1111(a) that being Second Degree Murder, reckless disregard for

human life. On May 9, 2018, this Court found probable cause and issued an Order Setting

Conditions of Release (Doc. 8), which remanded Defendant to the third-party custody of the La

Pasada Halfway House with conditions restricting his travel and ordered Defendant undergo a

mental health assessment/testing/treatment. Defendant filed a request to modify the Court's order

on June 12, 2018. Doc. 12. Defendant is asking to return to his residence at the Western Winds

Motel because he has lived in Espanola, NM for most of his adult life, Defendant does not have

any felony convictions, Defendant's residence is located approximately 20 minutes away from

the Pueblo of Santa Clara, and there have been no prior allegations of threats being made

between Defendant and members of the Pueblo of Santa Clara. Doc 12 at 2.

In consideration of Defendant's Motion, there is no new factual information to justify a modification of the Court's Order Setting Conditions of Release. Defendant has been at the La Pasada Halfway House for a little over a month now. In neglecting to provide new factual information, Defendant fails to justify modification of his current conditions of release under 18 U.S.C. § 3142(f).

The nature and circumstances of the instant offense weigh heavily in favor of Defendant's continued third-party detention at the La Pasada Halfway House. The United States asserts that the presumption for detention applies in this case. This Court found probable case that Defendant killed Jane Doe. Second Degree Murder is a crime of violence as defined by 18 U.S.C. §3156(a)(4)(B) and appropriately the presumption for detention applies in this case given the nature of the crime. Defendant is facing up to lifetime incarceration for killing Jane Doe.

It concerns the United States that, Defendant is requesting to return to his residence at the Western Winds Motel, which is also the location where Jane Doe was killed. Although Defendant states in his Motion that "there is no indication that if Mr. Smith were to be released that he would be in a position to improperly influence any potential witness in his case." Doc. 12 at 2. The United States respectfully disagrees because Defendant would be returning to the Motel where one of the tenants came outside after Defendant shot and killed Jane Doe. Arguably, Defendant is in a position to influence this witness, not only because he will be living in close proximity to the witness, but also because of the inherent authority of Defendant's position as part of the family that owns and manages the Motel that the witness relies on for housing. This case is under investigation and the United States has an interest in ensuring the truth-finding process continue.

There is no information in Defendant's Motion to determine whether Defendant is requesting release to a third-party custodian. The United States contacted pretrial services and understands that Defendant's brother acknowledged his responsibilities as a third-party custodian. Defendant's brother resides on the same property as the Motel and Defendant resided in the Motel office. The United States also understands from pretrial services that Defendant would continue to assist his brother with duties at the Motel, including security and monitoring of the property. Given the nature of the offense and Defendant's proposed return to providing Motel security, the United States strongly opposes Defendant's release to the Motel.

Furthermore, it was also unclear where the multiple firearms that Mr. Smith owns are currently located. At the time of the detention hearing, the pretrial service officer stated that he was not comfortable with recommending that Defendant return home because Defendant owned several firearms. Doc. 9 at 18. Defendant has stated in both of his interviews with the Espanola Detective and FBI Special Agent Travis Taylor that Defendant had previously fired shots at other people in his backyard on other occasions. Doc. 9 at 6. As evidenced by the criminal complaint, Defendant's conduct is dangerous to the community. The United States is not clear what mechanisms are in place to ensure that there are no firearms on the property, given that it is a Motel with multiple residents.

During Defendant's detention hearing, the pretrial service officer also expressed concern about getting Defendant a mental health and substance abuse assessment. Doc. 9 at 18. The pretrial services officer was interested in getting Defendant stabilized. *Id*. Defendant's Motion fails to address whether Defendant has received these assessments and whether there are issues that need to be addressed. These are important concerns that need to be examined before placing Defendant back at the crime scene.

Defendant is correct that there have been no allegations of threats made between Defendant and members of the Pueblo of Santa Clara. The United States respectfully disagrees with Defendant's assertion that the Western Winds Motel is located approximately 20-minutes from the Pueblo of Santa Clara. Using an online map feature, the distance using the address of the Motel at 825 N. Riverside Drive to the Santa Clara Pueblo is approximately 3.1 miles and takes approximately 8 minutes to drive. Nevertheless, Defendant and Jane Doe resided in a small community. On behalf of the victim's family, including her four young children, the United States is asking that Defendant remain at the La Pasada Halfway House. The victim's family is concerned with the possibility that Defendant may return to their small community, where people frequent the same grocery stores, gas stations, and restaurants. The victim's family is still grieving and are frightened about the prospect of incidentally running in Defendant in Espanola. They expressed concern for their safety and wellbeing and ask that Defendant remain in the third-party custody of the La Pasada Halfway House in Albuquerque pending the resolution of this case.

WHEREFORE, for the foregoing reasons, the United States respectfully requests this Court deny Defendant's Motion.

Respectfully submitted,
JOHN C. ANDERSON
United States Attorney

*Electronically filed 06/25/2018*
NOVALINE D. WILSON
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 224-1419

4

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court
using the CM/ECF system which will send
notification to defense counsel and probation.

   *Filed Electronically on 06/25/2018*
NOVALINE D. WILSON
Assistant United States Attorney