IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                  Case No. CR 18-03495-001 JCH

DOUGLAS SMITH,

    Defendant.

**Defendant's motion to exclude**
**<u>expert witness testimony of Theodore Chavez</u>**

Mr. Smith, by and through undersigned counsel Aric G. Elsenheimer and Amanda R. Lavin, Assistant Federal Defenders, hereby moves the Court pursuant to Rule 16(d)(2)(C), F.R.Cr.P., to exclude the proposed expert testimony of FBI Agent Theodore Chavez because any further disclosure of this witness is untimely, and the government's notice of intent to call this witness fails to comply with the requirements of Rule 16(a)(1)(G), F.R.Cr.P.  As grounds, Mr. Smith states as follows:

**I        Background**

On May 8, 2018, a criminal complaint was filed in the United States District Court District of New Mexico, charging Mr. Smith with one count of second degree murder, in violation of 18 U.S.C. §1151 and 18 U.S.C. § 1111(a).  (Doc. 2).

On November 6, 2018, the standard discovery order was entered. (Doc 28).

There have been several trial continuance over the course of this case. Trial is currently scheduled for May 18, 2020.  As per the Court's trial notice the deadline for expert opinions was 90 days before the current trial setting, February 18, 2020.

On February 12, 2020, the United States disclosed a "Trajectory Report" authored by Theodore Chavez, (hereinafter the Chavez report). See Appendix *Exhibit A – Trajectory Report*.[1]

---

[1] Exhibits referred to in this motion are in reference to exhibits contained in an appendix the defense will file following the filing of the instant motion. Because these exhibits are also referred to in other motions, in the interest of conserving resources, the defense is filing all of those exhibits under an appendix.

This trajectory report offers only one trajectory simply connecting the dots. Counsel for the government has offered no additional notice of this expert's opinion except to indicate that this report is the basis for a model of Mr. Smith's backyard.

## II   Discussion

### A   The government has failed to provide a timely expert notice

Federal Rule of Criminal Procedure 16(a)(1)(G) requires the government to disclose to the defendant, at the defendant's request, a written summary of any expert testimony the government intends to use under Federal Rules of Evidence 702 or 703 in its case-in-chief at trial. That summary "must describe the [expert] witness's opinions, the bases and reasons for those opinions and the witness's qualifications." Under this District's standard discovery order entered in this case on November 6, 2018, Mr. Smith is deemed to have requested notice of the government's intent to present expert testimony pursuant to Rule 16(a)(1)(G).

The government has not offered a summary of any opinion nor has the government filed any formal notice pleading. At most, the government

has merely provided a diagram and two brief paragraphs of detail. Those two paragraphs are as follows:

**Results of Examinations:**

T1    H2 → I1
   Trajectory T1 was reconstructed in the corrugated metal siding and continued into the television screen. Trajectory T1 originated from a north/northeast direction.

H1    Hole 1 was located in the metal trim of a camper trailer and could not be associated with a trajectory. The bullet and/or debris that created H1 originated from a north/northeast direction.

Any expert evidence or conclusions other than these two paragraphs should be excluded from evidence. As a result, the Court should preclude the government from introducing any further expert testimony, including the model that the government has indicated was based on the Chavez report. *See United States v. Grace*, 526 F.3d 499, 516 (9th Cir. 2008) (where there is a specific discovery order and it is violated, the district court can exclude evidence as a sanction).

Rule 16 is "intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." *United States v.*

*Hoffecker*, 530 F.3d 137, * 40 (3rd Cir. June 16, 2008) (quoting Fed. R. Crim. P. 16, 1993 Advisory Committee Notes). The rule "is designed to give opposing counsel notice that expert testimony will be presented, permitting 'more complete pretrial preparation,' . . . such as lining up an opposing expert, preparing for cross-examination, or challenging the admissibility on *Daubert* or other grounds." *United States v. Nacchio*, 519 F.3d 1140, 1151 (10th Cir. 2008) (quoting Fed. R. Crim. P. 16, 1993 Advisory Committee Notes). The government has provided no expert witness notice in compliance with the Rules and in doing so has severely compromised Mr. Smith's right to a fair trial. This Court has the authority to exclude expert witness testimony as a sanction for failure to comply with Rule 16's expert witness disclosure requirements, including for the failure to comply with those requirements in a timely fashion. *Hoffecker*, 2008 WL 2405403 at * 41; Fed. R. Crim. P. 16(d)(2)(C).

 **B** **The government did not comply with Federal Rule of Criminal Procedure 16(A)(1)(G).**

The government's diagram and two sentence report fails to comply with Rule 16(a)(1)(G) because it does not state what Mr. Chavez' opinions

5

are other than things that are plain to any juror. Under that rule, the government's provision of only the topics or subject matters of the expert witness's testimony does not satisfy its duty to supply the witness's opinions, the basis of those opinions, and reasons therefor. *United States v. White*, 492 F.3d 380, 407 (6th Cir. 2007); *United States v. Duvall*, 272 F.3d 825, 828-29 (7th Cir. 2001).

*Wherefore*, Mr. Smith respectfully requests the court exclude any expert testimony presented by the government, limit any conclusions or statements offered by Agent Chavez to the two paragraphs in the Chavez report, and exclude any models or other conclusions that were drawn from or based on the Chavez report.

       Respectfully Submitted

       **FEDERAL PUBLIC DEFENDER**
       111 Lomas NW, Suite 501
       Albuquerque, NM 87102
       (505) 346-2489
       (505) 346-2494 Fax
       aric_elsenheimer@fd.org
       amanda_lavin@fd.org

       *Electronically filed April 16, 2020*
       /s/ *Aric G. Elsenheimer*
       /s/ *Amanda R. Lavin*
       Assistant Federal Public Defenders