IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|    Plaintiff, ) | No. CR 1:18-03495-001 JCH |
| ) | |
| vs. ) | |
| ) | |
| DOUGLAS D. SMITH, ) | |
| ) | |
|    Defendant. ) | |

**DEFENDANT'S OMNIBUS MOTION IN LIMINE**

Mr. Douglas Smith, by and through undersigned counsel, Assistant Federal Public Defender Aric G. Elsenheimer, files this Motion *In Limine* pursuant to Rules 17.1 and 24 of the Federal Rules of Criminal Procedure and the applicable Federal Rules of Evidence, seeking to exclude certain anticipated improper evidence from presentation at the trial of this cause.

   1. **Exclusion of Witnesses.** Mr. Smith hereby asserts his right to exclude witnesses from presence in the courtroom during the trial under Fed. R. Evid. 615.

   2. **Prosecution Self Identification.**   Mr. Smith requests that the

prosecution not identify itself as "representing the people of the United States" but as the "Government" or similar neutral term. Neither party represents the "people". The Plaintiff serves herein as Prosecutor. To be permitted to use that term gives it greater gravamen and significance, which is misleading and materially prejudicial to the accused citizen.

   3. **Use of "Victim" to Identify the decedent.** M.G. or Jane Doe should be identified by her given name or as "the decedent" by the prosecution and all witnesses.

   4. **Mischaracterization of evidence.** The government should be prohibited from stating Mr. Smith "shot at" Jane Doe, that he "aimed at" Jane Doe, or that he was "tracking" Jane Doe. The government has misrepresented the evidence by using these terms at various stages of the proceedings. *See* Doc. 51, Defendant's Motion for Grand Jury Transcripts. The only evidence that Mr. Smith shot Jane Doe is Mr. Smith's own statements to law enforcement. Mr. Smith did not once say that he "shot at" or "aimed" at Jane Doe. To allow the government to use this language at trial is to imply that Mr. Smith intended to shoot Jane Doe, contrary to the evidence. This language is therefore conclusory and invades the province of the jury, whose job it is to determine whether or not

Mr. Smith acted with malice aforethought; that he killed Jane Doe deliberately and intentionally, or acted with callous and wanton disregard for human life. 10th Circuit Pattern Jury Instruction 2.53.

    5. **Evidence of other bad acts.** The government has not provided a notice of its intent to introduce evidence of prior bad acts pursuant to Fed.R.Evid. 404(b) or 609.

    6. **Prior Admonition to Witnesses.** Mr. Smith requests that the Court enter an order, which requires the government to admonish each of its witnesses as to the content of the Court's order regarding this Motion *In Limine* in order to avoid an inadvertent expression of things prohibited in that order, and a possible mistrial.

    WHEREFORE, Mr. Smith, by and through undersigned counsel, respectfully requests that this Court enter an order requiring the government not to allude to any of the matters set forth herein.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(505) 346-2494 Fax
aric_elsenheimer@fd.org

*Electronically filed April 27, 2020*
/s/ Aric G. Elsenheimer
Assistant Federal Public Defender