IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 18-3495 JCH |
| ) | |
| **DOUGLAS D. SMITH**, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER 12(b) FOR INSUFFICIENT EVIDENCE (DOC. 50)

Defendant requests the Court dismiss before trial count 1 of the indictment. Defendant is charged with second degree murder in violation of 18 U.S.C. §§ 1152 and 1111. Doc. 24. Defendant claims "not a shred of evidence supports the government's contention that Mr. Smith acted with malice." Doc. 50 at 11. As grounds for his motion, Defendant primarily quotes from statements he made to law enforcement officers in an effort to prove that he lacked the requisite *mens rea* to commit the charged crime. Defendant ignores controlling Tenth Circuit precedent and commits procedural error by asking this Court to consider evidence beyond the four corners of the indictment. For the following reasons, the Court should deny the motion without a hearing.

ANALYSIS

The legal standard the Court must apply in deciding a pretrial motion to dismiss based on allegedly insufficient evidence is outlined in *United States v. Pope*, 613 F.3d 1255 (10th Cir. 2010) and *United States v. Todd*, 446 F.3d 1062 (10th Cir. 2006). In *Pope*, the Tenth

Circuit emphasized that motions to dismiss all or portions of indictments on the basis of insufficient evidence ordinarily cannot be granted before trial. *Id.* at 1259-60. The Court of Appeals stressed that motions to dismiss filed under Federal Rule of Criminal Procedure 12(b)(2) can be decided before trial "only when 'trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense.'" *Id.* at 1259 (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)). "If contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *Id.* (emphasis in original).

For its part, *United States v. Todd* sets forth a clear and well-defined roadmap for district courts to follow when faced with motions such as this one:

> 'An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense.' *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997). Challenging an indictment is *not* a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence. *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994). Rather, '[a]n indictment should be tested *solely* on the basis of the allegations made *on its face*, and such allegations are to be taken as true.' *Id.* *See also United States v. Sampson*, 371 U.S. 75, 78-79 (1962) (finding it irrelevant that charges had not been established by evidence, because at a motion to dismiss 'the indictment must be tested by its sufficiency to charge an offense'). Courts should therefore avoid considering evidence outside the indictment when testing the indictment's legal sufficiency." *Hall*, 20 F.3d at 1087.

*Todd*, 446 F.3d at 1067 (emphasis added). In reversing the district court's pretrial dismissal of a felon-in-possession count, the Tenth Circuit stressed: "On a motion to dismiss an indictment, the question is *not* whether the government has presented sufficient evidence to support the charge, but *solely* whether the allegations in the indictment, if true, are sufficient to establish a

2

violation of the charged offense." *Id.* at 1068 (citing *Sampson*, 371 U.S. at 78-79) (emphasis added).

In *Todd*, the Tenth Circuit addressed the "rare exception" in which it on only three prior occasions had affirmed the pretrial dismissal of all or portions of indictments on the basis of insufficient evidence. *Id.* (citing *United States v. Hall*, 20 F.3d 1084, 1087-88 (10th Cir. 1994); *United States v. Wood*, 6 F.3d 692 (10th Cir. 1993); and *United States v. Brown*, 925 F.2d 1301 (10th Cir. 1991)). The Court of Appeals emphasized, however, that the three prior cases allowed a district court to dismiss all or part of an indictment before trial on the basis of insufficient evidence only "where the operative facts are undisputed *and* the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case." *Id.* (quoting *Hall*, 20 F.3d at 1088) (emphasis added).

The Tenth Circuit has warned district courts not to hold "mini-trials" of the government's evidence before trial.

> A pretrial hearing in these circumstances may wind up being little more than a "dress rehearsal" that is not only needlessly repetitive but that might also facilitate an end-run around the limited discovery rules governing prosecutions . . . After all, unlike their civil counterparts, criminal proceedings have no extensive discovery and summary judgment procedures requiring both sides to lay their evidentiary cards on the table before trial.

*Pope*, 613 F.3d at 1259-60 (internal quotations, citations, and brackets omitted).

Defendant does not allege in his motion that count 1 fails to charge an offense. He does not allege the charge fails to fairly notify him of the offense charged. Nor does he claim the allegation leaves him unable to raise double jeopardy as a defense to any future prosecution.

3

Defendant concedes that the charge in the indictment is legally valid. Defendant concedes the allegations of the indictment on their face are valid. Doc. 50 at 10.

Defendant's sole challenge to the indictment, quite simply, is that the United States does not have the evidence to convict him. But the case law leaves no doubt that now is not the time for him to make that challenge. He needs to wait until the United States rests its case-in-chief before he can do so pursuant to Fed. R. Crim. P. 29. Under *Pope*, Defendant is not entitled to a dress rehearsal or any other kind of evidentiary showing before trial.

Defendant's motion contains no suggestion of any agreement between the parties as to the completeness or accuracy of the supposedly "undisputed" facts set forth therein. To be sure, no such agreement exists. Certainly, the United States does not agree that the "undisputed" facts reflected in Defendant's memorandum provide the Court with a complete or accurate picture of the evidence that will be adduced at trial.

As to the second factor, for the very same reason, the United States does "object to the district court's consideration of those . . . facts in making the determination regarding a submissible case." *Hall*, 20 F.3d at 1088. Thus, Defendant's motion is deficient from a procedural standpoint and the Court need not reach the merits. As such, the United States objects to the Court considering any evidence outside the four corners of count 1 of the indictment. Consequently, under *Pope* and *Todd*, the Court may not consider Defendant's highly-selective excerpts of statements that he made. Furthermore, the United States objects to Defendant's *post hoc,* self-serving, and convenient interpretation of his own words.

The United States points out the evidence as to count 1 will be heavily disputed. For example, in both of his interviews with Detective Byron Abeyta and FBI Special Agent Travis

Taylor, Defendant, who refers to himself as "motel cop" (Doc. 52-3 at 20), draws out the path of bullets he fired, starting at the trailer and moving to the left, shooting multiple rounds in the direction of M.G. as she fled. *See* defendant's diagrams, previously disclosed as bates pages 7 and 27, attached hereto as Government's Exhibit 1.

Consequently, because the evidence is not undisputed and because the United States objects to the Court considering facts outside the indictment, Defendant cannot satisfy either prong of the "rare exception" to the general rule that challenges to the sufficiency of the "evidence must wait until trial. *See Pope*, 613 F.3d at 1261 ('[t]o warrant dismissal, it must be clear from the parties' *agreed* representations about the facts surrounding the commission of the alleged offense that trial of the general issue would serve no purpose.") (emphasis in original).

WHEREFORE, for the foregoing reasons, the Court should deny the motion without a hearing.

        Respectfully submitted,

        JOHN C. ANDERSON
        United States Attorney

        *Electronically filed on 04/30/20*
        NOVALINE D. WILSON
        KYLE T. NAYBACK
        Assistant United States Attorneys
        P.O. Box 607
        Albuquerque, New Mexico 87103
        (505) 224-1419

HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause a copy of this filing to be sent to counsel for Defendant.

*/s/*
NOVALINE D. WILSON
Assistant United States Attorney