IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Cr. No.  18-3495 JCH |
| | ) |
| **DOUGLAS D. SMITH**, | ) |
| | ) |
| Defendant. | ) |

UNITED STATES' FIRST MOTION *IN LIMINE*

The United States respectfully requests this Court for an order prohibiting Defendant, his counsel, and any defense witnesses from asking any question, introducing any evidence, or making any statement regarding the following matters while the jury is present:

1. Allegations of Government Misconduct:  The United States moves this Court to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding allegations of government misconduct or constitutional violations. Defendant should not be allowed to present allegations of government misconduct, constitutional violations, or any other issues to the jury because, *inter alia*, the probative value of such allegations would be substantially outweighed by the prejudice and jury confusion that such allegations would create.  Fed. R. Evid. 401, 402 and 403.

Moreover, such allegations, if allowed before the jury, would run the risk of creating mini-trials about issues which are questions of law that the jury should and will be wholly unaware of, absent Defendant raising them. For this reason, evidence, testimony, questions, and argument regarding such allegations should be excluded.

2. <u>Pre-Trial Rulings</u>:  Similarly, and for some of the same reasons, this Court should preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding the contents of, or rulings on, any motions filed by either Defendant or the government pretrial. Fed. R. Evid. 401, 402 and 403.

3. <u>Plea Negotiations</u>:  The United States moves this Court to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding the occurrence and/or substance of any plea negotiations that may or may not have taken place, as such matters are not proper concerns for the jury. Fed. R. Evid. 401, 402 and 403; *see also* generally Fed. R. Evid. 410.

4. <u>Offers to Stipulate</u>:  The United States moves this Court to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding Defendant volunteering, offering, or in any manner agreeing to stipulate to certain facts unless some agreement between all parties with approval of the Court has been arranged concerning a stipulation. Fed. R. Evid. 401, 402 and 403; *United States v. Schene*, 543 F.3d 627, 643 (10th Cir. 2008) ("[I]t is 'unquestionably true as a general matter,' that 'the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." (quoting *Old Chief v. United States*, 519 U.S. 172, 186-87 (1997)).

5. <u>Information Known Only to Defendant</u>:  The United States moves this Court to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding any information or facts which could

only otherwise come to the jury's attention through the sworn testimony of Defendant, unless Defendant's counsel informs the Court that Defendant will, in fact, testify.

6.  <u>Administrative Discipline</u>:  The United States moves this Court to preclude Defendant and his counsel from engaging in any attempt to impeach any witness with prior administrative disciplinary findings unless and until the Court has an opportunity to review such evidence to determine its admissibility. Fed. R. Evid. 608(b) allows for evidence of specific instances of conduct to be inquired into on cross-examination if probative of truthfulness or untruthfulness at the discretion of the Court. The United States asks that Defendant's counsel approach the bench before delving into such evidence, thereby allowing the Court to make the appropriate determination on admissibility.

7.  <u>Defense Exhibits</u>:  The United States also moves this Court to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding defense exhibits that have not previously been supplied to counsel for the United States. Under Fed. R. Crim. P. 16(d)(2)(C), if a party fails to comply, the Court may prohibit the party from introducing the undisclosed evidence. Under both Rule 16 and the Discovery Order in this case (Doc. 28), Defendant is required to provide reciprocal discovery to the government.

8.  <u>Defendant's Health</u>:  The Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding Defendant's mental or physical health, including, without limitation, past or current diseases, traumas, illnesses, attacks, and medical or psychological conditions. Fed. R. Evid. 401, 402 and 403.

Accordingly, the United States respectfully moves this Court to grant the United States' motion and order Defendant, his counsel, and all defense witnesses to refrain from asking any

question, introducing any evidence, or making any statement or argument that, either directly or indirectly, implicates the foregoing while the jury is present. The United States further requests that this Court instruct Defendant's counsel to inform any potential witnesses of this Court's Order—and the prohibitions included therein—prior to trial.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed on 05/06/20*
NOVALINE D. WILSON
KYLE T. NAYBACK
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 224-1419

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court using
the CM/ECF system, which will cause a copy of
this filing to be sent to counsel for Defendant.

*/s/*
NOVALINE D. WILSON
Assistant United States Attorney