IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No.  18-3495 JCH |
| | ) | |
| **DOUGLAS D. SMITH**, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' MOTION *IN LIMINE* TO PROHIBIT DISCUSSION OF SENTENCING OR PUNISHMENT AT TRIAL

The United States requests this Court enter an order prohibiting defense counsel from mentioning to the jury, on direct or cross-examination or in argument, that Defendant faces up to a maximum of lifetime incarceration. In support of this motion, the United States submits as follows:

On October 23, 2018, a federal grand jury returned an indictment against Defendant charging him with Second Degree Murder, in violation of 18 U.S.C. §§ 1152 and 1111. Doc. 24. Defendant is alleged to have caused the death of Jane Doe. Trial in this matter is currently set for June 15, 2020. Doc. 59.

Defendant is facing a statutory maximum of lifetime incarceration if he is convicted at trial for violation of the Second Degree Murder charge. This is a significant term of incarceration. At trial, the jury should in no way be allowed to hear about or consider Defendant's potential for lifetime incarceration.

## LEGAL ARGUMENT

To allow a jury to consider defendant's punishment when deliberating is an invitation for jury nullification, as the jury would consider something other than the evidence in a case when determining guilt or innocence. The Tenth Circuit has held that there is no right to jury nullification. *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999) (citing *United States v. Thomas*, 116 F.3d 606, 615 (2nd Cir. 1997) (*overruled on other grounds*) (observing that "the power of juries to 'nullify' or exercise a power of lenity is just that-- a power; it is by no means a right or something that a judge should encourage or permit if it is within his authority to prevent.")); see also *United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir. 1980) (noting "[t]he authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial. Breach of this standard has often been grounds for reversal.").

The Tenth Circuit has thus fashioned a bright line rule that "[u]nless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties." *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991) (*overruled on other grounds*); *see also Greer*, 620 F.2d at 1385 (noting that absent a statutory requirement that the jury determine punishment, "nothing is left 'for jury determination beyond the guilt or innocence of an accused.'") (quoting *Chapman v. United States*, 443 F.2d 917, 920 (10th Cir. 1971)).

Other circuits have ruled similarly. In *United States v. Johnson*, 62 F.3d 849, 850-51 (6th Cir. 1995), the district court declined a defendant's request to inform the jury regarding the defendant's punishment. In affirming, the circuit court reasoned:

> When a jury has no sentencing role, providing sentencing information invites jurors to ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates a strong possibility of confusion. (citation

omitted). Indeed, the only possible purpose that would be served by informing jurors of the mandatory sentence would be to invite jury nullification of the law.

The court in *Johnson* also stated: "[t]he jury is to find guilt or innocence on the basis of the legal standards set out in the Judge's charge, and the consequence in terms of punishment is a matter for Congress on mandatory sentences or for the Court within limits fixed by the statute." *Id.* at 850 (quoting *United States v. Del Toro*, 426 F.2d 181, 184 (5th Cir. 1970)); see also *United States v. Meredith*, 824 F.2d 1418, 1429 (4th Cir. 1987) (noting "[t]he jury must reach its verdict without considering possible sentences"); *United States v. Trujillo*, 714, F.2d 102, 106 (11th Cir. 1983) (holding that defense counsel may not argue jury nullification during closing argument); *United States v. O'Brien*, 609 F.2d 895, 897 (8th Cir. 1979) (observing "[t]he matter of assessing penalty is exclusively within the province of the court, and the jury's sole purpose is to determine the facts and thereby the guilt or innocence of the defendant"); *United States v. Davidson*, 367 F.2d 60, 63 (6th Cir. 1966) (noting that "[i]t is axiomatic that it is the exclusive function of juries to determine whether defendants are guilty or not guilty, and of the court to determine matters of punishment."). The law on this issue is well-situated, and squarely forecloses any discussion of Defendant's penalties at trial.

Allowing Defendant to inject such discussion would contradict the jury instructions regularly given by this Court. Tenth Circuit Pattern Jury Instruction 1.04 states that it is the jury's duty "to base [its] verdict solely upon the evidence, without prejudice or sympathy." Similarly, Instruction 1.20 instructs the jury that "[i]f [it] find[s] the defendant guilty, it will be [the Court's] duty to decide what the punishment will be. [It] should not discuss or consider the possible punishment in any way while deciding [its] verdict." Along these lines, this Court should also prohibit discussion of the United States Sentencing Guidelines. Such comments have

no place in a trial where the guilt or innocence of Defendant is decided solely on the evidence at trial.

Moreover, defense comments warning a jury against "taking away defendant's freedom," "sending him to jail," "taking him away from his family," or any statement regarding possible consequences serve no purpose at trial. The mention of such facts serves only to put before the jury the matter of what sentence or consequences a defendant might receive and, if it occurs, can only be intended to arouse the jury's sympathy or prejudice. "[T]he jury had no sentencing function and should reach its verdict without regard to what sentence might be imposed." *Rogers v. United States*, 422 U.S. 35, 40 (1975).

## CONCLUSION

For the reasons explained above, the United States requests that this Court issue an order prohibiting Defendant and his counsel from arguing sentencing-related issues to the jury. Such issues include, but are not limited to, application of the United States Sentencing Guidelines and penalties Defendant faces if convicted at trial.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed on 05/06/20*
NOVALINE D. WILSON
KYLE T. NAYBACK
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 224-1419

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause a copy of this filing to be sent to counsel for Defendant.

*/s/*
NOVALINE D. WILSON
Assistant United States Attorney