IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cr. No. 18-3495 JCH |
| | ) |
| **DOUGLAS D. SMITH**, | ) |
| | ) |
| Defendant. | ) |

UNITED STATES' MOTION *IN LIMINE* FOR PRE-TRIAL DETERMINATION OF INDIAN COUNTRY LAND STATUS

The United States requests the Court make a pre-trial determination finding the land on which the alleged crime occurred, on the dates listed in the Indictment, is Indian Country for purposes of federal criminal jurisdiction. Specifically, the property is located at 826 North Riverside Drive, Espanola, New Mexico, which is located within the Santa Clara Land Grant in Section 2, T, 20 N, R 8 E., N.M.P.M., in Rio Arriba County, New Mexico, within the boundaries of the Santa Clara Pueblo.

This location has been determined to be tribal land within the boundaries of the Santa Clara Pueblo, which is held in restricted land status by the United States of America for the Pueblo of Santa Clara, a federally-recognized Indian Tribe. Accordingly, this location is within "Indian Country" as that term is defined by federal law pursuant to 18 U.S.C. §§ 1151 and 1153.

BACKGROUND

Defendant is charged with Second Degree Murder, in violation of 18 U.S.C. §§ 1152 and 1111. Doc. 24. The indictment, filed on October 23, 2018, alleges that Defendant murdered Jane Doe on property he owned in Rio Arriba County, New Mexico, located within Indian Country.

The physical address of this property is 826 North Riverside Drive, Espanola, New Mexico, and the property is located within the Santa Clara Land Grant in Section 2, T, 20 N, R 8 E., N.M.P.M., in Rio Arriba County, New Mexico, within the boundaries of the Santa Clara Pueblo.

The United States provided discovery that includes more particularized information to Defendant. That discovery includes a verification from the Santa Clara Pueblo Land Department that while the property is privately owned, it is located on tribal land. See Govt's Ex 1.

Staff from the Santa Clara Pueblo Land Office have certified the relevant documents and generated maps to document the relevant legal descriptions for the crime scene location. This location was determined to be within the Santa Clara Land Grant, which is designated as Santa Clara Pueblo Tribal Land. *Id.*

## ARGUMENT

Under settled law, whether the area at issue in a criminal case is Indian Country is a legal matter to be decided by the Court. This is true because the question of land status is jurisdictional. As the United States Court of Appeals for the Tenth Circuit has explained, "[a]s a general matter, the trial court decides the jurisdictional status of a particular property or area and then leaves to the jury the factual determination of whether the alleged crime occurred at the site." *United States v. Roberts*, 185 F.3d 1125, 1139 (10th Cir. 1999). The Tenth Circuit Pattern Criminal Jury Instructions embrace this approach directly in pattern instructions for crimes with a jurisdictional requirement that, like here, turns on the status of the land where a crime occurs. See, e.g., 10th Cir. Pattern Jury Instructions, 2.54.1, (2011) ("You are instructed that the alleged involuntary manslaughter occurred within the [territorial][special maritime] jurisdiction of the

United States, if you find beyond a reasonable doubt that such offense occurred in the location described in the indictment.").

The United States therefore seeks a pre-trial determination by the Court that the intersection tract of land on which the charged crime in the case occurred is Indian Country. The exhibit attached to this motion provides more than adequate evidence to support the requested finding. Although the United States does not believe a hearing is necessary to resolve this issue, it also is prepared to present evidence at a pre-trial hearing confirming the status of the land.

Every act that possibly could be at issue in this case occurred within the exterior boundaries of the Santa Clara Pueblo, and that area is far removed from any boundary that would impact federal jurisdiction over this case. *See* 18 U.S.C. § 1151(a) (defining Indian Country to include "all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation . . ."). The only issue for the jury to decide at trial related to land status will be whether the United States has proved Defendant committed the crimes he is charged with in these areas.

Deciding this jurisdictional issue pre-trial avoids forcing the United States to mix proof of a purely legal matter such as land status together with the evidence it presents at trial to prove Defendant's guilt to the trier-of-fact. Discussion of land title and what falls within and outside the Santa Clara Pueblo can only serve to waste the jury's time on a matter that it is not responsible for determining or, worse, lead to confusion of the issues that are for the jury's consideration. Addressing the legal question of land status before trial similarly will streamline the presentation of the United States' case. Finally, land status should be determined in advance

to avoid integrating a jurisdictional question into the trial after jeopardy has attached. In cases – unlike this one – where there actually is a close question on jurisdiction, the United States should not be deprived of the opportunity to appeal the decision.

By adhering to *Roberts* and deciding this legal question before trial, the Court will appropriately distinguish decisions of jurisdiction from decisions of guilt or innocence.

WHEREFORE, the United States moves the Court for a pre-trial ruling, which finds the areas of land on which the charged crime occurred, is located within the boundaries of the Santa Clara Pueblo and, therefore, is Indian Country.

>Respectfully submitted,
>
>JOHN C. ANDERSON
>United States Attorney
>
>*Electronically filed on 05/06/20*
>NOVALINE D. WILSON
>KYLE T. NAYBACK
>Assistant United States Attorneys
>Post Office Box 607
>Albuquerque, New Mexico  87102
>(505) 224-1419

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court using
the CM/ECF system, which will cause a copy of
this filing to be sent to counsel for Defendant.
*/s/*
NOVALINE D. WILSON
Assistant United States Attorney