IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Cr. No.  18-3495 JCH |
| | ) |
| **DOUGLAS D. SMITH**, | ) |
| | ) |
| Defendant. | ) |

UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE SELF-DEFENSE, DEFENSE OF ANOTHER, OR JUSTIFICATION BY PREVENTING COMMISSION OF A FELONY

The United States respectfully moves this Court to exclude any claim of self-defense, defense of another, or defense of property from *voir dire*, opening statement, witness examinations or otherwise injecting the issue into trial. The United States concedes that Defendant will be entitled to an affirmative defense instruction, "if the evidence viewed in his favor could support the defense." *United States v. Toledo*, 739 F.3d 562, 568 (10th Cir. 2014). Evidence sufficient to support the defense would require Defendant to establish he used force to prevent Jane Doe from causing him (or another) death or great bodily harm. *Id*. Unless and until Defendant provides support for this prong, he should be prohibited from injecting irrelevant and unfairly prejudicial evidence at trial. *See United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) (noting the perils of appeals to jury nullification in the guise of an affirmative defense).

There is no evidence that Defendant acted in self-defense or defense of another. Rather, Defendant shot an unarmed Jane Doe at a distance while Jane Doe was running *away* from Defendant. Based upon these facts, no reasonable juror could conclude that Defendant's use of deadly force was necessary to prevent death or great bodily harm. The United States concedes that Defendant could testify to an alternative version of the facts that could support a self-defense

or defense of another instruction. However, Defendant has not conveyed an alternative version alleging self-defense or defense of others. Although Defendant has alleged that he was frightened and scared when he shot Jane Doe, his affirmative defense implies he was afraid for his life and shot to protect himself. Such a defense is an appeal to jury nullification.

Defendant should be required to establish a prima facie claim of an affirmative defense before being permitted to inject otherwise inadmissible evidence into trial. Specifically, Defendant claims that he was scared witless and that he only intended to scare Jane Doe. *See* Doc. 50 at 5. However, at the time of the shooting, Jane Doe was unarmed and leaving. Jane Doe was not running towards Defendant. She did not have any weapons, she was not shooting at Defendant, and she was not entering Defendant's home. Thus, Defendant will be unable to establish that force was necessary to prevent death or great bodily harm. Without establishing all the elements of an affirmative defense, any claim to self-defense or defense of others is irrelevant and extremely prejudicial. At trial, Defendant will likely attempt to introduce this inflammatory evidence about Jane Doe. Once the jury hears this testimony, it will be biased against Jane Doe and the risk of nullification will be great. Therefore, the Court must ensure Defendant can establish the affirmative defense prior to permitting otherwise irrelevant evidence to unfairly prejudice the jury. This may be done pretrial. *See* Fed. R. Evid. 104. (stating the court must conduct a hearing on a preliminary question of admissibility if "justice so requires.").

Moreover, Defendant may argue that his actions were justified because he prevented the commission of a felony. Some jurisdictions allow the use of deadly force in defending property to prevent the commission of a deadly felony. In most states, a defendant must show he had a reasonable belief that taking a life would prevent the felony. In others, homicide is justified if the

defendant believes it is the only way to protect his life or to prevent great bodily harm. Defendant cannot establish the legal basis for such an argument in this case.

First, deadly force is never justified to repel a mere trespasser. *Wallace v. United States*, 162 U.S. 466, 473 (1896); *Holmes v. United States*, 56 App.D.C. 183, 188 (D.C. Cir. 1926) ("It will be conceded that a deliberate killing of another to prevent a mere trespass, whether it could or could not be otherwise prevented, is murder."). The Courts are very clear on this point. The only force allowed to repel a trespasser is non-deadly reasonable force. *Grubbs v. Bailes*, 445 F.3d 1275, 1279 (10th Cir. 2006). There is no evidence to suggest Jane Doe was anything other than a trespasser. Defendant explained to FBI Special Agents Travis Taylor and Michelle Cobb that he saw nothing in the hands of Jane Doe as she ran. *See* FBI Interview (Doc. 66-3) at 40:16-20. Second, Defendant did not fear for his life. In the interview with the FBI agents after the shooting, Defendant states that after he shot, he stepped off his porch and walked around the area where he saw the person running. If Defendant was truly frightened for his life, he would not have stepped on his porch. Instead, he would have gone back inside, locked the door and called the police. Additionally, there was no point in time during the incident where Jane Doe threatened or attacked Defendant. When Defendant first noticed Jane Doe, she was hiding in the bushes. Once the shooting started, Jane Doe fled, in Defendant's own words, eliminating any threat to Defendant's life. *Id*. at 55:5-6.

Finally, even if Defendant was justified in using force against Jane Doe, the force was unreasonable. Deadly force is justified if there is a threat to the personal safety of a person or to a person they are entitled to defend. The facts of the case and Defendant's own words show that Jane Doe did not pose a threat. When Defendant fired the first shot, Jane Doe began to run away, in fear for her life. When Defendant saw her run, he began to fire in the direction she ran. "The

law of self-defense is a law of necessity, and that necessity must bear all semblance of reality, and appear to admit of no other alternative, before taking a life will be justifiable or excusable." *Holmes* at 188 (quoting *Logue v. Com.*, 38 Pa. 265 (1861)). In this case, Defendant had alternatives. He could have called the police and reported a trespasser. He could have stood on the porch and shouted to the trespasser that he was armed. He could have shot into ground. Instead, Defendant recklessly discharged his firearm near Jane Doe. Defendant freely admits he did not know if Jane Doe had a weapon (*See* FBI Interview (Doc.66-3) at 40:18; *see also* 45:3-5). Defendant does not state that Jane Doe threatened him. After Defendant fired the first shot, Jane Doe ran away as Defendant continued to shoot in the direction she ran. Jane Doe running away eliminated any perceived threat to Defendant's life and thus, abolishes Defendant's ability to argue his actions were justified.

## CONCLUSION

For the reasons set forth above, the United States requests the Court issue a pretrial ruling excluding Defendant's implied claims of self-defense or other justification or that Defendant's use of deadly force was necessary to prevent death or great bodily harm.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed on 05/06/20*
NOVALINE D. WILSON
KYLE T. NAYBACK
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 224-1419

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause a copy of this filing to be sent to counsel for Defendant.

*/s/*
NOVALINE D. WILSON
Assistant United States Attorney