IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 18-3495 JCH |
| ) | |
| **DOUGLAS D. SMITH**, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE EXPERT WITNESS TESTIMONY OF THEODORE CHAVEZ (DOC. 48)

The United States hereby submits its response to Defendant's Motion to Exclude Expert Witness Testimony of Theodore Chavez (Doc. 47). The United States filed its Notice of Intent to Offer Expert Testimony (Doc. 54) on April 20, 2020, which includes FBI Special Agent Theodore Chavez's (SA Chavez) laboratory report and resume.

Although Defendant received SA Chavez's CV and report on February 7 and 11, respectively, (Bates 1446 and 1457-60), and again on March 25, 2020 (Bates 1498 and 1503-05), his motion to exclude is primarily based on failure to file a timely notice (Doc. 48 at 3). Defendant is requesting as a sanction, exclusion of SA Chavez's testimony at trial. *Id*. The United States submits that Defendant has notice of what SA Chavez will testify to as reflected in its Notice, SA Chavez's report and his diagram. SA Chavez's testimony is relevant to the issues at trial. This evidence corroborates Defendant's two independently drawn diagrams of the crime scene, the path Jane Doe ran, and Defendant's depiction of where he pointed his firearm and shot

as illustrated during two separate interviews with law enforcement. *See* Government's Exhibit 1 (Doc. 61-1).

Moreover, Defendant is not prejudiced because Mr. Chavez's report and CV were previously disclosed to Defendant as early as February 7, 2020 (Bates 1446, 1457-60). Additional discovery was sent over on March 25, 2020 (Bates 1498-2414) once it was received from the FBI Laboratory. Prior to these disclosures, the United States had been waiting on SA Chavez's report and was in communication with defense regarding the anticipated arrival of SA Chavez's report.

In determining the appropriate sanction, a district court begins by considering the three *Wicker* factors: "(1) the reason for the delay, including whether the non-compliant party acted in bad faith; (2) the extent of prejudice to the party that sought the disclosure; and (3) 'the feasibility of curing the prejudice with a continuance.'" *United States v. Banks*, 761 F.3d 1163, 1198–99 (10th Cir. 2014) (quoting *United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988)). But these three factors aren't necessarily dispositive; although they should "guide the district court in its consideration of sanctions," they don't "dictate the bounds of the court's discretion." *Id.* at 1199 (quoting *Wicker*, 848 F.2d at 1061).

The United States submits that it has not acted in bad faith in its omission to file its Notice sooner. The United States had been in conversations with defense regarding trial schedules before the onset of the COVID-19 pandemic. Defense was aware of a conflict involving the case agent's schedule in May 2020. The United States was in the process of coordinating a trial date with defense before the pandemic stay-at-home orders were issued. Defense also explained to the United States that he reached out to the Court for its trial availability for possible trial dates in the June, July, and August. Given this ongoing coordination

for a later trial date and other preparations for another trial set in the matter of *United States v. Lyle Woody Begay*, 14-CR-0747 JB, which was previously firmly set for April 18, 2020, but now is reset for June 1, 2020. The United States submits that it did not act in bad faith.

In consideration of the second factor, the United States asserts that Defendant had SA Chavez's report since February 11, 2020 (Bates 1457-60). He received another copy of the same on March 25, 2020 (Bates 1503-05). Moreover, he received additional supportive discovery consisting of material from the FBI Laboratory on February 11, 2020 (Bates 1461-69), and on March 25, 2020 (Bates 1499-1502, and 1506-2414). Defendant has had ample opportunity to prepare cross-examination. Accordingly, he is suffering no prejudice

The United States reached out to Defendant on his position for a Joint Motion to Continue. Defendant declined to join the filing in anticipation the Court would likely continue the May 18, 2020 trial based on the Chief Judge's execution of several Administrative Orders extending the suspension of all criminal and civil jury trials and grand jury proceedings. *See* Order 20-MC-00004-9 (jury trial suspension through April 10, 2020); Order 20-MC-00004-15 (jury trial suspension through May 1, 2020). On April 27, 2020, the Chief Judge filed Administrative Order 20-MC-00004-17, which now suspends jury trials through May 29, 2020. On April 29, 2020, the Court ordered the May 18, 2020 trial date be continued to June 15, 2020. Doc. 59. The United States submits that any prejudice Defendant may have had was cured with this continuance.

WHEREFORE, for the foregoing reasons, the United States asks Defendant's Motion to Exclude be denied.

        Respectfully submitted,

        JOHN C. ANDERSON
        United States Attorney

        *Electronically filed on 05/11/2020*
        NOVALINE D. WILSON
        KYLE T. NAYBACK
        Assistant United States Attorneys
        P.O. Box 607
        Albuquerque, New Mexico 87103
        (505) 224-1419

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause a copy of this filing to be sent to counsel for Defendant.

*/s/*
NOVALINE D. WILSON
Assistant United States Attorney