IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Cr. No. 18-03495 JCH |
| ) | |
| vs. ) | |
| ) | |
| DOUGLAS D. SMITH, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S
OMNIBUS MOTION *IN LIMINE* (DOC. 58)**

The United States hereby submits its response to Defendant's Omnibus Motion *in Limine* (Doc. 58) and submits the following:

1. Exclusion of Witnesses. The United States has no objection to Defendant exercising his right to exclude witnesses from being present in the courtroom during the trial under Fed. R. Evid. 615.

2. Prosecution Self- Identification. The Assistant United States Attorneys do not intend to refer to themselves as "representing the people of the United States." However, the undersigned should initially be introduced as "Assistant United States Attorneys" as courts routinely do during the opening introduction phase of trial. And, the undersigned intend to refer to each other by their proper title in opening statement or closing argument.

3. Identification of Jane Doe. The United States intends to refer to Jane Doe by her proper name during trial and has no intention of referring to Jane Doe as "victim."

4. Mischaracterization of Evidence. Defendant seeks to have the Court issue a ruling prohibiting the United States from characterizing the evidence in a certain way.

Defendant cites no legal authority or other precedent that would provide the Court a basis to restrict either party from "characterizing" evidence, nor could he. During a jury trial, it is axiomatic that the jury is the finder of fact. The jury has the sole responsibility of finding whether Defendant was aiming at the victim, whether he was tracking the victim, or whether he was recklessly firing "warning shots." What is undisputed is that Defendant shot four times and one of the bullets from his gun killed Jane Doe. Only the jury can decide whether Defendant is guilty of second-degree murder and whether he acted with a callous and wanton disregard for human life when he shot four times in the direction of Jane Doe.

The responsibility of the United States is to present the evidence it believes supports each element of the offense. Part and parcel of any trial is that the parties can characterize evidence as they see fit. The risk either party takes if it mischaracterizes the evidence is that the jury will not agree with the mischaracterization and that party will lose credibility with the jury. The Court's role in a jury trial is not to look at the evidence and issue a ruling as to how it should be characterized by Defendant or by the United States. To do so would unjustly restrain either party from putting on a case that will resonate with the jury.

On May 7, 2018, Defendant was interviewed by the FBI. He was Mirandized, waived those rights, and agreed to speak to the FBI. In that interview, Defendant reiterated what he had already told the Española Police Department. Defendant admitted that "he has in the past fired warning shots at trespassers on his property." See FBI report (discovery 1), attached as Government's Exhibit. 1. Defendant drew a picture of his property, outlining where he was and where the victim was when he began shooting. Defendant said that "when he first saw the victim, she made no moves toward him, nor did he see anything in her hands." *Id*. Two maps, both drawn by Defendant, are attached as Government's Exhibits 2 and 3.

Defendant is free to testify at trial, if he wants, and explain what was going through his head when he shot four times in the direction of Jane Doe.  However, the United States should be permitted to characterize the evidence as it sees fit.  One could easily conclude, not only from Defendant's own maps, but also from other physical evidence such as bullet holes located in a trailer that Jane Doe was standing by, that Defendant was firing "at" Jane Doe.  Moreover, any reasonable juror could conclude from Defendant's own hand-drawn map that he was "tracking" Jane Doe as she ran away from his property.  Whether Defendant "aimed at" Jane Doe is an inference that only a jury can draw; it is not for the Court to decide, the United States submits.

What is plain from the map attached as Government's Exhibit 3 (discovery 27), is that Defendant appears to admit his shots were not fired in the same line of travel; rather, his shots were fired in the direction that Jane Doe was running and his line of fire continued to move toward her.  A reasonable inference from those facts would be that Defendant was "tracking" Jane Doe's line of travel.

Without more from Defendant in terms of legal authority for the Court to make such a ruling, the United States would respectfully request this motion be denied.

5. Evidence of Other Bad Acts.  The United States intends to file a notice of 404(b) evidence prior to its motion deadline.

6. Prior Admonition of Witnesses.  The United States intends to admonish each witness it intends to call as to every ruling of the Court to avoid any potential for mistrial.  This is the obligation of both parties.

                    Respectfully submitted,

                    JOHN C. ANDERSON
                    United States Attorney

                    *Electronically filed on May 11, 2020*
                    KYLE T. NAYBACK
                    NOVALINE WILSON
                    Assistant United States Attorneys
                    Post Office Box 607
                    Albuquerque, New Mexico 87102
                    (505) 346-7274

I HEREBY CERTIFY that on May 11, 2020, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will cause a copy of this filing to be sent to counsel for Defendant.

/s/
KYLE T. NAYBACK
Assistant United States Attorney

4