IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CR No.  18-3495 JCH |
| ) | |
| **DOUGLAS D. SMITH**, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' MOTION *IN LIMINE* TO ADMIT USE OF
DEMONSTRATIVE EXHIBIT DURING TRIAL

The United States of America, by and through its undersigned counsel, respectfully moves this Court to permit the United States to use a demonstrative exhibit – a model of the area of the Defendant's motel where the alleged crime occurred - during trial.

Courts may generally permit the use of demonstrative exhibits and pre-admitted trial exhibits during trial. The Tenth Circuit has held that "it is within the discretion of the Trial Court, absent abuse working to the clear prejudice of the defendant, to permit the display of demonstrative or illustrative exhibits admitted in evidence both in the courtroom during trial and in the jury room during deliberations." *United States v. Downen*, 496 F.2d 314, 320 (10th Cir. 1974); *see also United States v. Hohn*, 606 F. App'x 902, 910 (10th Cir. 2015) ("Absent abuse which clearly prejudices the defendant, the district court has discretion to permit the display of demonstrative exhibits during trial.") (emphasis added).

In this case, the Federal Bureau of Investigation created a model of the area where the alleged crime occurred.  *See* photographs of the model, attached hereto as Government's Exhibit 1.  The model depicts the buildings and landscape in the area where Jane Doe was killed by Defendant.  The United States has offered defense counsel an opportunity to inspect the model

where it is being stored in Santa Fe, and the defense indicated they wanted the opportunity to inspect the model. A meeting was set up for early March 2020, but was canceled due to the COVID-19 pandemic. The United States will arrange for another inspection at the appropriate time. The United States submits this model will assist the jury in understanding the facts of the case. The United States also has photographs of the area which will confirm that the model accurately depicts what is shown in the photographs.

To authenticate an item, the proponent must produce enough evidence to support a finding that the item is what the proponent says it is. *United States v. Arnold*, 696 F. App'x 903, 906 (10th Cir. 2017) (unpublished) (quoting Fed. R. Evid. 901(a)). "When 'evidence is unique, readily identifiable and relatively resistant to change, the foundation need only consist of testimony that the evidence is what its proponent claims.'" *United States v. Yeley-Davis*, 632 F.3d 673, 683 (10th Cir. 2011) (quoting *United States v. Johnson*, 977 F.2d 1360, 1367 (10th Cir. 1992)). In this case, the United States would call the FBI personnel who crafted the model to authenticate the item.

The Third Circuit has explained that "[d]emonstrative exhibits may be used in opening statements as long as the prosecution 'avoids references to matters that cannot be proved or would be inadmissible.'" *United States v. Bush*, 741 F. App'x 110, 117–18 (3d Cir. 2018) (unpublished) (citing *United States v. De Peri*, 778 F.2d 963, 979 (3d Cir. 1985)). The United States has not yet decided whether the model would be referred to in its opening statement, but would move the Court to permit the model's use in opening statement, should the United States choose to do so.

The use of demonstrative evidence is governed by Rule 611, which indicates that the "court should exercise reasonable control over the mode and order of examining witnesses and

presenting evidence so as to: (1) make those procedures effective for determining the truth." Fed. R. Evid. 611(a)(1).

The jury should be given a limiting instruction with respect to demonstrative exhibits. For example, Tenth Circuit Pattern Instruction No. 1.41, "Summaries and Charts Not Received in Evidence," reads, "Certain charts and summaries have been shown to you to help explain the evidence in this case. Their only purpose is to help explain the evidence. These charts and summaries are not evidence or proof of any facts."  This instruction could be crafted in a way to reflect that, in this case, a model of the area where the alleged crime occurred is represented in the demonstrative exhibit, and is intended to be used to assist the jury.

For the foregoing reasons, the United States respectfully requests a pre-trial ruling permitting the use of the demonstrative exhibit referenced in this motion.

    Respectfully submitted,

    JOHN C. ANDERSON
    United States Attorney

    *Electronically filed on 05/13/20*
    KYLE T. NAYBACK
    NOVALINE D. WILSON
    Assistant United States Attorneys
    Post Office Box 607
    Albuquerque, New Mexico  87102
    (505) 224-1419

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court using
the CM/ECF system, which will cause a copy of
this filing to be sent to counsel for Defendant.

*/s/*
KYLE T. NAYBACK
Assistant United States Attorney