IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Cr. No.  18-3495 JCH |
| | ) |
| **DOUGLAS D. SMITH**, | ) |
| | ) |
| Defendant. | ) |

UNITED STATES' MOTION *IN LIMINE* TO PERMIT EVIDENCE, IMPEACHMENT, AND ARGUMENT REGARDING DEFENDANT'S FAILURE TO CLAIM SELF-DEFENSE OR DEFENSE OF OTHERS AT THE CRIME SCENE

The United States respectfully moves this Court to permit the impeachment of any witnesses, including Defendant, with their non-custodial silence and argue the logical inferences to the jury. If Defendant attempts to pursue a self-defense or defense of another claim, his previous silence to law enforcement is relevant to establish the unlikelihood of his version of events. Furthermore, to establish self-defense or defense of another at trial, Defendant will have to testify. His previous silence would be ripe for impeachment as recent fabrication.

Generally, the Fifth Amendment protects a defendant from being compelled to incriminate himself. However, a Fifth Amendment claim is generally "not self-executing and that a witness who desires its protection must claim it." *Salinas v. Texas*, 570 U.S. 178, 181 (2013) (internal quotations and citations omitted). A witness does not invoke the protection by staying silent. *Id*. In *Salinas*, a defendant's failure to respond to a potentially incriminating question was used by the prosecution as evidence of his guilt at trial. *Id*. The Supreme Court affirmed the use of noncustodial silence as long as the Fifth Amendment protections were not asserted. *Id*.

Similarly, the Tenth Circuit distinguished between statements "implying guilt or challenging credibility" and "those relating to an accused's failure to testify." *United States v. Christy*, 916 F.3d 814, 830 (10th Cir. 2019). The latter is impermissible, but the prosecution's use of a suspect's silence to imply guilt is permitted. *Id*. This failure of a suspect to react logically to an investigation may be argued as an inference of guilt. *See United States v. Bennett*, 542 F.2d 63, 64 (10th Cir. 1976) (permitting the prosecutor to argue that a defendant failed to respond accordingly to the discovery of narcotics).

Furthermore, pre-arrest silence may be used to impeach a defendant's credibility. *Jenkins v. Anderson*, 447 U.S. 231 (1980). In *Jenkins*, a testifying defendant claimed that he acted in self-defense. *Id*. During cross-examination the prosecutor pointed out that he failed to immediately inform authorities that he acted in self-defense. *Id*. Rather, he waited several weeks before turning himself in and claiming the affirmative defense. *Id*. at 233. The Supreme Court ruled that the questioning was a proper challenge of the credibility of a testifying defendant by asking him to "explain prior inconsistent statements and acts." *Id*. at 238. They noted that a testifying defendant voluntarily takes the stand and thus "was under an obligation to speak truthfully and accurately, and the prosecution here did no more than utilize the traditional truth-testing devices of the adversary process." *Id*. (*citing Harris v. New York*, 401 U.S. 222, 225 (1971)).

The United States may introduce evidence of Defendant's failure to explain his version of the events to first responding officers as indicia of recent fabrication and argue the reasonable inferences. Immediately following the murder of Jane Doe, law enforcement, including Espanola Police Department (EPD) officers, responded to Defendant's property. As soon as they arrived on scene, Defendant approached EPD Officer Albert Rael (Officer Rael). Defendant never mentioned self-defense or defense of others to Officer Rael during his explanation of what had

taken place at the crime scene. Defendant does not even claim that he was afraid or that he was scared during this conversation with Officer Rael at the crime scene. Defendant's failure to provide an exculpatory explanation to law enforcement is indicative of the factual falsity of such a claim since it is likely that a person who genuinely acted in self-defense or defense of another would assert it at the scene. By failing to do so when provided with the opportunity, it is more likely that the defense is contrived.

WHEREFORE, for the forgoing reasons, the United States requests it be allowed to permit the impeachment Defendant if he attempts to pursue a self-defense or defense of another claim, given his previous silence at the crime scene to law enforcement is relevant to establish the unlikelihood of his version of events.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed on 05/13/20*
NOVALINE D. WILSON
KYLE T. NAYBACK
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 224-1419

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court using
the CM/ECF system, which will cause a copy of
this filing to be sent to counsel for Defendant.

*/s/*
NOVALINE D. WILSON
Assistant United States Attorney

3