IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**DOUGLAS D. SMITH**, )<br>)<br>Defendant. ) | Cr. No.  18-3495 JCH |

UNITED STATES' MOTION *IN LIMINE* TO PROHIBIT EVIDENCE AND ARGUMENT ABOUT THE QUALITY OF THE INVESTIGATION

The United States respectfully moves this Court for an order prohibiting Defendant from questioning witnesses or otherwise offering any evidence at trial about the quality of the government's pretrial investigation. Such evidence is irrelevant under Fed. R. Evid. 401, would confuse the issues and mislead the jury under Fed. R. Evid. 403, and violates the generalprohibition on such evidence set forth in *United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998).

The indictment charges Defendant with Second Degree Murder, in violation of 18 U.S.C. §§ 1152 and 1111. Doc. 24. There is a possibility that Defendant will argue to the jury that the victim, Jane Doe, was engaged in criminal conduct and in response to Jane Doe's alleged conduct, Defendant killed her in self-defense, defense of others, or  to prevent the commission of a felony. To that end, Defendant is likely to suggest that the law enforcement personnel who investigated this case did not do enough to demonstrate that Defendant acted in self-defense, defense of others, or preventing commission of a felony. The United States argues in its motion *in limine* (Doc. 68) to exclude these defenses because Defendant has not provided sufficient

evidence to support these defenses. Defendant might also suggest that the investigators' failure to pursue additional investigative measures creates reasonable doubt about his guilt.

Ordinarily, a trial court should not allow a defendant to offer evidence about the quality of the pretrial investigation. *McVeigh*, 153 F.3d at 1192 (*overruled on other grounds by* 184 F.3d 1206 (10th Cir.)). The defense may not put "the government on trial" by suggesting "there might have been something more the government perhaps could have done" to identify additional evidence. *Id.* A defendant is not allowed to engage in unfounded speculation that the government's investigation was "shoddy" or "slanted." *Id.*

Such evidence is irrelevant. Fed. R. Evid. 401. The quality of the government's pretrial investigation does not make any fact of consequence in a case "more or less probable than it would be without the evidence." *Id.* Such evidence would also confuse the issues and mislead the jury. *See* Fed. R. Evid. 403; *McVeigh*, 153 F.3d at 1192 (noting such evidence "would inevitably divert the jury's attention from the issues of the trial.").

To be sure, there is a narrow exception to the general rule that evidence about the quality of the government's pretrial investigation is inadmissible. However, a defendant must satisfy a very high standard to meet this exception. Specifically, the defendant must show that the allegedly "shoddy" investigative work actually undercuts the reliability of other trial evidence. *Id.* For example, a defendant in a homicide case could offer evidence that the victim's relatives handled the purported murder weapons before turning them over to police. *See id., citing Lowenfield v. Phelps*, 817 F.2d 285, 291 (5th Cir. 1987)) (addressing habeas petition claiming trial defense counsel should have objected based on chain of custody to admissibility of murder weapons found by victim's family). Nevertheless, the general rule is that evidence of allegedly deficient investigative work is inadmissible because it is not a jury's function to "determine

whether the government's investigation [was] . . . good or bad." *United States v. Veal*, 23 F.3d 985, 989 (6th Cir. 1994). Accordingly, Defendant should be prohibited from arguing or introducing evidence relating to the purported quality of the investigation.

## CONCLUSION

Any speculation about additional investigative measures the agents might have taken is irrelevant and likely to confuse or mislead the jury. Nor is there anything about the quality of this investigation that would undercut the reliability of other trial evidence. Under these circumstances, this Court should preclude Defendant from questioning law enforcement witnesses or otherwise offering any evidence about the quality of the government's pretrial investigation.

          Respectfully submitted,

          JOHN C. ANDERSON
          United States Attorney

          *Electronically filed on 05/13/20*
          NOVALINE D. WILSON
          KYLE T. NAYBACK
          Assistant United States Attorneys
          Post Office Box 607
          Albuquerque, New Mexico  87102
          (505) 224-1419

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court using
the CM/ECF system, which will cause a copy of
this filing to be sent to counsel for Defendant.

*/s/*                                   
NOVALINE D. WILSON
Assistant United States Attorney