IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 18-3495 JCH |
| ) | |
| **DOUGLAS D. SMITH**, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' NOTICE OF INTENT TO OFFER DEFENDANT'S RECORDED STATEMENTS IN ITS CASE-IN-CHIEF

The United States hereby gives notice that it intends to offer during its case-in-chief evidence of Defendant's statements made to law enforcement officers on May 5, 2018, and May 7, 2018. In addition to the instant notice of the intent to include Defendant's recorded statements, including transcripts of those statements, the United States has filed a separate motion *in limine* (Doc. 66) prohibiting Defendant from eliciting from any witnesses his own self-serving, exculpatory, inadmissible hearsay statements not offered against interest, or any irrelevant, prejudicial statements. Unless Defendant takes the stand, these self-serving statements cannot be cross-examined and, therefore, his statements are not sufficiently reliable for the jury to consider.

THE EVIDENCE UPON WHICH THE UNITED STATES SEEKS A RULING

The United States seeks to admit Defendant's recorded interviews and transcripts of these interviews through law enforcement officer testimony at trial. The United States intends to make the appropriate recording and transcript redactions to exclude Defendant's self-serving statements based on its separate motion *in limine*.

During his arrest on May 5, 2018 and in two subsequent interviews, one interview after his arrest on May 5, 2018, and another interview on May 7, 2018, (*see* the transcript of

Defendant's May 5, 2018 arrest, the transcript of Defendant's May 5, 2018 interview with Espanola Police Department (EPD) Officer Albert Rael and EPD Detective Byron Abeyta, and the transcript of Defendant's May 7, 2018 interview with FBI Special Agents Travis Taylor and Michelle Cobb (SAs Taylor and Cobb), filed as Exhibit 1 (Doc. 66-1), 2 (Doc. 66-2), and 3 (Doc. 66-3), respectively, to Doc. 66), Defendant agreed to talk to law enforcement and made admissions about what he did on May 5, 2018.

Defendant's statements include general descriptions of how he discharged his firearm after he saw Jane Doe's shadow and her eyes as she looked at him (*see e.g.* Doc. 66-1 at 8:16-18; Doc. 66-2 at 10:11-12). Defendant says the "shadow turned around and it was looking like that at me… [a]nd I cocked the pistol and just started shooting." Doc. 66-1 at 8:16-18. Defendant described to both EPD and the FBI the direction Jane Doe ran after the first shot, and depicted the same in two separate diagrams he drew during interviews with Detective Abeyta and FBI SAs Taylor and Cobb (*see* Government's Exhibit 2 (Doc. 71-2) and 3 (Doc. 71-3) to Doc. 71). Defendant also admitted that he did not see any weapons (Doc. 66-3 at 45:5) or anything in Jane Doe's hands (Doc. 66-3 at 40-18). Defendant said he shot multiple times (*see e.g.* Doc. 66-2 at Jane Doe (10:17-18).

Defendant further admitted he shot Jane Doe with a .22 firearm and that he had extra bullets in a plastic bag in his pocket. Defendant attempted to reload his .22, and his firearm held at least seven bullets. Doc. 66-3 at 20-22. Defendant tried to reload, but was unable to do so, and he put the magazine back into the firearm with two bullets before walking out past the bushes. Doc. 66-3 at 37: 20-25, 38: 1-5. Moreover, Defendant thought he had killed a resident of the motel named Melanie (Doc. 66-2 at 11:20, 23:22-25, 24:1-2; 38:1-6; Doc. 66-3: 9-15).

Defendant also admitted that he previously discharged his firearm at another male

trespasser in the past, "just like I did with this girl." Doc. 66-2 at 13:5-9, Doc. 66-3 at 33:15-17, 33:19-21; 37:11-12. The United States filed a notice of intent to introduce evidence of Defendant's prior bad acts, which includes this prior firearm discharge at a male intruder (Doc. 67). Defendant additionally called himself "motel cop." Doc. 66-3 at 20:8-9. Defendant used the same firearm when confronting motel residents in the past. Doc. 66-3 at 21:22-25, 22:1-10. Defendant also inferred that shooting in the ground is safer than shooting in the air because one is not sure where the bullet would land if shooting in the air. Doc. 66-2 at 20:2-5. Defendant admitted that he was not as careful as he should have been under the circumstances (Doc. 66-2 at 22:24-25, 23:1), and he was aware that he was "in deep, dark trouble as it is." Doc. 66-3 at 70-24-25.

## ARGUMENT

### I. Defendant's recorded admissions are admissible.

To be admissible, tape-recorded evidence must have a proper foundation, must be relevant, and must not be privileged. *United States v. Watson*, 594 F.2d 1330, 1334 (10th Cir. 1979). Moreover, if the recordings contain hearsay, there must a valid exception to the hearsay rule for the evidence to admissible. Fed. R. Evid. 803.

#### A. The evidence is relevant.

Evidence is relevant if it "tends to make the existence of any fact" of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401; *United States v. Mendoza-Salgado*, 964 F.2d 993, 1006-07 (10th Cir. 1992). Under Rule 401, a fact is of consequence when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict. *Id*. The rule sets the bar low. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 587 (1993); *Amoco Rocmount Co. v. Anschutz Corp.*, 7 F.3d 909, 919 (10th Cir. 1993)

(*abrogated on other grounds*).  Even a minimal degree of probability—i.e., "any tendency"—to prove a fact at issue is sufficient to find the proffered evidence relevant.  *Id*.; Fed. R. Evid. 401.

In this case, the fact at issue is Defendant's intent, motive and wanton disregard for human life that ultimately killed Jane Doe. Admissions regarding the firearm, who he believed he shot, where he could have alternatively shot, the number of bullets shot that night, the direction of firing that caused Jane Doe's death (including Defendant's two diagrams), and his prior instances of discharging his firearm at other trespassers are all relevant to proving second degree murder. Moreover, Defendant's description of himself as motel cop is also relevant because it goes to how Defendant uses his firearm in a reckless manner, which demonstrates wonton disregard for human life.

      B.      <u>The probative value of the evidence outweighs any danger of unfair prejudice.</u>

Under Rule 403, this Court must weigh the probative value of relevant evidence against its potential for unfair prejudice. *United States v. Record*, 873 F.2d 1363, 1375 (10th Cir. 1989). The trial court is vested with wide discretion to balance possible unfair prejudice against probative value. *United States v. Bice-Bey*, 701 F.2d 1086, 1089 (4th Cir. 1983); *United States v. Masters*, 622 F.2d 83, 87-88 (4th Cir. 1980) (*abrogated on other grounds*). Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response from the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged. *United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999). Evidence is not unfairly prejudicial simply because it is damaging to one's case. *United States v. Martinez*, 938 F.2d 1078, 1082 (10th Cir. 1991). In this case, Defendant is placing his intent at issue. Given the proximity to the murder, the probative value will be great. The evidence may cause the jury to view Defendant in a less

favorable light, but the evidence is not likely to produce a verdict based on emotions wholly apart from the jury's judgment as to Defendant's guilt or innocence given the seriousness of the charge.

    C.    <u>Defendant's statements are not hearsay because they are admissions of a party opponent.</u>

Defendant's recorded statements are not hearsay because Fed. R. Evid. 801(d)(2) excludes from the definition of hearsay admissions of party opponents:

> (d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:
>
>     \* \* \* \*
>
> (2)    An Opposing Party's Statement. The statement is offered against an *opposing party and: (A) was made by the party in an individual or representative capacity;* (B) is one the party manifested that it adopted or believed to be true; (C) was made by a person whom the party authorized to make a statement on the subject; (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or (E) was made by the party's coconspirator during and in furtherance of the conspiracy. The statement must be considered but does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D); or the existence of the conspiracy or participation in it under (E).

Fed. R. Evid. 801(d)(2) (emphasis added).

Defendant's statements are admissible under Rule 801(d)(2)(A). The Tenth Circuit holding in *United States v. Busch*, 758 F.2d 1394, 1397 (10th Cir. 1985) is persuasive. In *Busch*, co-defendants made statements, some inculpating themselves as individuals and some tending to implicate the co-defendant. *Id*. The Tenth Circuit first observed that each defendant's own tape-recorded utterances were admissible against each speaker as admissions, pursuant to Rule 801(d)(2)(A):

> In the first place, Coleman cannot himself successfully complain about the use of the tape recorded statements which he made to Berger. Such were his own

5

utterances, and, in varying degrees, were admissions admissible under Fed. R. Evid. 801(d)(2)(A). In like fashion, Busch is in no position to complain about the admission into evidence of transcripts of statements which he himself made to Berger.

*Busch*, 758 F.2d at 1397; *see also United States v. Pinalto*, 771 F.2d 457 (10th Cir. 1985) (tapes of conversations between government informant and defendant, if properly identified, were admissible against defendant). Defendant made these statements to law enforcement officers. After he was taken into custody, Defendant was *Mirandized* and agreed to make several statements, including several diagrams. As such, Defendant's statements are not hearsay and are admissible.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests this Court allow the above-described evidence to be offered in the prosecution's case-in-chief.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed on 05/14/20*
NOVALINE D. WILSON
KYLE T. NAYBACK
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 224-1419

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court using
the CM/ECF system, which will cause a copy of
this filing to be sent to counsel for Defendant.

/s/
NOVALINE D. WILSON
Assistant United States Attorney