IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. CR 1:18-03495-001 JCH |
| | ) | |
| vs. | ) | |
| | ) | |
| DOUGLAS D. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**Defendant's reply to the government's response to
motion to dismiss under Rule 12(b) for insufficient evidence (Doc. 61)**

Mr. Douglas Smith, by and through undersigned counsel, Assistant Federal Public Defenders Aric G. Elsenheimer and Amanda R. Lavin, replies to the government's response (Doc. 61) to his motion pursuant to Rule 12 of the Federal Rules of Criminal Procedure to dismiss the indictment in this case for insufficient evidence.

The government's response contends primarily that Mr. Smith's motion is procedurally improper. The government contends that the evidence will be "heavily disputed" yet goes on to quote Mr. Smith. This is

precisely why the government's contention as to the heavy dispute as to the evidence lacks merit. There is no "heavy dispute" as to the evidence.

Mr. Smith very clearly stated that he shot to scare the intruder away. The intruder then turned and ran. Mr. Smith, thinking the intruder gone, fired three more shots, just as he explained to law enforcement and set out in a diagram for law enforcement. It is this diagram that the government refers to in support of its argument that there is a heavy dispute about the evidence. The government then claims, incorrectly, that Mr. Smith drew a path, "starting at the trailer and moving to the left, shooting multiple rounds in the direction of M.G. as she fled." This is not evidence. Rather, it is a misrepresentation of Mr. Smith's statements. Mr. Smith never said he fired rounds in M.G.'s direction as she left his property. He clearly and repeatedly stated that he fired to his left once, and then fired again only after he believed the intruder had left. If anything, this demonstrates that the government continues to pile inaccuracy on top of mischaracterization in the hopes that they will somehow, through legal alchemy, create a "heavy" dispute about the evidence.

Apart from the government's mischaracterization of the evidence, there is little dispute about what happened in this case. There is, however, a dispute about the legal conclusions that can be adequately drawn from that evidence. The government claims that they can derive "malice aforethought" from these facts.

But this is not a situation with even a shred of "malice." Mr. Smith was peacefully resting in his home in the early morning of May 5, 2018. An intruder shattered that peace, attempted to break into a trailer on Mr. Smiths' property, and Mr. Smith fired a gun to scare that person off. He then fired three more times thinking he was scaring that person off. That is not malice. Even if, assuming for the purposes of argument, Mr. Smith was actually shooting at the person who had just been trying to break into his property, that would still not be an action born of malice, but rather an action, regardless of its reasonableness, born of the fear that one feels when confronted with an illegal intruder engaged in a felony under the cover of darkness.

Mr. Smith was a homeowner lying in his bed at 1:00 in the morning. He went out on his back porch because an intruder triggered an alarm. Mr. Smith found that intruder trying to break into his trailer. This sudden encounter, and the fear sparked by it, caused Mr. Smith to fire his gun. Regardless of whether Mr. Smith's firing his gun was reasonable, his doing so was not caused by an encounter that he provoked. Rather, the intruder's illegal actions, of both trespassing and seeking to break into a trailer on his property, were what struck fear into Mr. Smith and provoked his action of firing his gun. Whether this firing was reasonable or unreasonable, there is no question that the intruder, engaged in illegal conduct in the middle of the night, was the sole cause of Mr. Smith's actions.

There is no factual situation in which Mr. Smith is guilty of second degree murder, even assuming that the government's version of the facts is accurate, because M.G.'s provocation, and Mr. Smith's immediate response while facing an intruder on his property engaged in a felony, negates the element of malice. Under even the government's view of the evidence, the provocation caused by the intruder negates entirely the presence of malice.

Under this analysis, the government's effort to create "heavily disputed" facts is nothing more than an effort to muddy the waters of an otherwise clear legal analysis. There is no support for the charge of second degree murder because there is no evidentiary support for the element of malice.

WHEREFORE, Mr. Smith, by and through undersigned counsel, respectfully requests that this Court dismiss the indictment in this case.

    Respectfully Submitted

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(505) 346-2494 Fax
aric_elsenheimer@fd.org
amanda_lavin@fd.org

*Electronically filed July 29, 2020*
/s/ *Aric G. Elsenheimer*
/s/ *Amanda R. Lavin*
Assistant Federal Public Defenders
Counsel for Defendant

5