IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. CR 1:18-03495-001 JCH |
| ) | |
| vs. ) | |
| ) | |
| DOUGLAS D. SMITH, ) | |
| ) | |
| Defendant. ) | |

**Reply to government's response (Doc. 70) to
defendant's motion to exclude expert testimony (Doc. 48)**

Douglas Smith, Defendant, through counsel, Aric G. Elsenheimer and Amanda R. Lavin, Assistant Federal Public Defenders, respectfully replies to the Government's Response (Doc. 70) to Defendant's Motion to Exclude Expert Testimony (Doc. 48).

**Background**

The Government produced reports authored by Theodore Chavez on February 12, 2020 and again on March 25, 2020.

The government filed a Response in Opposition (Doc. 70) only responding that the Defendant has not been prejudiced. The government did not clarify their Rule 16 expert disclosure. The government bases their argument against exclusion of expert testimony purely on the timeliness of the disclosure but not scope of their disclosure.

**Discussion**

The government has still not clarified the scope of Agent Chavez' testimony. For example, the report states that H1 could not be associated with a trajectory.

> **Results of Examinations:**
>
> T1   H2 → I1
>   Trajectory T1 was reconstructed in the corrugated metal siding and continued into the television screen. Trajectory T1 originated from a north/northeast direction.
>
> H1   Hole 1 was located in the metal trim of a camper trailer and could not be associated with a trajectory. The bullet and/or debris that created H1 originated from a north/northeast direction.

But, the expert notices states that H1 is on the same trajectory as H2.

> incident reconstruction examination results. Specifically, Mr. Chavez will opine regarding Hole 1, which is located in the metal trim of the camper trailer and Trajectory 1, which is reconstructed in the corrugated metal siding and continued into the television screen. Mr. Chavez

2

The government therefore leaves the scope of Agent Chavez' testimony unclear, particularly when the notices lack detail and accuracy.

The government has provided a limited basis for this Court to find their testimony admissible under Federal Rules of Evidence 702 and 703 and *Kumho Tire Co.* and *Daubert*. Rule 702 imposes a number of prerequisites for admission of expert testimony: The expert must present testimony that "will assist the trier of fact to understand the evidence or to determine a fact in issue." Counsel for the government has not provided any rationale why or how this testimony will assist the jury.

Absent further factual submissions by the government, this Court must order the government to remedy the errors in their expert disclosure and reports and ensure the scope of Theodore Chavez' testimony is limited to specifically the opinions in his reports.

Alternatively, Mr. Smith respectfully requests the Court to hold an evidentiary hearing to determine whether this expert meets the threshold requirement of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

WHEREFORE, Mr. Smith, by and through undersigned counsel, respectfully request this Honorable Court to order the Government to clarify their report and ensure that their proposed expert will not expand beyond the opinions outlined in his two-line report.

Respectfully submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(505) 346-2494 Fax
aric_elsenheimer@fd.org
amanda_lavin@fd.org

*Electronically filed July 29, 2020*
/s/ Amanda R. Lavin
/s/ Aric G. Elsenheimer
Assistant Federal Public Defenders
Counsel for Defendant Douglas