IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. CR 1:18-03495-001 JCH |
| | ) | |
| vs. | ) | |
| | ) | |
| DOUGLAS D. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**Reply to the government's response to
defendant's omnibus motion in limine (Doc. 71)**

Douglas Smith, Defendant, through counsel, Aric G. Elsenheimer and Amanda R. Lavin, Assistant Federal Public Defenders, respectfully replies to the Government's Response (Doc # 71) to Defendant's Omnibus Motion in Limine (Doc # 58).

The Government does not oppose ¶¶ 1, 2, 3 and 6. The Defendant replies to the following responses by the government.

The government takes issue with the defense's request that the Court prohibit the United States from mischaracterizing the evidence. As

an initial matter, the government states that "whether defendant 'aimed at' Jane Doe is an inference that only the jury can draw; it is not for the Court to decide, the United States submits." (Doc. 71 at 3). The government therefore concedes Mr. Smith's primary argument that it is up to the jury to decide whether Mr. Smith aimed at Jane Doe, and therefore the use of this conclusory language by the government invades the province of the jury.

   The government's response also evinces the same mischaracterization of evidence the defense seeks to preclude. In support of its argument, the government relies on the FBI 302, which the government attached at government's exhibit 1. This 302 recounts that Mr. Smith admitted that "he has in the past fired warning shots at trespassers on his property." (Doc. 71 at 2). But Mr. Smith never said he fired shots "at trespassers" on his property. Rather, he said he fired shots, with no intention of hitting the trespassers, to scare them away from his property. These words were never used by Mr. Smith.  Mr. Smith said repeatedly

that he was not aiming to hit someone, was aiming to miss, and not trying to hit someone but merely to scare them away from his house.

Moreover, the government's effort to characterize Mr. Smith's actions as shooting at the intruder on his property is an impermissible inference from the evidence. Mr. Smith never made a statement that he was aiming at or shooting at the intruder. Rather, Mr. Smith repeatedly said that he aimed to miss and was not trying to hit the intruder.

The government's reliance on Mr. Smith's diagram similarly does not support the government's characterization that Mr. Smith "aimed at" anyone. A government witness certainly cannot testify that Mr. Smith's diagram is evidence that he "aimed at" or "tracked" M.G. Such testimony would be entirely speculative and would also be prohibited by Rule 602 of the Federal Rules of Evidence. Mr. Smith made clear, in making this diagram, that the first shot he fired was to his left of the trailer. The intruder then ran to the left. Mr. Smith made clear that he waited until he believed the intruder had left and then fired three additional shots.

The government cannot claim that this diagram is evidence that Mr. Smith "aimed at" or was "tracking" the intruder with his gun. Such a claim draws an impermissible inference from the evidence on which it is purportedly based. *See United States v. Summers*, 414 F.3d 1287, 1295 (10th Cir. 2005) (observing that "the chance of error or speculation increases in proportion to the width of the gap between underlying fact and ultimate conclusion where the gap is bridged by a succession of inferences, each based upon the preceding one"). This is particularly true given the unsophisticated nature of these drawings. The video recordings make clear that aside from the first shot, the lines depict only the general direction that Mr. Smith fired and the individual lines do not correspond to an individual shot. Moreover, each of Mr. Smith's statements indicate that he was not aiming and thought that M.G. had already left his property when he fired again. The government's use of the diagram to conclude that Mr. Smith was "aiming at" or "tracking" MG is an impermissible inference from the evidence. The evidence does not support this inference and the government should be precluded from

4

mischaracterizing the evidence in this case. Doing so invades the province of the jury.

WHEREFORE, Mr. Smith, by and through undersigned counsel, respectfully requests that the Court prohibit the government from mischaracterizing Mr. Smith's statements and from using his statements to draw unsupported inferences from the evidence.

        Respectfully Submitted,

        **FEDERAL PUBLIC DEFENDER**
        111 Lomas NW, Suite 501
        Albuquerque, NM 87102
        (505) 346-2489
        (505) 346-2494 Fax
        aric_elsenheimer@fd.org
        amanda_lavin@fd.org

        *Electronically filed July 29, 2020*
        /s/ Amanda R. Lavin
        /s/ Aric G. Elsenheimer
        Assistant Federal Public Defenders
        Counsel for Defendant Douglas