# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**                                         **No. CR 1:18-03495-001 JCH**

    **vs.**

**DOUGLAS D. SMITH,**

    **Defendant.**

### Mr. Smith's response to the government's motion in limine to prohibit Mr. Smith from challenging or questioning the quality of the government's investigation (Doc. # 75)

Mr. Douglas Smith, by and through undersigned counsel, Assistant Federal Public Defenders Aric G. Elsenheimer and Amanda R. Lavin, submits this response to the government's motion in limine to prohibit Mr. Smith from challenging or questioning the quality of the government's investigation. (Doc. 75)

The government seeks, in their motion in limine, to preclude the defense from attacking the quality of the government's investigation. (Doc.

75). In support of this argument, the government urges the court to adopt an expansive reading of the Tenth Circuit's decision in *United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998).

According to the government, there is a "narrow exception to the general rule that evidence about the quality of the government's pretrial investigation is inadmissible" and that the defense "must satisfy a very high standard to meet this exception." (Doc. 75 at 2). The government cites no support for this proposition.

There is no "general rule" that evidence of the "quality" of the government's pretrial investigation is inadmissible. Indeed, the Ninth Circuit's decision in *United States v. Sager*, 227 F.3d 1138, 1145 (9th Cir. 2000) stands for the exact opposite proposition. Specifically, *Sager* establishes that "To tell the jury that it may assess the product of an investigation, but that it may not analyze the quality of the investigation that produced the product, illogically removes from the jury potentially relevant information." *Id.* The Supreme Court's decision in *Kyles v. Whitley*, 514 U.S. 419 (1995) puts a slightly different spin on this legal principal.

2

*Kyles* observed that when "the probative force of evidence depends on the circumstances in which it was obtained and those circumstances raise a possibility of fraud, indications of conscientious police work will enhance probative force and slovenly work will diminish it."

The government's reliance on *United States v. Veal*, 23 F.3d 985, 989 (6th Cir. 1994), a decision that pre-dated the Supreme Court's decision in *Kyles*, does nothing to support the government's argument. *Veal* involved the limited question of whether a trial judge abused his or her discretion in ruling as irrelevant the fact that the government had originally miscalculated the number of "bogus prescriptions" attributable to the defendant. This miscalculation was immaterial to the actual number of prescriptions or the defendant's legal culpability. The Sixth Circuit concluded that the trial judge did not abuse his or her discretion in deeming this irrelevant. Where, however, there is "evidence tending to show that the Government failed to follow up on fruitful leads, misinterpreted information in a material way, or employed faulty investigative techniques," such evidence "could be probative of whether

3

the government has made its case against Defendants." *See United States v. Poulsen*, 543 F.Supp.2d 809, 811-12 (E.D. Ohio 2008).

The lines of inquiry the government seeks to preclude are vital to the defense and form a critical part of a defendant's right to confrontation, right to due process, and right to a trial by jury. "The quality or bias of the government's investigation that produces the evidence that is submitted to the jury may affect the reliability of the evidence, and would therefore be relevant information." *United States v. Perrault*, DNM, 17-CR-2558 MV, Doc.140. Similarly, "[i]t may bear on the quality of the government's witnesses and, 'perhaps more importantly, the weight to be given to evidence produced by [the] investigation." *Id.* Doc. 140 (*quoting United States v. Sager*, 227 F.3d 1138, 1145 (9th Cir. 2000)).

Mr. Smith agrees with the general proposition that it is insufficient for a defendant "to offer up unsupported speculation that another person may have done the crime." *United States v. Meisel*, 875 F.3d 983, 991 (10th Cir. 2017). But where the proffered evidence raises concrete questions about the quality of an investigation, or points to concrete omissions from

an investigation that is "tethered to a relevant issue" then the defense must be allowed to introduce such evidence.

Given that the defense does not yet know how the government will prosecute their case-in-chief, nor what witnesses they will seek to call, it is premature to seek a ruling on evidence the defense has not yet sought to introduce or on the avenues through which the defense will challenge the government's case. The defense is aware that any evidence it does seek to introduce must be relevant in that it brings into question the reliability of evidence procured through the government's investigation or sought to be established through a theory of defense.

**Wherefore,** the government's motion should be denied.

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(505) 346-2494 Fax
aric_elsenheimer@fd.org
amanda_lavin@fd.org

*Electronically filed July 29, 2020*
/s/ Amanda R. Lavin
/s/ Aric G. Elsenheimer
Assistant Federal Public Defenders
Counsel for Defendant

6