IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,                                      No. CR 1:18-03495-001 JCH

vs.

DOUGLAS D. SMITH,

    Defendant.

**Mr. Smith's response to the
government's first motion in limine (Doc. 62)**

Mr. Douglas Smith, by and through undersigned counsel, Assistant Federal Public Defenders Aric G. Elsenheimer and Amanda R. Lavin, submits this response to the government's first motion in limine. Mr. Smith requests a hearing on this motion to develop issues raised in the parties' briefing.

In their first motion in limine, the government seeks the following pretrial rulings. In the interest of brevity, undersigned counsel will note that the defense has no objection to many of these pro forma requests. The

defense only has a substantive objection to two of the government's requests in this motion in limine. The government's requests are as follows:

1. The government seeks to prohibit the defense from making any statements or inquiring about government misconduct.

    a. *Response*: The defense will only seek the introduction of relevant evidence and to impeach the government's witnesses with relevant evidence.

2. The government seeks to prohibit the defense from introducing any evidence, making any statement, or asking any questions regarding the contents of, or ruling on, any motions filed by the defendant or the government.

    a. *Response*: The defense will comply with all orders and rulings of the Court.

3. The government seeks to preclude the defense from commenting on plea negotiations.

    a. *Response*: The defense has no objection to this.

4. The government seeks a pretrial ruling on all agreements to stipulate to the evidence.

    a. *Response*: The defense has no objection to this.

5. The government seeks to preclude the defense from seeking to introduce evidence that may not otherwise be admissible.

    a. *Response*: The defense will comply with all pretrial rulings of the court, but, given the breadth of the government's request, seeks further clarification regarding what the government is seeking to preclude. For example, much of Mr. Smith's original statements to law enforcement may be admissible under a hearsay exception. To the extent they are, the defense may introduce them as evidence, and refer to them, regardless of whether or not Mr. Smith testifies.

6. The government seeks to preclude the defense from impeaching government witnesses with material that may go to that witness' credibility.

    a.    *Response*: The defense objects to this request. There is no basis on which to preclude the defense from impeaching a government witness with material that goes to that witness' credibility. If evidence from a witness' past raises questions about that witness' credibility, it is a legitimate basis for impeachment. Moreover, the defense is not aware of any administrative discipline of any of the government witnesses. The government's request in paragraph 6 suggests that there are matters of administrative discipline that have not been disclosed. Such a failure to disclose, on the government's part, violates Mr. Smith's rights under the Sixth Amendment to confront witnesses against him and Mr. Smith's right to due process. The government must turn such evidence over to the defense immediately.

7.    The government seeks to preclude the defense from introducing any exhibits not previously supplied to the government.

    a.    *Response*: The defense has complied with Rule 16 and will continue to do so as the parties prepare for trial.

8. The government seeks to preclude the defense from inquiring about Mr. Smith's health.

    b.    *Response*: The defense will comply with all rules of evidence.

*Wherefore*, Mr. Smith respectfully requests that the Court grant the government's motion and deny the government's motion as set forth above.

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(505) 346-2494 Fax
aric_elsenheimer@fd.org
amanda_laving@fd.org

*Electronically filed July 29, 2020*
/s/ Amanda R. Laving
/s/ Aric G. Elsenheimer
Assistant Federal Public Defenders
Counsel for Defendant