# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. CR 1:18-03495-001 JCH** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **DOUGLAS D. SMITH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MR. SMITH'S RESPONSE TO THE UNITED STATES' NOTICE OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b) (Doc. 67)

Mr. Smith, by and through undersigned counsel Aric G. Elsenheimer and

Amanda R. Lavin, Assistant Federal Defenders, hereby responds to the United

States' Notice of Intent To Introduce Evidence Pursuant to Federal Rule of

Evidence 404(b). (Doc.67)  As grounds, Mr. Smith states as follows:

The government seeks to introduce evidence that is not permissible under

Rule 404(b). The prior acts as outlined by the government are not relevant, they

have no probative value, and they serve no purpose under Rule 404(b).  Rule

404(b) prohibits introduction of evidence of a prior act to prove a person's

character to show that on a particular occasion the person acted in accordance with the character.  Fed. R. Evid. 404.  The government's proffered evidence is nothing more than an attempt to introduce inadmissible character evidence to inflame the jury and obscure the evidence.

On May 7, 2018, Mr. Smith gave an interview with FBI agents about the alleged events in this case.  He described several prior incidents where people had intruded on his property and stole from him, as well as broke into the buildings and vehicles on his property. He explained how on at least two prior occasions, he had to fight off the other intruders, and that this had scared him badly enough that eventually he would only go outside with his pistol when his motion sensors went off.

Mr. Smith described a recent incident that involved a male who intruded on Mr. Smith's property during the early hours of the morning sometime after Christmas in 2018. Mr. Smith stated that he "saw a shadow at the back of the trailer doing something," then "got his pistol and went pow" stated that he "definitely missed" the shadow and the trailer, and that he shot to scare the intruder off.  He explained that the intruder ran off.

This statement would only be admissible against Mr. Smith if it served a purpose under Rule 404(b), such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404.  The government purports that this statement is evidence of Mr. Smith's "intent, motive and wanton disregard for human life that ultimately killed Jane Doe," and that motive and absence of mistake are both relevant to prove second-degree murder. (Doc. 67, page 4).

There is no evidence that Jane Doe and the prior intruder have anything to do with one another, or that the two incidents are at all related; therefore, it is unclear from the government's motion how this evidence is relevant to prove Mr. Smith's motive to kill Jane Doe.  Furthermore, given that Mr. Smith explicitly said the shots he fired were warning shots fired to miss the intruder, this statement is not evidence of Mr. Smith's wanton disregard for human life. Last, the government does not explain how this statement would be relevant to show that Mr. Smith's actions in the instant offense were not a mistake or accident. The fact Mr. Smith has fired warning shots in the past to defend himself against an intruder on his property, is, if anything, relevant to prove the killing of Jane Doe was in fact an accident. In short, the prior incident when Mr. Smith shot

warning shots is completely unrelated to the instant offense and the government fails to explain in its motion how this prior incident is at all relevant to prove the purported purposes of motive, absence of mistake, or intent.

Likewise, Mr. Smith's statement regarding his encounter with unruly motel residents over 20 years ago is not relevant to prove motive, intent, absence of mistake, or any other proper purpose contemplated by Rule 404(b). Rather, the government seeks to admit this statement to show that Mr. Smith is a man who unreasonably resorts to violence and acts as an armed "motel cop," in order to show that he acted in accordance with this theoretical character when he accidentally killed Jane Doe; this purpose is expressly prohibited by Rule 404.

Importantly, the government misrepresents Mr. Smith's statement concerning his role as "motel cop." Mr. Smith told agents the hardest part of managing the motel is being a "motel cop." When agents asked Mr. Smith to clarify what he meant by "motel cop," he explained that it meant he often had to call the police on motel guests and other people not authorized to be a the motel, for doing such things as fighting late at night. He described an incident he intervened in where a man was "beating the daylights" out of a woman. Mr. Smith told agents that he told the man to "knock it off," but when the beating

continued, he came back out to the couple's room and held his pistol behind his back and again asked the man to stop. Mr. Smith told agents that the man noticed Mr. Smith had his hand behind his back, and the man agreed to "back off."

Mr. Smith told agents he was "scared shitless" when he encountered the various intruders – including Jane Doe – on his property, yet, the government seeks to "negate" Mr. Smith's fear with introduction of his statement that he carried a pistol 20 years ago when he intervened in a domestic violence incident. This incident is completely dissimilar in nature to the facts underlying the instant offense. Mr. Smith held his pistol behind his back and told a man to quit beating up his girlfriend; in contrast, he fired warning shots when Jane Doe intruded on his property and attempted to break in to his trailer. The Tenth Circuit has recognized the probative value of uncharged, unrelated acts to show motive, intent, and knowledge, when the uncharged, unrelated acts are similar to the charged crime and sufficiently close in time. *United States v. Rodella*, 101 F. Supp. 3d 1075, 1110 (D.N.M. 2015). The case cited by the government, *United States v. Engelman* 648 F.2d 473, and *United States v. Cuch*, 842 F.2d 1173, 1178 (10th Cir. 1988), concern prior acts which although were remote in time to the charged

conduct, were identical in nature to the charged offense.  That is not the case here.

The Tenth Circuit has held there must be a "clear and logical connection between the alleged earlier offense or misconduct and the case being tried." *United States v. Biswell,* 700 F.2d 1310, 1317-18 (10th Cir.1983).  In contrast, "the extreme remoteness in time and space, together with the lack of any apparent similarity or connection with the principal charge," creates a problem.  *United States v. Burkhart*, 458 F.2d 201, 204 (10th Cir. 1972). Mr. Smith's encounter with the man who was beating his girlfriend bears no logical connection to the charged offense, and the incident occurred approximately 20 years prior; thus, it is inadmissible under Rule 404(b).

The government's motion fails to clearly articulate how Mr. Smith's statements are relevant to any of the elements of second-degree murder.  There is nothing about the proffered evidence that has any bearing on the elements of second-degree murder. The government appears to be seeking to use this evidence to build a case that Mr. Smith is a violent person who shows disregard for human life. Nothing about this evidence supports that proposition. Mr. Smith, on each of the prior occasions, was the victim of a trespassing or a

burglary. Mr. Smith always acted within his legal rights. Mr. Smith's legally justifiable actions do not fall within the scope of Rule 404(b) and are not relevant to an ultimate issue in this case. Mr. Smith has a right to be tried on the truth of the specific charge in the indictment, and should not have to defend himself against his own uncorroborated statements made to law enforcement about his prior dealings with burglars and other wrongdoers on his property.

The Tenth Circuit has held that Rule 404(b) prohibits the introduction of unrelated use of force incidents in §1983 claims. See *Jonas v. Bd. of Comm'rs of Luna Cty.*, 699 F. Supp. 2d 1284, 1291 (D.N.M. 2010), circumstantial evidence of officers' intent during a use of force incident that occurred on an unrelated, dissimilar occurrence, "could inflame the jury and cause them to award punitive damages based on the reprehensibility of the conduct in those incidences," rather than the conduct alleged in the suit. See also *Tanberg v. Sholtis*, 401 F.3d 1151, 1170 (10th Cir. 2005), the Tenth Circuit reasoned that a defendant officer's past instances of excessive force have very little probative value for proving intent in an unrelated instance. In discussing the admission of prior instances of use of force, in *Jonas v. Bd. Of Comm'rs of Luna Cty.*, the Tenth Circuit relied on this reasoning: "The danger relating to the introduction of this evidence is apparent.

A fact finder may inappropriately conclude that a person is culpable, not because he committed the act in question, but rather, because he is a bad person, or because at some other time, he committed some other bad act."  699 F. Supp. 2d 1284, 1291 (D.N.M. 2010), quoting *Kampa v. City of Albuquerque,* No. CIV 96–1572 LFG/DJS, Memorandum Opinion and Order at 4 (D.N.M., filed March 9, 1998)(Doc. 138).

The concerns outlined by the Tenth Circuit with regard to 404(b) evidence in cases involving excessive use of force are applicable here.  Prior instances of Mr. Smith defending himself against wrongdoers on his property offer very little probative value in proving intent, motive, or absence of mistake, given the incidents are totally unrelated to the charged conduct, and dissimilar in nature.  In addition, by attempting to introduce Mr. Smith's prior acts, the government endeavors to inflame the jury and show that Mr. Smith has "misbehaved" on other occasions, or otherwise acted reprehensibly, which is a mischaracterization of the evidence and goes to show that the true intent behind the desire to admit the evidence is to demonstrate propensity.  This is expressly prohibited by Rule 404.

WHEREFORE, for the foregoing reasons, Mr. Smith respectfully requests

the Court deny the United States' request to allow the above-described evidence

to be admitted as part of the United States' case in chief.

Respectfully Submitted,
**FEDERAL PUBLIC DEFENDER**
111 Lomas Blvd., NW Ste. 501
Albuquerque, NM 87102
(505) 346-2489
(505) 346-2494
aric_elsenheimer@fd.org
amanda_lavin@fd.org

*Electronically filed August 7, 2020*
/s/ AMANDA R. LAVIN
/s/ ARIC G. ELSENHEIMER
Assistant Federal Public Defenders
Counsel for Defendant Douglas Smith