IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cr. No.  18-3495 JCH |
| | ) |
| **DOUGLAS D. SMITH**, | ) |
| | ) |
| Defendant. | ) |

UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO
MOTION *IN LIMINE* TO EXCLUDE SELF-DEFENSE, DEFENSE OF ANOTHER, OR
JUSTIFICATION BY PREVENTING COMMISSION OF A FELONY

The United States hereby files this reply to Defendant's response (Doc. 88) to the United States' Motion *in Limine* to Exclude Self-Defense, Defense of Another, or Justification by Preventing Commission of a Felony (Doc. 68).

The United States respectfully moved this Court to exclude the introduction of affirmative defenses prior to the establishment of all of their elements.  (Doc. 68).  The United States does not object to a pretrial determination of the sufficiency of Defendant's evidence pursuant to Fed. R. Evid. 104(b).  In his response, Defendant characterized the United States' motion as "nothing more than a blanket attempt to deprive Mr. Smith of his right to due process under the Fifth Amendment and his right to a jury trial under the Sixth Amendment to the United States Constitution.  (Doc. 88 at 1).  Seemingly, Defendant believes that the United States objects *per se* to the introduction of evidence supporting his affirmative defense.  This is untrue.

The United States concedes that Defendant may be entitled to an affirmative defense instruction, "if the evidence viewed in his favor could support the defense." *United States v. Toledo*, 739 F.3d 562, 568 (10th Cir. 2014).  However, the right to this instruction is not

absolute. *Id*. The Defendant must present evidence that he used force to prevent Jane Doe from causing him (or another) death or great bodily harm. *Id*. Defendant's own self-serving statements do not support this affirmative defense. It is seemingly uncontested that Defendant shot an unarmed Jane Doe from more than 20 yards away as she ran away from Defendant, after he fired the first of four shots at her. Therefore, no evidence currently exists that Defendant's use of deadly force was warranted or necessary to prevent imminent harm.

Certainly, Defendant could testify to an alternative narrative, one different from that which he provided to law enforcement on the night of the alleged crime that could warrant inclusion of an affirmative defense instruction. If Defendant's newly contrived narrative supports that claim, and the Court finds the Defendant credible, then a self-defense instruction may be appropriate. Based on the Defendant's own statements and the evidence contained within the discovery, a self-defense instruction, the United States submits, is not warranted. However, permitting introduction of the self-defense claim, without the Court first making a pre-trial determination under *Toledo*, 739 F.3d at 568, and *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996), is improper. Notably, Defendant offers no caselaw to the contrary on this subject.

Considering that Defendant appears to want to change his strategy and offer a new and improved narrative, it is highly likely he will eventually realize he must testify differently to warrant admission of any claim of self-defense. If he eventually does claim he resorted to deadly force to protect himself, admittedly his subjective belief would be admissible.

Defendant's muddled strategy renders pretrial determination of the validity of his affirmative defense even more necessary. If he is unable to make a prima facie affirmative defense claim during his case-in-chief, as all the evidence suggests, any discussion of self-

defense during trial would deprive the United States and the victim's family of a fair trial. No instructions could remedy the previous admission of such unfairly prejudicial claims against the victim. Therefore, the only just result would be to require the Defendant to establish pre-trial a prima facie self-defense or defense of another claim.

## CONCLUSION

For the reasons set forth above, the United States requests the Court issue a pretrial ruling excluding Defendant's implied claims of self-defense or other justification or that Defendant's use of deadly force was necessary to prevent death or great bodily harm.

> Respectfully submitted,
>
> JOHN C. ANDERSON
> United States Attorney
>
> *Electronically filed on 08/07/2020*
> KYLE T. NAYBACK
> NOVALINE D. WILSON
> Assistant United States Attorneys
> Post Office Box 607
> Albuquerque, New Mexico  87102
> (505) 224-1419

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court using
the CM/ECF system, which will cause a copy of
this filing to be sent to counsel for Defendant.

*/s/*_____
KYLE T. NAYBACK
Supervisory Assistant United States Attorney