IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
| ) | |
| Plaintiff,          ) | |
| ) | |
| vs.                                                   ) | Cr. No.  18-3495 JCH |
| ) | |
| **DOUGLAS D. SMITH**,                     ) | |
| ) | |
| Defendant.       ) | |

<u>UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO ITS MOTION *IN LIMINE*
TO PROHIBIT EVIDENCE AND ARGUMENT ABOUT THE QUALITY OF THE
INVESTIGATION (DOC. 89)</u>

The United States hereby replies to Defendant's Response (Doc. 89) to its Motion *in Limine* to Prohibit Evidence and Argument about the Quality of the Investigation (Doc. 75).

Defendant asserts that he does not yet know how the government will prosecute its case-in-chief and that it is premature to seek a ruling on evidence the defense has not yet sought to introduce. Doc. 89 at 5. Defendant did not address any of the United States' assertions that Defendant may seek to suggest law enforcement who investigated could have done more and may seek to attempt to disparage law enforcement efforts. As the United States put forth in its motion, Defendant argues in his self-serving statement that Jane Doe was attempting to break into his freestanding camping trailer (Doc. 88 at 5) and Defendant appears to be arguing some version of self-defense. To that end, Defendant may suggest that law enforcement could have done more, but instead Defendant had to act in self-defense, defense of others, or to prevent the commission of a felony.[1] Moreover, it appears that Defendant is suggesting that investigators'

---

[1] The United States maintains in its motion (Doc. 68) and reply (Doc. 100) that Defendant cannot show he was in imminent harm when he shot and killed Jane Doe and, as such, there was no self-defense.

failure to pursue additional investigative measures creates reasonable doubt about his guilt. Specifically, in his response to another motion, Defendant broadly asserts, "there was little investigation done by either the police or the FBI to corroborate Mr. Smith's statement." Doc. 87 at 10. Such sweeping characterizations, without any factual support, are improper and would only serve to confuse and mislead the jury. Furthermore, Defendant may try to cross-examine the government's law enforcement witnesses with other unrelated officer conduct or prior investigations. For example, generally criticizing the government's witnesses on police response on other occasions, or calling into question the investigative role of law enforcement agencies like state police, tribal police, or the FBI would also only serve to confuse the jury.

The United States is fully cognizant that each law enforcement officer can be cross examined for their role in the investigation, but any broader attempts to speculate and disparage the government on what more law enforcement could have done, especially prior to the instant offense, would only serve to confuse and mislead the jury. *See United States v. Mirabal*, No. CR 13-01152 WJ, 2015 WL 13650551, at *1 (D.N.M. Nov. 24, 2015) ( whether or not the Government could have done more sheds no light on whether sufficient evidence was adduced to establish Defendant's guilt or innocence. Also, Rule 403 forbids Defendant from eliciting evidence, otherwise relevant, if it will create unfair prejudice, confuse the issues, or mislead the jury).

As the Tenth Circuit noted in *McVeigh*, the United States acknowledges there are occasions when the quality or bias of a criminal investigation may affect the reliability of particular evidence in a trial, under which circumstances the facts surrounding the government's investigation may become relevant. *United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998). *See Lowenfield v. Phelps*, 817 F.2d 285, 291-92 (5th Cir. 1987) (holding it was a

2

reasonable trial strategy to attempt to argue that "sloppy police work" tainted the chain of custody for certain guns seized by police and "set the stage for an argument that others were implicated in the murders"). However, in such cases, a defendant must establish the requisite connection between the alleged investigative deficiencies and any evidence introduced at trial.

      Here, Defendant fails to acknowledge his intention to comment on the quality of the investigation and declines to establish the requisite connection in his response to this motion, but then states in a response to another motion that "there was little investigation done by either the police or the FBI to corroborate Mr. Smith's statement." Doc. 87 at 10. The Tenth Circuit in *McVeigh* determined that the exclusion of evidence pertaining to quality of government's investigation of potential alternative perpetrators was proper when defendant failed to establish requisite connection between allegedly "shoddy" and "slanted" investigation and any evidence introduced at trial. *McVeigh*, 153 F.3d at 1192; *see also United States v. Carmichael*, 373 F.Supp.2d 1293, 1297 (M.D. Ala. 2005) (holding "[e]vidence questioning the adequacy of various aspects of the government's investigation itself - as opposed to the adequacy of the evidence gathered as a *result* of that investigation - is either irrelevant or of very little probative value, as it improperly shifts the jury's focus from the accusations against the defendant to accusations against the police.").

      Defendant has not raised any questions to suggest he is not the individual who shot and killed Jane Doe. Therefore, the limited types of circumstances under which others courts have permitted the questioning of the investigation are not present here. As explained in the United States' motion, *McVeigh* provides that a defendant may not put "the government on trial" by suggesting "there might have been something more the government perhaps could have done" to identify "other potential suspects" or additional evidence. *McVeigh*, 153 F.3d at 1192. Any

speculation about additional investigative measures law enforcement officers from several agencies might have taken is irrelevant and likely to confuse or mislead the jury. Nor is there anything about the quality of this investigation that would undercut the reliability of other trial evidence.

## CONCLUSION

WHEREFORE, based on the foregoing, the government respectfully requests the Court order that Defendant is precluded from raising a claim that the government's investigation should have included other investigative techniques or such arguments that might confuse the jury into believing they are called upon to make findings about choices of the officers in determining which investigative techniques were appropriate or calling into question the law enforcement techniques of other law enforcement agencies.

>                               Respectfully submitted,
>
>                               JOHN C. ANDERSON
>                               United States Attorney
>
>                               *Electronically filed on 08/07/2020*
>                               NOVALINE D. WILSON
>                               KYLE T. NAYBACK
>                               Assistant United States Attorneys
>                               Post Office Box 607
>                               Albuquerque, New Mexico  87102
>                               (505) 224-1419

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court using
the CM/ECF system, which will cause a copy of
this filing to be sent to counsel for Defendant.

*/s/*
NOVALINE D. WILSON
Assistant United States Attorney