IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 18-3495 JCH |
| | ) | |
| **DOUGLAS D. SMITH**, | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO
GOVERNMENT'S MOTION TO PROHIBIT DISCUSSION OF
SENTENCING OR PUNISHMENT AT TRIAL (DOC. 93)

The United States hereby replies to Defendant's Response to its Motion to Prohibit

Discussion of Sentencing or Punishment at Trial (Doc. 64) and requests the Court grant the

United States' motion. In reply, the United States asserts the following:

In his response, Defendant argues the Supreme Court's decisions in *Booker*, *Blakely*, and

*Jones* constitutionally bind this Court to apply the framer's understanding of the jury's role and

permit them to be fully informed of the consequences of their verdict. Doc. 93 at 4. Defendant's

arguments about the historical significance of the jury and recent Sixth Amendment case law,

while creative, are unavailing because the Supreme Court and Tenth Circuit interpretations of the

Sixth Amendment jury trial right do not allow for the Court to provide jurors information about

sentencing ramifications or jury nullification.

Defendant's arguments about the framer's intentions regarding jury nullification and

their historical understanding of the jury trial process have been previously examined and

rejected in this District. *See United States v. Edwards*, 266 F.Supp. 3d 1290 (D.N.M. 2017)

(Sixth Amendment jury trial right did not include jury's right to be informed of its right to jury

nullification); *United States v. Young*, 403 F.Supp. 3d 1131 (D.N.M. 2019); *United States v. Kevin Vigil*, 2019 WL 3557566, at *1 (D.N.M. Aug. 5, 2019) (caselaw post-dating *Booker*, *Apprendi*, and other important sentencing decisions is clear: juries shall not be informed of the possible penalties).

*Booker*, *Blakely*, and *Jones* do not specifically address whether the jury should be advised of the penalties for the crime. In the absence of such authority, lower courts should be very careful to conclude that the Supreme Court or the Court of Appeals has implicitly reversed itself. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997); *Cressman v. Thompson*, 719 F.3d 1139, 1156 (10th Cir. 2013). Recent case law, postdating the *Booker*, *Blakely*, and *Jones* decisions, supports the conclusion that a defendant does not have a Sixth Amendment right to instruct the jury regarding the mandatory minimum penalties. *See United States v. Brewer*, 624 F.3d 900, 907 (8th Cir. 2010) (the district court properly refused to instruct the jury on the applicable five-year mandatory minimum). In *United States v. Gehringer*, 385 F. App'x 830, 834 (10th Cir. 2010) (unpublished), the Tenth Circuit Court of Appeals addressed the arguments Defendant is making here. The Court of Appeals concluded that: "In light of established Tenth Circuit and Supreme Court authorities, the district court had no discretion to instruct the jury on the sentencing penalties . . ." *Id.* at 834.

Allowing Defendant to inject discussion as to the possible penalty would contradict the jury instructions regularly given by this Court. Tenth Circuit Pattern Jury Instruction 1.04 states that it is the jury's duty "to base [its] verdict solely upon the evidence, without prejudice or sympathy." Similarly, Instruction 1.20 instructs the jury that "[i]f [it] find[s] the defendant guilty, it will be [the Court's] duty to decide what the punishment will be. [It] should not discuss or consider the possible punishment in any way while deciding [its] verdict."

<u>CONCLUSION</u>

WHEREFORE, the United States hereby requests the Court grant its Motion to Prohibit

Discussion of Sentencing or Punishment at Trial (Doc. 64).

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*<u>Electronically filed on 08/07/2020</u>*
NOVALINE D. WILSON
KYLE T. NAYBACK
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 224-1419

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court using
the CM/ECF system, which will cause a copy of
this filing to be sent to counsel for Defendant.

<u>/s/</u>
NOVALINE D. WILSON
Assistant United States Attorney