IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. CR 1:18-03495-001 JCH |
| | ) | |
| vs. | ) | |
| | ) | |
| DOUGLAS D. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**MR. SMITH'S RESPONSE TO THE UNITED STATES' MOTION *IN LIMINE* TO ADMIT USE OF DEMONSTRATIVE EXHIBIT DURING TRIAL (Doc. 73)**

Mr. Smith, by and through undersigned counsel Aric G. Elsenheimer and Amanda R. Lavin, Assistant Federal Defenders, hereby responds to the United States' Motion in *Limine* to Admit Use of Demonstrative Exhibit During Trial. (Doc. 73). Mr. Smith respectfully requests the Court deny the motion pursuant to Federal Rule of Evidence 403 and for the model's lack of adequate foundation. As grounds, Mr. Smith states as follows:

Rule 403 authorizes the Court to exclude evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

cumulative evidence. Fed. R. Evid. 403. The government's model is excludable under 403 because it will mislead the jury. The model inaccurately depicts Mr. Smiths' property, where the alleged offense took place. It is evident from looking at the model that structures, cars, and other fixtures on the property are not to scale. For example, the cars in the model appear to be "hot wheels" cars or some other toy car, and are much too large. Only the hood of the toy car fits under the carport depicted in the model, and the cars are roughly the size of the trailer depicted in the model (the trailer Jane Doe attempted to break in to), when in reality, the trailer is much larger than a car. Additionally, the back porch Mr. Smith was standing on when he saw the intruder is not accurately depicted in relation to Mr. Smith's house. The porch is much further away than the model would suggest. See Exhibit E. It is questionable, given this, if this model is made to scale at all.

      The model is also misleading in that it does not accurately portray the true state of Mr. Smith's property. While there are a few trees depicted on the model, the reality is the vegetation on Mr. Smith's property is very dense, and does not at all resemble the type of trees portrayed on the model. The trees are also located on the wrong side of the fence. See Exhibits A and B, photos of Mr.

Smith's property. Moreover, the color scheme depicted in the model is inaccurate. The ground on Mr. Smith's property is not white, as depicted in the model. See Exhibits A - D. In addition, as is evidenced by the attached photos, the property is cluttered with sheds, sculptures, and other fixtures that the model does not show.  The model shows a few trees in what appears to be a meadow or a city park.  Mr. Smith's property is not clean, as the model would suggest.

Mr. Smith's property is not well lit and is extremely dark at night.  See Exhibits F-H, still shots from officer lapel camera footage from the night of the incident, provided to the defense in discovery.  Since the incident occurred at night, after dark, it is unclear how the government intends to convey this fact to the jury by means of the model, given that everything in the model is clean and well lit. This is important, because the government has claimed on numerous occasions that Mr. Smith "tracked" or "aimed" at Jane Doe, when in reality, due to the dense vegetation and extremely dark conditions, there is no way Jane Doe would have been visible to Mr. Smith from where he was standing on his porch. See Exhibits A-H.

Demonstrative aids may be admissible assuming a proper foundation is laid. *Sanchez v. Denver & Rio Grande W.R.R.*, 538 F.2d 304, 306 (10th Cir.1976).  In

assessing foundation in this context, courts consider whether the proffered demonstrative exhibit "fairly and accurately summarize[s] previously admitted competent evidence." *Wilson v. United States*, 350 F.2d 901, 907 (10th Cir.1965). Put another way, to be truly *demonstrative*, an exhibit must actually *demonstrate* something else. *Dahlberg v. MCT Transp., LLC*, 571 F. App'x 641, 647 (10th Cir. 2014). Here, not only is the model an inaccurate and therefore confusing depiction of the scene, it does not show anything that cannot be conveyed through testimony, the numerous photos taken, or the diagram Mr. Smith drew, which the government has alluded to in numerous pleadings and will likely use at trial. In fact, the photos of the property and lapel camera footage are the best evidence of the property since this evidence depicts actual images of the property.

    In light of the model's shortcomings, it has no probative value. Furthermore, it is doubtful the government will be able to lay the proper foundation for its admission. At best, any purported value would be cumulative evidence, and given the numerous inaccuracies, the limited value is far outweighed by the prejudice that would result from its misleading nature.

Any and all proffered evidence (demonstrative or not) is admitted or excluded based on the rules of evidence. *See Lillie v. United States*, 953 F.2d 1188, 1190 (10th Cir.1992) ("[A]ny kind of presentation to the jury or the judge to help the fact finder determine what the truth is and assimilate and understand the evidence is itself evidence.") A demonstrative exhibit will be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion, a propensity to mislead, or needlessly cumulative presentation. *See* Fed.R.Evid. 403.

WHEREFORE, pursuant to Federal Rule of Evidence 403, Mr. Smith respectfully requests the Court deny the United States' Motion in *Limine* to Use Demonstrative Exhibit During Trial (Doc. 73).

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas Blvd., NW Ste. 501
Albuquerque, NM 87102
(505) 346-2489
(505) 346-2494
aric_elsenheimer@fd.org
amanda_lavin@fd.org

*Electronically filed August 7, 2020*
/s/ AMANDA R. LAVIN
/s/ ARIC G. ELSENHEIMER
Assistant Federal Public Defenders
Counsel for Defendant Douglas Smith

6