IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 18-3495 JCH |
| ) | |
| **DOUGLAS D. SMITH**, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO THE
GOVERNMENT'S MOTION FOR PRE-TRIAL DETERMINATION OF
INDIAN COUNTRY LAND STATUS (DOC. 90)

The United States hereby files its reply to Defendant's Response (Doc. 90) to its Motion *In Limine* for Pretrial Determination of Indian Country (Doc. 65). Like Defendant, the United States does not object to resolution of this issue in a pretrial order. Doc. 90 at 1. The United States filed its response (Doc. 53) to Defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. 47) and also incorporates its arguments and supplemental exhibits (Doc. 97) by reference.

In his response, Defendant once again asserts the federal government relinquished jurisdiction over the land through the 1924 Pueblo Lands Act (1924 PLA). Doc. 90 at 2. Defendant ignores the Tenth Circuit's determination that the 1924 PLA addressed how land disputes were to be resolved and it did not terminate federal jurisdiction. *See United States v. Antonio*, 936 F.3d 1117, 1123 (10th Cir. 2019). Contrary to Defendant's arguments, the 1924 PLA did not extinguish federal jurisdiction because extinguishment must be plain and unambiguous.

Defendant continues to further his challenge to the 2005 Amendment to the PLA and Congressional plenary power and states more than once that "the 2005 Amendment to the PLA has absolutely nothing to do with the Pueblos." Doc. 90 at 8. It is unclear how Defendant can argue the 2005 Amendment "does not affect them in any way." *Id*. Defendant disregards the language of the 2005 Amendment itself and disregards the legislative history that members of Congress consistently referred to the bill as one that would "clarify" the jurisdiction of the state, the United States, and pueblos within the exterior boundaries of pueblo grants. 151 Cong.Rec. H11047 (daily ed. Dec. 6, 2005). Undoubtedly, the 2005 Amendment ensures the United States has federal criminal jurisdiction over crimes that occur within the exterior boundaries of the pueblos, regardless of who holds the land parcel.

Against this legal backdrop, the United States maintains the land located at 826 North Riverside Drive, Espanola, New Mexico, is located within the exterior boundaries of the Pueblo of Santa Clara (*see* Docs. 97-1, 97-2 at 2[1]). The Pueblo of Santa Clara Realty Director Jesse Gutierrez completed a subsequent Indian Country determination, which was memorialized in a letter signed by the Governor of the Pueblo of Santa Clara. *See* Doc. 97-3.[2] The land Defendant holds in fee simple is within the exterior boundaries of the Pueblo of Santa Clara and is Indian Country under 18 U.S.C. § 1151, which has been well-established within this District. *See United States v. Vigil*, No. CR 18-739-MV, 2019 WL 3881702 (D.N.M. Aug. 16, 2019) (Pueblo

---

[1] These maps were prepared by Ivan Shije, GIS Technician for the Santa Clara Pueblo Realty Department.

[2] The prior determination of Indian Country (Doc. 53-1 and Doc. 65-1) was made by former Realty Director Shawn Chato. In anticipation of a possible hearing, Indian Country determination of Defendant's property was reassessed by current staff.

land subject to the issuance of any patent is still Indian Country if the property lies within the boundaries of a Pueblo); *see also United States v. Jeffrey Antonio*, 2017 WL 3149361 at *11 (D.N.M. June 5, 2017) (citing William C. Canby, American Indian Law § 7.B, at 140 (5th ed. 2009)); *see also Seymour v. Superintendent of Wash. State Penitentiary,* 368 U.S. 356–57 (1962); *United States v. Webb*, 219 F.3d 1127, 1131 (9th Cir. 2000) (holding "if the property is within boundaries of the reservation, it is Indian country irrespective of whether title is now held by a non-Indian.").

Moreover, recently the Supreme Court in examining whether federal jurisdiction extended to the Creek Nation reservation in Oklahoma, albeit in the context of a reservation established by treaty, also followed the modern approach[3] to how Indian Country is determined, stating "[o]nce a block of land is set aside for an Indian reservation *and no matter what happens to the title of individual plots within the area*, the entire block retains its reservation status until Congress explicitly indicates otherwise." *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020) (emphasis added). The Supreme Court in *McGirt* reiterated Congressional authority to legislate with regard to Indian tribes and reminds the parties that under 18 U.S.C. § 1151(a), "'Indian country' [is] to include "all land within the limits of any Indian reservation ... notwithstanding the issuance of any patent, and, including any rights-of-way running through the reservation." *Id*. at 2464. So the relevant statute expressly contemplates private land ownership within reservation boundaries. Nor under the statute's terms does it matter whether these individual parcels have passed hands to non-Indians. To the contrary, this Court has explained repeatedly that Congress

---

[3] The United States discusses the modern approach to Indian Country determination in its response (Doc. 53 at 2-3) under *Seymour*, 368 U.S. at 358, and the 1948 enactment of 18 U.S.C. § 1151.

does not disestablish a reservation simply by allowing the transfer of individual plots, whether to Native Americans or others." *McGirt*, 140 S.Ct. at 2464. Defendant cannot show Congress divested the Pueblo of Santa Clara of its land or diminished its boundaries. As such, his property is Indian Country for purposes of federal jurisdiction.

As the United States stated in its motion for pretrial determination of Indian Country, every act that possibly could be at issue in this case occurred within the exterior boundaries of the Santa Clara Pueblo, which is visually demonstrated in Docs. 97-1, 97-2 at 2. The only issue for the jury to decide at trial related to land status will be whether the United States has proved Defendant committed the crimes he is charged with in these areas.

## CONCLUSION

Wherefore, in anticipation of trial, the United States hereby requests the Court make pretrial determination that Defendant's property is within Indian Country and that this Court has subject matter jurisdiction over this case.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed on 08/07/2020*
NOVALINE D. WILSON
KYLE T. NAYBACK
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 224-1419

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause a copy of this filing to be sent to counsel for Defendant.

*/s/*
NOVALINE D. WILSON
Assistant United States Attorney