IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-CR-03495-JCH |
| ) | |
| DOUGLAS SMITH ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY TO THE UNITED STATE'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS**

Mr. Smith, by and through undersigned counsel Aric G. Elsenheimer and Amanda R. Lavin, Assistant Federal Defenders, hereby submits his reply to the United States' Response in Opposition to Defendant's Motion to Suppress (Doc. 49). In support, Mr. Smith states as follows:

The government asserts – without citing any supporting facts – that Mr. Smith's property is enduring in nature, therefore, the fact the United States waited almost a year and half after the alleged crime occurred to seek a warrant was reasonable. In fact, the vegetation on Mr. Smith's

property is key to the evidence in this case and is highly subject to change. There are dense trees between where Mr. Smith stood and where Jane Doe was truck by one of the bullets he fired. It is possible that the path of the bullet that killed Jane Doe was affected by the vegetation it passed through, and the positioning of the vegetation undoubtedly affected Mr. Smith's visibility that night. The government acknowledges that the vegetation could have been altered immediately following the incident, which is true. This concession only emphasizes the problem with waiting fifteen months to seek a warrant, when the vegetation would be even more changed.

Furthermore, the structures the government refers to as "fixed" – the shed, trailer, and camper – are not so. The trailer Jane Doe attempted to break into is a camper trailer that can be moved. There are multiple cars parked on the property that are mobile. The shots were fired out into the open yard in the direction of a woodpile. These circumstances are very different from the case cited by the government, which deal with bank records that are not ordinarily destroyed, bullets that were fired into an immovable wall, and guns kept at a defendant's home.

The trajectory of the bullets and the bullets' final landing place was outside in a yard; exposed to the elements and among structures and other objects that are subject to change. The government is correct that the court should consider not only the passage of time, but also the type of evidence that would likely be in the place to be searched, and whether the evidence would still exist there. The government sought to take spherical photos of the scene of the crime from which it would create a model, as well as map a trajectory of the bullets. The affidavit supporting the warrant offers nothing in the way of assuring the magistrate judge or any officer relying on the warrant that the bullets would in fact still be in the same position they were when they were fired 15 months ago, or that the property would be in the same condition it was 15 months prior so as to be able to create a model of the property that would accurately portray the scene of crime.

The officers did not rely in good faith on the warrant. The warrant failed to state facts that established a nexus between the alleged crime that happened on Mr. Smith's property in May of 2018 and any evidence of that crime that would continue to exist on the property 15 months later. For

good faith to exist there must be *some* factual basis connecting the place to be searched to the defendant or suspected criminal activity. *United States v. Gonzales*, 399 F.3d 1225, 1231 (10th Cir. 2005). "When this connection is wholly absent, the affidavit and resulting warrant are 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.' " *United States v. Leon*, 468 U.S. 897, 923, 104 S.Ct. 3405.

Suppression of evidence is required under these circumstances because reasonably well-trained officers, exercising their own professional judgment, should recognize the warrant's deficiency. Here, the warrant was "so lacking," and the officer's reliance upon it was not objectively reasonable.

WHEREFORE, Mr. Smith respectfully requests the court suppress any and all evidence obtained from execution of the warrant, including photographs, 3D scans and models created therefrom, as well as videos, statements, trajectory analysis and reports, and grant any other relief the court deems appropriate.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

*Electronically filed August 7, 2020*
/s/ *Aric G. Elsenheimer*
/s/ *Amanda R. Lavin*
Assistant Federal Public Defenders