IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 18-3495 JCH |
| ) | |
| **DOUGLAS D. SMITH**, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' REPLY TO DEFENDANT'S RESPONSE
TO THE UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE SELF-SERVING
INADMISSIBLE HEARSAY AND IRRELEVANT, PREJUDICIAL STATEMENTS**

The United States hereby files this reply to Defendant's response (Doc. 87) to the United States' Motion *In Limine* to Exclude Self-Serving Inadmissible Hearsay and Irrelevant, Prejudicial Statements. (Doc. 66). The United States respectfully requests this Court enter an order *in limine* prohibiting Defendant from mentioning, or putting forth in any manner, in the jury's presence any self-serving, exculpatory, inadmissible hearsay statements not offered against interest, or any irrelevant, prejudicial statements. The basis for the United States' reply is Fed. R. Evid. 801 and 802.

Defendant's response to this motion lacks merit. Defendant argues that his statements fall under Fed. R. Evid. 803(2), excited utterance, and Fed. R. Evid. 807. However, Defendant fails to provide the Court with any persuasive case law to support his position. What is more, Defendant spills little ink on how Rule 801 and Rule 802 do NOT apply to his statements. Rather, he argues that these statements are excited utterances and should be permitted at trial. Defendant fails to provide any legal authority to support the notion that if one rule of evidence prohibits Defendant's statements, but another rule arguably permits a statement, then the rule that

permits a statement trumps the rule that prohibits a statement. The defendant's statements to law enforcement are classic hearsay and cannot be elicited by the defendant at trial. Certainly, the defendant is free to testify and to be subject to cross-examination. What is more, to assert that excited utterances of defendants are admissible would result in the absurd result of nearly all defendants being able to get their "excited utterances" into evidence because most defendants are interviewed by law enforcement shortly after the crime is committed, and are arguably under the stress of the events. Defendant has provided no case law that should sway the Court to allow Defendant's self-serving statements under the excited utterance exception.

Defendant's prior, self-serving, exculpatory statements are inadmissible hearsay because they are irrelevant, unduly prejudicial, and constitute inadmissible hearsay with no indicia of reliability. Similarly, law enforcement officers' statements during interviews with Defendant, which merely repeat Defendant's self-serving, exculpatory statements also are inadmissible.

While the United States may offer a defendant's statements as a non-hearsay admission of an opposing party, the same is not true for a defendant. Fed. R. Evid. 801(d)(2); *United States v. Larsen*, 175 F. App'x 236, 241 (10th Cir. 2006) ("Rule 801(d)(2), which excludes from the definition of hearsay admissions by a party-opponent, does not apply because that rule does not permit self-serving, exculpatory statements made by a party and offered by that same party.") The basis for this ruling is straightforward – a defendant's self-serving statements are not admissible under any of the hearsay exceptions, and otherwise lack "the required indicia of trustworthiness and reliability which support the admission of hearsay under exceptions to the hearsay rule." *United States v. Woosley*, 761 F.2d 445, 449 (8th Cir. 1985).

In addition, to the New Mexico District Court and the Tenth Circuit Court of Appeals, other circuit courts have followed the same precedent that precludes a defendant from eliciting

any self-serving, exculpatory statements the defendant previously made to other witnesses, including law-enforcement, during cross-examination.  *See United States v. Hassan*, 742 F.3d 104, 134-35 (4th Cir. 2014); see also *United States v. Gonzalez*, 399 F. App'x 641, 645 (2nd Cir. 2010) (defendant's "self-serving exculpatory statement would be inadmissible hearsay even had he been tried alone"); *United States v. Lopez-Figueroa*, 316 F. App'x 548, 549-50 (9th Cir. 2008) (holding that "any exculpatory statements" by the defendant were hearsay and inadmissible, but even under Rule 106, and quoting *United States v. Ortega*, 203 F.3d 675, 685 (9th Cir. 2000), "exclusion of [the defendant's] exculpatory statements was proper because these statements would still have constituted inadmissible hearsay."  *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988) ("It seems obvious defense counsel wished to place [the defendant's] statement [in which he denied committing the crime to law enforcement] before the jury without subjecting [the defendant] to cross-examination, precisely what the hearsay rule forbids.")

Courts have routinely held that defendants may not bypass the requirements of providing sworn testimony by attempting to introduce their self-serving, exculpatory statements through the testimony of other witnesses.  The District of New Mexico has likewise applied this precedent routinely at the district court level.  *United States v. Chaco*, No. CR-10-3463 JB, 2011 WL 6510748, at *1 (D.N.M. Aug. 6, 2011); *United States v. Kirovski*, No. CR 08-367 MCA, 2009 WL 10708359, at *7 (D.N.M. Jan. 9, 2009) (court held defendant's self-serving, exculpatory statements did not fall under the residual exception to hearsay rule).  Thus, the United States may introduce Defendant's recorded inculpatory statements, but the defendant may not introduce his own non-inculpatory ones, which are inadmissible hearsay.

## CONCLUSION

WHEREFORE, the United States respectfully requests that the Court issue pretrial an order prohibiting Defendant, either through direct examination or cross-examination, from eliciting testimony or introducing evidence of his self-serving, out-of-court declarations for the truth of the matter asserted. The United States further requests that the Court order Defendant to seek an admissibility ruling, outside the presence of the jury, prior to attempting to admit any of his out-of-court statements.

        Respectfully submitted,

        JOHN C. ANDERSON
        United States Attorney

        */s/ Filed Electronically on August 12, 2020*
        NOVALINE WILSON
        KYLE NAYBACK
        Assistant United States Attorneys
        P.O. Box 607
        Albuquerque, New Mexico 87103
        (505) 346-7274

I HEREBY CERTIFY that on August 12, 2020,
I filed the foregoing electronically through the
CM/ECF system, which caused counsel of record
to be served by electronic means, as more fully
reflected on the Notice of Electronic Filing.

*/s/*
KYLE NAYBACK
Assistant U.S. Attorney