IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 18-3495 JCH |
| ) | |
| **DOUGLAS D. SMITH**, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO THE UNITED STATES' NOTICE OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b) (DOC. 99)

The United States hereby replies to Defendant's Response to the United States' Notice of Intent to Introduce Evidence Pursuant to 404(b) (Doc. 67). Evidence of Defendant's prior firearm discharge at another fleeing trespasser is offered for a proper purpose. This evidence is relevant to show wanton disregard for human life because it demonstrates that Defendant continued to shoot multiple times in the direction of people who are actively fleeing.

Defendant argues he was scared, shot to miss, and that his shooting and killing of Jane Doe was accidental. Doc. 99 at 3. He states he fired "warning shots" to defend himself. *Id*. There is no such thing as a "warning shot." Shots fired into the air to scare people off are often deadly. Bullets shot into the sky must eventually fall, and have killed people. Defendant's assertions demonstrate the relevance and importance of his prior conduct because it further illustrates his intent and his lack of mistake or accident, which are directly at issue. Repeatedly firing at trespassers as they flee is reckless and cannot be considered self-defense. Defendant's conduct in this case is extremely reckless, not accidental. Defendant knowingly discharged his deadly weapon multiple times at Jane Doe, and another trespasser as they fled. This conduct shows

wanton disregard for human life. There is no indication Defendant shot in the air or in the ground to chase away intruders. Defendant stated of the other male trespasser, "he took off running, and I went pow, pow, pow again, just like I did with this girl." Doc 66, Government's Exhibit 2, at 13:8-9. Defendant's freely admits that he knowingly fired multiple bullets at another human being after that man started to flee. Again, this is clearly wanton disregard for human life.

  The United States additionally seeks to introduce evidence that Defendant referred to himself as the "motel cop" and used the same firearm to challenge other individuals on his property as evidence of intent, motive and absence of mistake or accident. Defendant self-identifies as the "motel cop" (05/07/18 Tr. at 20: 8-9). No one else puts those words in his mouth. As part of his explanation, Defendant stated he called the police, but he also went on to describe to the interviewing FBI agents that he deals with people, judges their character, and that he has taken his pistol out on more than one occasion when he perceived a threat. *Id.* at 20:7-25, 21-23:1-6. Defendant described the battery involving the man and woman staying at the motel and his initial confrontation with the couple. Defendant noted that the couple continued to fight. Defendant said nothing about calling the police, instead, Defendant returned to the motel room with the very same pistol to challenge the man. This evidence directly negates his many ongoing assertions that he was "scared shitless." It shows Defendant has gone out on a prior occasion, armed with the same pistol, to confront people on his property. Rather than calling the police, Defendant arms himself with his pistol and affirmatively seeks out confrontation, which show Defendant's intent and motive to engage in conduct that amounts to a willful, wanton and reckless disregard for human life.

  The United States submits the proffered evidence would be introduced through law enforcement agent's testimony as part of Defendant's admissions made in several voluntary

*Mirandized* interviews. The United States anticipates this testimony would be brief. Furthermore, this evidence is not unfairly prejudicial since neither of the men Defendant fired at or threatened was actually killed. Additionally, the United States does not oppose a limiting instruction to any of the foregoing evidence.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests this Court allow the above-described evidence to be offered at trial.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed on 08/20/20*
NOVALINE D. WILSON
KYLE T. NAYBACK
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 224-1419

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court using
the CM/ECF system, which will cause a copy of
this filing to be sent to counsel for Defendant.

*/s/*
NOVALINE D. WILSON
Assistant United States Attorney