IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       No. 18-cr-3495 JCH

DOUGLAS D. SMITH

    Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion *in Limine* for Pre-Trial Determination of Indian Country Land Status (ECF No. 65). Defendant filed a response (ECF No. 90) stating that he does not object to the Court resolving the issue in a pretrial order, but he incorporated the arguments he set forth in his motion to dismiss for lack of federal jurisdiction (ECF No. 47). The Court held an evidentiary hearing on August 25, 2020, on the issue of federal jurisdiction. The Court, having considered the motion, response, reply, relevant law, and otherwise being fully advised, will grant the motion for pre-trial determination of Indian Country land status.

    **I.**    **BACKGROUND**

A federal grand jury charged Defendant Smith, a non-Indian, with unlawfully killing Jane Doe, an Indian, with malice aforethought on or about May 5, 2018, in Indian Country, in violation of 18 U.S.C. §§ 1152 and 1111. *See* Indictment, ECF No. 24. The parties agree that the alleged crime occurred on Defendant's property at 826 N. Riverside Drive in Española, Rio Arriba County, New Mexico, mainly in Section 2, Township 20N, Range 8E, NMPM (hereinafter "the Property"). *Compare* Gov.'s Resp. 1, ECF No. 53, *with* Def.'s Mot. 2-4, 6, ECF No. 47. The parties also agree that the land was transferred to non-Indians Alfred Lucero, Antonia F. de Lucero, and Pleasant Henry Hill, Jr., under the provisions of the Pueblo Lands Act, 43 Stat. 636, via a patent issued on

March 29, 1937. *Compare* Def.'s Mot. 6, ECF No. 47; Def.'s Ex. A, ECF No. 47-1 at 3, *with* Gov.'s Resp. 1, ECF No. 53. The Property is located within the exterior boundaries of the Pueblo of Santa Clara. *See* Hr'g Ex. 2-4.

## II. LEGAL ANALYSIS

The Tenth Circuit in *United States v. Roberts* explained that as "a general matter, the trial court decides the jurisdictional status of a particular property or area and then leaves to the jury the factual determination of whether the alleged crime occurred at the site." 185 F.3d 1125, 1139 (1999). Accordingly, "a trial court also acts appropriately when it makes the jurisdictional ruling a particular tract of land or geographic area is Indian Country, and then instructs the jury to determine whether the alleged offense occurred there." *Id.* The party seeking to invoke the jurisdiction of a federal court must demonstrate by a preponderance of the evidence that the case is within the court's jurisdiction. *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994). The United States then has the burden to prove beyond a reasonable doubt that the alleged crime occurred on that particular tract of land or geographic area. *See id.* at 1139-40.

For the reasons set forth in the Court's contemporaneously filed Memorandum Opinion and Order denying Defendant's Motion to Dismiss for Lack of Federal Jurisdiction (ECF No. 47), the Court concludes that the Property is within the exterior boundaries of the Pueblo of Santa Clara and is Indian Country, and therefore, the case is within the Court's jurisdiction. A jury, however, will determine whether anything of a criminal nature occurred at the 826 N. Riverside Drive address.

**IT IS THEREFORE ORDERED** that the United States' Motion *in Limine* for Pre-Trial Determination of Indian Country Land Status (**ECF No. 65**) is **GRANTED**.

_____
HONORABLE JUDITH C. HERRERA
Senior United States District Judge