IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| )  | |
| Plaintiff,       ) | |
| ) | |
| vs.       ) | Criminal No. 18-3495 JCH |
| ) | |
| DOUGLAS D. SMITH,       ) | |
| ) | |
| Defendant.       ) | |

ORDER CONTINUING TRIAL SETTING AND SETTING FORTH CASE-SPECIFIC FINDINGS FOR EXCLUSION OF SPEEDY TRIAL ACT TIME

THIS MATTER having come before the Court sua sponte, the Court finds that it is necessary to continue the trial currently scheduled for September 21, 2020, and enters this order making individualized findings in support of the exclusion of time from the Speedy Trial Act from the original trial date to the new trial date. Specifically, the Court FINDS that the ends of justice served by the continuance of the trial in this matter outweigh the best interest of the public and the defendant in a speedy trial because:

(1) The Coronovirus "COVID 19" pandemic has been declared a national emergency by the President of the United States and the New Mexico State Governor declared a state public health emergency.

(2) The emergency brought on by the spread of the coronavirus and COVID-19 has not yet ended.

(3) The Centers for Disease Control and Prevention ("CDC") and other public health authorities continue to advise the taking of precautions to reduce the possibility of exposure to the virus and slow the spread of the disease.

(4) The Governor of New Mexico made a public statement that as of August 27, 2020, according to the CDC, over 5.7 million people have been infected in

the United States, with over 175,000 related deaths, and the New Mexico Department of Health ("DOH") has reported over 24,900 positive COVID-19 cases and 764 related deaths in New Mexico. The Governor stated that it is necessary for all branches of State government to continue taking actions to minimize transmission of COVID-19 and reduce its attendant harms.

(5) The Pete V. Domenici Courthouse in Albuquerque where trial would be held is presently operating at Phase II of the Court's Phased Restoration of Operations, which involves minimal staffing and limited access to the courthouse by members of the public.

(6) No dates have been set for proceeding to Phases III or IV of the Phased Restoration of Operations. Movement between phases will be a function of orders from the CDC and State of New Mexico.

(7) The venire panel for this matter is drawn from the Northern Division for the District of New Mexico.

(8) The counties within New Mexico with the highest number of COVID-19 cases include Bernalillo, McKinley, and San Juan, which are located in the Northern Division for the District of New Mexico.

(9) The District of New Mexico encompasses the entire state—by land mass the fifth largest in the Nation. As such, jurors from the far corners of the state are routinely required to stay in hotels for the duration of their service. Because hotels are operating at a reduced capacity, finding lodging for jurors, once a matter of routine, is more complicated during this public health crisis. Travel for jurors also adds to the risk of spreading the virus.

(10) In the typical past practice, trials inherently involved crowded courtrooms; in addition to the attorneys, the defendant, and Court and security staff, sometimes 50 to 100 prospective jurors spend hours on crowded seats where they cannot avoid close physical proximity with others. Additionally, once selected, a minimum of twelve jurors are seated close together in the jury box and spend the majority of the

day together in a confined space. Thus, even if the Court could obtain an adequate spectrum of jurors and manage the safe selection of a jury in the midst of the COVID-19 pandemic, the nature of jury work hampers the Court's ability to protect the safety of those jurors as recommended by the CDC and DOH. Accordingly, the Court's ability to maintain compliance with current public health and safety recommendations using its prior courtroom space makes jury trials practically impossible.

(11) The District of New Mexico has created a plan to utilize its very limited courtroom space that is large enough to conduct jury trials in the manner needed for social-distancing requirements necessary for the maintenance of the public health. Judges in this district must share the limited courtroom space large enough to safely conduct jury trials, and thus, the District is not capable of conducting multiple trials at the same time. Due to the court congestion exacerbated by the restrictions necessary for the public health, the Court concludes that it is unlikely that it can seat an adequate jury for trial in this case at its currently scheduled time. Consequently, due to the restrictions imposed by current public-health concerns, it is unreasonable to expect adequate preparation for the trial within Speedy Trial Act time limits.

(12) In addition to the district-wide public-health risks, an ends-of-justice delay is appropriate because:

- Counsel, United States Attorney's Office personnel, and victim-witness specialists have been encouraged to telework to minimize personal contact to the greatest extent possible. Trial preparation necessarily involves close contact with witnesses, inconsistent with the advice from the CDC.

- The trial involves multiple local law enforcement witnesses who, pursuant to their work obligations and constant contact with the community, present an increased likelihood for spread of the virus.

(13) Furthermore, in this case, there are currently 14 pending motions that must be resolved before trial. On May 13, 2020, Defendant filed an unopposed motion to continue trial and to extend deadlines to file motions, responses, and replies until July 15, 2020. *See* Def.'s Unopposed Mot. to Continue, ECF No. 76. The Court

granted Defendant's request. Notice, ECF No. 79. Defendant filed another Unopposed Motion to extend the deadlines to file all responses and replies until July 29, 2020. Def.'s Unopposed Mot., ECF No. 80. The Court again granted the request. Order, ECF No. 81. Defendant requested yet another extension of time to file three total response and reply briefs. Def.'s Unopposed Mot., ECF No. 95. The Court once again granted the requested extension. Order, ECF No. 96. Briefing on the bulk of the motions was not completed until between August 7 and August 20, 2020, and thus the Court has only recently taken the matters under advisement. Moreover, the Government filed a motion in limine on August 28, 2020, for which briefing is not complete, so the Court has yet to take that issue under advisement. In addition, Defendant has requested a hearing on multiple motions, and the Court is in the process of determining whether hearings on any of the motions will assist the Court in their resolution. Finally, Defendant challenged this Court's subject matter jurisdiction. The Court held a hearing on the motion on August 25, 2020, and entered an Order on August 27, 2020, finding that it has jurisdiction over this case. The Court could not turn to the substantive matters in the case until that preliminary issue was resolved in favor of subject matter jurisdiction. Consequently, the ends of justice require a continuance of the matter in order to allow the Court time to resolve the many pending motions before it.

**IT IS THEREFORE ORDERED** that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds the Coronavirus Outbreak is a continuing serious health crisis and proactive measures are needed to combat its spread. In an effort to protect public health by reducing the size of public gatherings while balancing the fair administration of justice, the Court finds that a continuance of the Call of the Calendar, Jury Selection/Trial, and Pretrial Deadlines is warranted. The exclusion of the suspension period is necessary to balance the health and safety of jurors, court employees, litigants, counsel, judges, and the public with the Courts' Constitutional responsibility to continue federal court operations during the COVID-19 outbreak. Accordingly, such time between the Speedy Trial deadline and the commencement of the trial, which will be set by separate notice,

shall be excluded for purposes of the Speedy Trial Act and that the ends of justice are best served by granting a continuance in this matter. The ends of justice are served by ordering this jury trial continuance, and outweigh each defendant's right to, and the public's interest in, a speedy trial.

**IT IS FURTHER ORDERED** that the Call of Calendar hearing of September 10, 2020 and the Jury Selection/Trial of September 21, 2020 and corresponding trial deadlines are VACATED.

JUDITH C. HERRERA
SENIOR UNITED STATES DISTICT JUDGE