IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr No. 18-3495 JCH |
| ) | |
| **DOUGLAS D. SMITH**, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' PROPOSED VOIR DIRE QUESTIONS**

The United States respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. The Court is further requested to allow counsel for the United States to pursue more detailed questioning if further inquiry is appropriate and, if desirable, to conclude with an inquiry as to whether particular facts or circumstances would influence a juror in favor or against either the United States or the defendant. The Court is requested to invite jurors to approach the bench to respond outside the hearing of the rest of the panel if the prospective jurors so desire.

A. <u>Qualifications and General Biases</u>

1. Is anyone taking any medication that would prevent you from giving your full attention to all the evidence at this trial?

2. Does anyone have any difficulty in reading or understanding English to any degree?

3. Does anyone work swing shifts or has anyone been up all night prior to coming here today?

4.  Does any juror have any religious, philosophical or other beliefs that would make you unable to sit in judgment of the facts of this case and render a guilty verdict for reasons unrelated to the law and evidence?

5.  In these questions I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does anyone have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly and impartially in this case and to render a true and just verdict without fear, favor, sympathy or prejudice, and according to the law as it will be explained?

B. <u>Knowledge of the Trial Participants</u>

1.  The defendant in this case is Douglas D. Smith. Does any juror know, or has he or she had any dealings, directly or indirectly, with the defendant, or with any relative, friend or associate of the defendant?

2.  The victim in this case, who is identified as Jane Doe in the indictment due to the public nature of that document, was (*name deleted for purpose of this public filing*). Did any of you know the victim, or have any of you had any dealings, directly or indirectly, with the victim, or with any relative, friend or associate of the victim?

3.  Does any juror have any relatives, friends, associates, or employers who know or who have had any dealings with the defendant or victim?

4.  The United States may call the following witnesses:

Edwin Olsen

Police Officer Albert Rael

Detective Byron Abeyta

FBI Special Agent Travis Taylor

Field Deputy Medical Investigator Lynne Gudes

2

        Matthew Cain, M.D.

        FBI Photographer Tammy Peter

        FBI Special Agent Bradley Koons

        Steve Jameson, FBI Operational Projects Unit

        FBI Special Agent Brian Acee

        FBI Physical Scientist/Forensic Examiner Theodore Chavez

        FBI Photographer Nathan Schwabedissen

        Geraldine Gutierrez, Santa Clara Pueblo Vital Statistics Office

        Derek Delacruz

        Daniel Smith

Do any of you know any of these witnesses?

C. <u>Relationships and Associations</u>

1. The defendant in this case is represented by Assistant Federal Public Defenders Aric Elsenheimer and Amanda Lavin. Do any of you know Mr. Elsenheimer or Ms. Lavin? Has any juror had dealings, either directly or indirectly, with Mr. Elsenheimer or Ms. Lavin?

2. The United States is represented here as in all cases where it is a party before this Court by the United States Attorney for the District of New Mexico who is John C. Anderson. The trial will be conducted by Assistant United States Attorney Novaline Wilson and Supervisory Assistant United States Attorney Kyle Nayback. Do any of you know Mr. Anderson, Ms. Wilson, or Mr. Nayback? Have any of you had dealings either directly or indirectly with these individuals?

3. Does any juror have any bias, prejudice or other feelings with respect to the United States Attorney's Office?

4.  Have you, or has any member of your family, either as an individual or in the course of business, ever been a party to any legal action or dispute with the United States or any of the officers, departments, agencies, or employees of the United States, or had any interest in any such legal action or dispute and its outcome?

5.  Have you or any of your relatives or close friends ever had any unfavorable dealings with the United States Government, United States Department of Justice, the Federal Bureau of Investigation, the New Mexico State Police, the Espanola Police Department, any tribal police agencies, or the United States Attorney's Office?

If so, what was the nature of the dealings or involvement, and when did they occur?

6.  Have you or has a relative or close friend ever had an experience with law enforcement officers that has caused you to have a strong feeling for or against law enforcement officials?

7.  Do any of you have views about the United States government or any of its agencies that would tend to bias you in favor of or against any party in this case?

8.  Is there anyone who has a general distrust of the government?

9.  Is there anyone who has previously been involved in protests to oppose any sort of government action?

10. Has anyone had any training or education in law, or otherwise worked in a law office?

11. Is anyone friends with or related to an attorney who practices criminal law, either as a prosecutor or defense attorney?

12. Aside from the people who work in law enforcement, does anyone have any friends or relatives who work for a law enforcement agency such as a police department, sheriff's office, the state police, a federal law enforcement agency, or a law enforcement agency for a tribe or pueblo?

13. Is anyone an attorney, friends with or related to an attorney who practices criminal law, either as a prosecutor or defense attorney?

14. Does anyone on the panel believe the judicial system in general is unfair? If "yes", please explain why. Would these feelings prevent you from being fair and impartial in this case?

D. Experience as a Witness, Defendant, or Crime Victim

1. Have you or has a relative or close friend ever been the victim of a crime, or been a witness to a crime?

If so, when did the incident occur, and would you describe your interactions with the police and the prosecutors or other government officials as mostly positive or mostly negative? Would that experience affect how you would view the testimony or evidence in this case? Would it in any manner tend to prejudice you, affect your ability to evaluate the evidence or otherwise affect your deliberations in this case?

2. Have you or has or any relative or close friend ever been questioned, appeared as a witness, or otherwise been involved in any criminal investigation?

3. Have you ever been a witness or complainant in any prosecution, state or federal?

4. Has any juror or any relative, associate, or close friend ever been the subject of any investigation or accusation by any grand jury, federal or state? If so, would that in any manner tend to prejudice you or affect your ability to evaluate the evidence or otherwise affect your deliberations in this case?

5

5. What, if anything, would you change about the criminal justice system?

6. Has anyone been a victim of any type of crime?

7. Has anyone been the victim of a violent crime? If so, when did the incident occur and please describe it for us. Was the incident reported to law enforcement? Was it prosecuted? How has it affected your life?

8. Has anyone had a relative or close friend murdered or killed? If so, when did the incident occur and please describe it for us. Was the incident reported to law enforcement? Was it prosecuted? How has it affected your life?

9. Does anyone think that some people deserve to be victimized because they did something that warranted it?

10. Is vigilante justice ever warranted?

11. Under what circumstances?

12. What if the court instructed you that vigilante justice is never lawful?

13. Would you have a difficult time following an instruction like this?

14. How do you feel about being asked to judge the honesty or credibility of a witness?

15. Have you ever been in the position of having to decide whom to believe when told directly conflicting stories? Were you able to decide?

16. How did you do it?

E. The Charge

1. This is a criminal case. The defendant, Douglas Smith, is charged with violating federal laws.

2. The indictment is not evidence itself. It simply contains the charges that the United States is required to prove to the satisfaction of the jury beyond a reasonable doubt. Counsel for the government plans to summarize the charges in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of the prospective jurors to serve on the jury.

F. <u>Nature of the Charges</u>.

1. This case involves a charge of "Second Degree Murder, an Indian Country crime." Do any of you feel you cannot sit as a juror because of the subject matter of this particular case?

2. Due to the subject matter, some of the evidence will be graphic, including photographs of a deceased individual. Does anyone feel they could not sit as a juror because of the graphic visual depictions and testimonial descriptions?

3. This case involves the defendant's use of a firearm, causing the death of the victim. Do any of you feel you cannot sit as a juror because of the subject matter relating to this charge?

4. Is anyone familiar with basic gun safety rules?

5. Is your understanding that these rules include:

   i. Never point your gun at something you are not prepared to destroy?

   ii. Always be sure of your target and what is behind it?

6. Is there anything about a case involving homicide or a firearm that would make it difficult for any of you to be fair and impartial?

7. You will be asked by this court to determine intent in this matter. Does anyone feel they would be unable to determine what someone was thinking at a given time? How can one determine what another person was thinking?

8. Have you, or has someone close to you, ever been accused or falsely accused of any crime?

9. Have you read or heard anything through the news media about murder that made an impression on you? If yes, what are your thoughts about what you have read or heard?

10. Has anyone heard or read anything about this specific matter in the media?

11. If the Court's instructions differ from your opinion concerning the involvement of the federal government in matters such as this, would you be able to follow the instructions of the Court and put aside your own personal opinion?

G. <u>Biases Regarding Native Americans and Relations with the Federal Government</u>

1. The victim is alleged to have been a member of the Santa Clara Pueblo and the incident allegedly occurred within the exterior boundaries of the Santa Clara Pueblo. Does the fact that the victim was a Native American make you think this case should be decided differently than any other criminal case? If so, how?

2. Does the fact that the defendant is not Native American make you think that you must treat the evidence of testimony any differently than any other case? If so, why?

3. Do you believe that the allegations should be treated differently because the victim was Native American?

4. This crime is alleged to have occurred on the Pueblo of Santa Clara. Do any of you feel the federal government should not be involved in the prosecution of crimes that occur within the land held by Indian tribes?

5. Are you aware that tribes prosecute some crimes (misdemeanors) and that the federal government has the trust responsibility to prosecute the more serious felonies?

6. Throughout this trial, you will hear the Court and the parties refer to the victim as "Indian" and use the term "Indian Country" to describe the Pueblo of Santa Clara. "Indian" and "Indian Country" are the terms the United States Congress uses in statutes related to criminal law. We only use them because they are taken directly from those laws. Today, some people may find the use of these terms outdated or even offensive. Would any of you be offended, distracted, or biased against any party because the legal terms "Indian" and "Indian Country" are used during this trial?

7. The United States Attorney's Office has a duty under federal law to prosecute a felony or a serious crime which occurs within Indian Country. Do any of you think this law is wrong? Why?

H. <u>Function of the Court and Jury</u>

1. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or lawyers say or do may encroach in any way on your role as the exclusive fact finder. When it comes to the law, however, you are to take your instructions from the Court and you are bound by those instructions. You may not substitute your notions of what the law is or what you think it should be. At the conclusion of this case, your job will be to determine whether the defendant is guilty as charged in the indictment. Does any juror have any bias or prejudice that might prevent him or her from accepting the instructions of law that the Court will give you in this case?

2. As a juror, you may not consider a defendant's punishment in determining whether the government has proved its case beyond a reasonable doubt. Is there anyone here who

thinks that thoughts about a defendant's punishment might make it harder for them to find a defendant guilty?

      3.      Will each of you accept the proposition of law that sympathy must not enter into your deliberations as to the guilt or innocence of the defendant and that only the evidence produced here in Court may be used by you to determine the guilt or innocence of the defendant? If you decide the defendant is guilty, but feel sorry for him for any reason, would you still be able to vote guilty without regard to sympathy or feelings for him?

      4.      For you to convict the defendant, the government must prove guilt beyond a reasonable doubt. Reasonable doubt is doubt based on reason and common sense and not proof beyond a shadow of a doubt. Is there anyone on the panel who could not convict a defendant unless they were absolutely certain of that person's guilt, even if you felt there was no reasonable doubt as to the defendant's guilt? Is there anyone on the panel who believes that the government should have a higher burden of proof, such as proof of guilt beyond a shadow of a doubt?

      5.      Is there any juror who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and evidence?

I.    <u>Requested Instruction Following Impaneling</u>

      1.      From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions even with members of your family or friends. If, at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me. In this regard, let me explain

to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting. So if you happen to see any of them outside this courtroom they will, and should, ignore you. Please do not take offense. They will only be acting properly by doing so.

        Respectfully submitted,

        JOHN C. ANDERSON
        United States Attorney

        *Electronically filed on 09/14/2020*
        NOVALINE D. WILSON
        KYLE T. NAYBACK
        Assistant United States Attorneys
        Post Office Box 607
        Albuquerque, New Mexico 87102
        (505) 346-7274

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause a copy of this filing to be sent to counsel for Defendant.

/s/
NOVALINE D. WILSON
Assistant United States Attorney