IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         No. 18-cr-3495 JCH

DOUGLAS D. SMITH

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Exclude Expert Witness Testimony of Theodore Chavez (ECF No. 48). Defendant contends that the disclosure of the Government's expert witness, Theodore Chavez, is untimely and fails to satisfy the requirements of Federal Rule of Criminal Procedure 16(a)(1)(G). The Court, having considered the motion, briefs, evidence, relevant law, and otherwise being advised, concludes that the motion should be denied based on the issues raised concerning Rule 16. Nevertheless, Defendant in his reply brief raised an issue of the relevance of the testimony under Rule 702, and the Court will reserve ruling on that issue until after it conducts a hearing on the matter.

**I.    BACKGROUND**

According to Defendant, on February 12, 2020, the Government disclosed a "Trajectory Report" by Theodore Chavez. *See* Def.'s Mot. 2, ECF No. 48. Defendant complains that the extent of detail for Mr. Chavez's testimony is two paragraphs:

> T1    H2-→T1
> Trajectory T1 was reconstructed in the corrugated metal siding and continued into the television screen. Trajectory T1 originated from a north/northeast direction.

      H1      Hole 1 was located in the metal trim of a camper trailer and could not be associated with a trajectory. The bullet and/or debris that created H1 originated from a north/northeast direction.

*Id.* at 4. Defendant asserts that any expert evidence or opinions other than these two paragraphs should be excluded at trial, including the model. *Id.*

According to the Government, it disclosed additional information to the defense on March 25, 2020, once it received it from the Federal Bureau of Investigation ("FBI") Laboratory. Gov.'s Resp. 2, ECF No. 70. On April 20, 2020, the United States filed its Notice of Intent to Offer Expert Witness Testimony (ECF No. 54), which included information concerning Theodore Chavez, a forensic examiner at the FBI. In the Notice, the Government disclosed that Mr. Chavez will testify about "trajectory analysis he examined from shooting incident reconstruction that took place at Defendant's property;" "the process he followed to survey the location, find the bullet holes, identify the location of impact in the structures, create the trajectory report and graphic, and will address the limitations of trajectory analysis and the role of intervening objects." Notice 2-3, ECF No. 54. The Government also expects him to testify "regarding Hole 1, which is located in the metal trim of the camper trailer and Trajectory 1, which is reconstructed in the corrugated metal siding and continued into the television screen," and the directionality of the results. *Id.* Attached to the Government's Notice is Mr. Chavez's Resume and Laboratory Report. *See* Gov.'s Ex. 4, ECF No. 54-4.

## II.  ANALYSIS

Rule 16(a)(1)(G) provides that the expert summary must "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G). If a party fails to comply with Rule 16, a court may prohibit the party from using the undisclosed evidence at trial. Fed. R. Crim. P. 16(d)(2)(C).

Having examined the Notice, the Court finds that the Government satisfied its obligations under Rule 16(a)(1)(G) to describe Mr. Chavez's opinions, the bases and reasons for his opinions, and his qualifications. Since the filing of Defendant's motion, the parties moved to continue trial, and this Court granted a continuance of the trial until September 21, 2020. Order, ECF No. 78. This Court again ordered a continuance because of its inability to safely conduct a jury trial, given complications and concerns arising from the COVID-19 pandemic and congestion of the Court's calendar. Because of the continuances, the Government ultimately disclosed its report well more than 90 days before trial. The Court finds that no prejudice occurred from the timing of the disclosure and there was no bad faith. The Court will therefore deny Defendant's motion to exclude Mr. Chavez's testimony based on Rule 16 concerns.

Defendant in his reply, however, raises concerns regarding the relevance and helpfulness of Mr. Chavez's opinion in his report and requests a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). *See* Def.'s Reply 3, ECF No. 84. The Court will grant that request and will schedule a hearing via Zoom with a notice to follow.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Exclude Expert Witness Testimony of Theodore Chavez (**ECF No. 48**) is **DENIED** based on Rule 16 concerns, but the Court will **RESERVE RULING** on the *Daubert* issues and hold a hearing on Rule 702 issues.

_____
**SENIOR UNITED STATES DISTRICT JUDGE
JUDITH C. HERRERA**