IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                 No. 18-cr-3495 JCH

DOUGLAS D. SMITH

    Defendant.

## MEMORANDUM OPINION AND ORDER

On December 16, 2020, Defendant Douglas D. Smith filed a *Motion for Statewide Jury Pool and Supplemental Jury Questionnaire* (ECF No. 136). Defendant requests a statewide jury pool for jury selection and to send a supplemental jury questionnaire to all members of the pool to complete before voir dire. The United States filed a response opposing the motion. Defendant did not file a reply and the time to file one timely has passed. Having considered the motion, response, evidence, Defendant's proposed Supplemental Juror Questionnaire (ECF No. 136-1), the applicable law, and otherwise being fully advised, the Court will deny Defendant's motion.

**I.  BACKGROUND**

The United States District Court for the District of New Mexico, in accordance with the Jury Selection and Service Act of 1968, as amended, 28 U.S.C. § 1861, *et seq.*, adopted a Jury Selection Plan on October 27, 2015. *See* Order Adopting Modified Jury Plan, MISC No. 15-MC-04-42 (ECF No. 42). The Jury Selection Plan created two jury divisions, a Northern Division and a Southern Division, "each composed of counties from which jurors will be drawn for each place of holding court." Jury Selection Plan at 1, Order Adopting Modified Jury Plan, MISC No. 15-MC-04-42 (ECF No. 42-1). The creation of two divisions will reduce burdens on persons reporting for jury service. *Id.*

A federal grand jury charged Defendant Smith, a non-Indian, with unlawfully killing Jane Doe, an Indian, with malice aforethought on or about May 5, 2018, in Indian Country, in violation of 18 U.S.C. §§ 1152 and 1111. *See* Indictment, ECF No. 24. Trial in this matter is currently set for March 16, 2020, in Albuquerque, New Mexico, Bernalillo County. *See* Order, ECF No. 44.

## II.   STANDARD

The Sixth Amendment guarantees a defendant in a criminal trial the right to an impartial jury drawn from a fair cross-section of the community. *See Taylor v. Louisiana*, 419 U.S. 522, 537 (1975). A defendant does not, however, have the right to a jury of any particular composition and the jury actually chosen does not need to "mirror the community." *Id.* at 538. To establish a prima facie violation of the fair cross-section requirement, a defendant must show "(1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." *United States v. Kamahele*, 748 F.3d 984, 1023 (10th Cir. 2014) (quoting *Duren v. Missouri*, 439 U.S. 357, 364 (1979)). Once a defendant establishes a prima facie Sixth Amendment violation, the burden shifts to the government to prove that "attainment of a fair cross section is incompatible with a significant state interest." *Id.* (quoting *United States v. Shinault*, 147 F.3d 1266, 1271 (10th Cir. 1998)).

## III.   ANALYSIS

### A.  Statewide Jury Pool

Defendant contends a statewide jury pool is needed because of the nature of the charges, the media attention in this case, the risk of prejudice to Defendant from a non-diverse jury pool, and the risk of not obtaining a jury from a cross-section of the community. Defendants contends a

jury pool limited to the Northern Division of New Mexico is too small given the pretrial publicity in the northern part of the state and because of at least one "significant inaccuracy in the press coverage," which is that the alleged victim sustained two gunshot wounds to the head. Def.'s Mot. 4-5, ECF No. 136. Moreover, Defendant argues that a larger statewide jury pool is necessary to ensure a broad cross section of the community given the unpredictable nature of the COVID-19 pandemic.

Neither the Constitution nor the courts requires that jurors be totally ignorant of the facts of the case. *Goss v. Nelson*, 439 F.3d 621, 627 (10th Cir. 2006). When examining the impact of pretrial publicity, courts may examine (1) the nature of the publicity and its temporal nexus to the trial, and (2) the effect of the publicity on the potential jury pool. *Id.* at 631.

The cited news coverage in this case occurred in May 2018, nearly three years prior to the trial. It has not been so extensive and continuous to indicate a statewide jury pool is necessary to seat an impartial jury. Nor can the Court presume prejudice under the circumstances of this case. *See id.* at 628 (explaining that courts will only presume prejudice where publicity "created either a circus atmosphere in the court room or a lynch mob mentality such that it would be impossible to receive a fair trial") (quoting *Hale v. Gibson*, 227 F.3d 1298, 1332 (10th Cir. 2000)). Moreover, voir dire questioning concerning the pretrial publicity should remedy concerns about biased jurors or misinformation. *Cf. id.* at 627 ("[J]urors are sufficiently impartial under constitutional standards if they can lay aside any preconceived opinions regarding the outcome of the case and 'render a verdict based on the evidence presented in court.'") (quoting *Irvin v. Dowd*, 366 U.S. 717, 723 (1961)). Consequently, having considered Defendant's evidence, the Court is not convinced that the publicity surrounding this case has been significant enough to cast doubt that the Court can obtain a fair, impartial jury from the pool of potential jurors in the Northern Division.

As for concerns around seating a jury due to the COVID-19 pandemic, the Court finds it is likely to seat a broad cross section of the community using jurors drawn only from the Northern Division. The Northern Division consists of 22 counties: Bernalillo, Cibola, Colfax, Curry, De Baca, Guadalupe, Harding, Los Alamos, McKinley, Mora, Quay, Rio Arriba, Roosevelt, San Juan, San Miguel, Sandoval, Santa Fe, Socorro, Taos, Torrance, Union, and Valencia. *See* Jury Selection Plan at 1, Order Adopting Modified Jury Plan, MISC No. 15-MC-04-42 (ECF No. 42-1). According to the most recent data provided by the New Mexico Department of Health, the Northern Division consists of two "Green" counties,[1] 13 "Yellow" counties,[2] and seven "Red" counties.[3] *See* Red to Green Framework, New Mexico Department of Health, https://cv.nmhealth.org/public-health-orders-and-executive-orders/red-to-green/ (last visited Feb. 23, 2011). Of the counties in the Southern Division, two are "Green," two are "Yellow," and seven are "Red." *See id.* Counties in the Southern Division are thus also experiencing COVID-19 outbreaks. The Court may increase the number of jurors summoned for trial to ensure enough jurors are available for voir dire. Based on the data and the Court's jury selection procedures, the Court finds that it can seat enough jurors using only potential jurors from the Northern Division, and that inclusion of jurors from the Southern Division is not required because of pandemic concerns.

---

[1] A "Green" county has both a new COVID-19 case incidence rate of no greater than 8 cases per 100,000 inhabitants during the most recent two-week period and an average percent of positive COVID-19 test results over the most recent 14-day period less than or equal to 5%.

[2] A "Yellow" county has either a new COVID-19 case incidence rate of no greater than 8 cases per 100,000 inhabitants during the most recent two-week period or an average percent of positive COVID-19 test results over the most recent 14-day period less than or equal to 5%.

[3] A "Red" county has a new COVID-19 case incident rate of greater than 8 cases per 100,000 inhabitants during the most recent two-week period and an average percent of positive COVID-19 test results over the most recent 14-day period greater than 5%.

Moreover, Defendant has not met its burden to show a Sixth Amendment violation is likely to occur if the Court follows the Jury Selection Plan in this case. Defendant has not shown that any distinctive group in the community is likely to be excluded using only jurors drawn from the Northern Division, rather than statewide; that the representation of a distinctive group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; or that such underrepresentation is due to systematic exclusion of the group in the jury-selection process. New Mexico is a large state geographically, so drawing jurors from a state-wide pool will burden jurors that have to report from counties in the Southern Division. Defendant has not established that an adequate reason exists to not adhere to the Jury Selection Plan.

### B. Jury Questionnaire

A district court has broad discretion in fashioning the method for jury selection generally. *United States v. Morris*, 623 F.2d 145, 151 (10th Cir. 1980). At times, questionnaires may enhance judicial economy by providing needed information to the parties prior to voir dire, which allows more time for questioning on other substantive matters during the in-court proceedings. *See United States v. Sandoval*, No. CR 04-02362 JB, 2006 WL 1304955, at * 3 (Feb. 1, 2006).

Defendant contends that his proposed supplemental jury questionnaire will help explore potential bias, help jurors retain some privacy in answering sensitive questions, and streamline the in-court voir dire process. As for COVID-19 questions in Defendant's proposed questionnaire, the District Court for the District of New Mexico currently sends a letter with each summons notifying the jurors to call the Jury Department right away if they answer "Yes" to six COVID-19-related questions. This screening process is sufficient to account for COVID-related concerns of potential jurors. As for Defendant's other proposed non-COVID questions, the Court finds its standard jury

questionnaire, its standard voir dire questioning, and the parties' voir dire questioning will suffice to ferret out potential bias without unduly extending the trial proceedings. Having considered Defendant's proposed supplemental jury questionnaire, the Court concludes that the pre-voir dire submission of these written questions to potential jurors is not necessary to ensure the Court will be able to get an impartial jury that represents a fair cross section of the community for Defendant's trial.

**IT IS THEREFORE ORDERED** that Defendant's *Motion for Statewide Jury Pool and Supplemental Jury Questionnaire* (**ECF No. 136**) is **DENIED**.

**JUDITH C. HERRERA**
**SENIOR UNITED STATES DISTRICT JUDGE**