IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No.  CR 1:18-3495-001 JH |
| DOUGLAS SMITH, | § § | |
| Defendant. | § § | |

### DEFENDANT'S REQUESTED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, the above-named defendant, through his attorney at the Office of the Federal Public Defender, respectfully tenders to the Court his requested jury instructions and requests leave to file such other instructions as may become appropriate during the course of and at the conclusion of the trial.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas Blvd., NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(505) 346-2494 Fax
aric_elsenheimer@fd.org

 /s/ filed electronically on 5/17/21
ARIC G. ELSENHEIMER, AFPD
Attorney for Defendant

## DEFENDANT'S REQUESTED JURY INSTRUCTION No. 1

## SECOND DEGREE MURDER

Mr. Smith is charged in Count 1 with a violation of 18 U.S.C. § 1111.

This law makes it a crime to unlawfully kill a human being with malice aforethought.

To find the defendant guilty of this crime, you must be convinced that the government has proved beyond a reasonable doubt:

First:        Mr. Smith caused the death of the victim named in the indictment;

Second:    Mr. Smith killed the victim with malice aforethought;

Third:       The killing took place within the territorial jurisdiction of the United States.

To kill "with malice aforethought" means either to kill another person deliberately and intentionally~~, or to act with callous and wanton disregard for human life.~~ [or to act with cruel and deliberate disregard for human life]. ~~To find malice aforethought, you need not be convinced that the defendant hated the person killed, or felt ill will toward the victim at the time.~~

In determining whether the killing was with malice aforethought, you may consider the use of a weapon or instrument, and the manner in which death was caused.

It is not necessary for the government to prove that the defendant acted with premeditated intent to kill. Premeditation is typically associated with killing in cold blood, and requires a period of time in which the accused deliberates or thinks the matter over before acting.

You are instructed that the alleged murder occurred within the territorial jurisdiction of the United States, if you find beyond a reasonable doubt that such offense occurred in the location described in the indictment.[1]

---

[1] Tenth Circuit Pattern Jury Instructions, 1.28, as modified.
  Mr. Smith proposes a jury instruction that omits the clause "or to act with callous and wanton disregard for human life." That language is vague and confusing, and tracks, almost to the letter, the elements of involuntary

## DEFENDANT'S REQUESTED JURY INSTRUCTION No. 2
## LESSER INCLUDED OFFENSE

If you unanimously find the defendant not guilty of the offense charged, or if, after all reasonable efforts, you are unable to agree on a verdict as to that offense, then you must determine whether the defendant is guilty or not guilty of involuntary manslaughter.

The difference between these two offenses is that, to convict the defendant of involuntary manslaughter, the government does not have to prove malice aforethought. This is an element of second degree murder, but not of involuntary manslaughter.

To find the defendant guilty of involuntary manslaughter, you must be convinced that the government has proved beyond a reasonable doubt:

*First*:  the defendant caused the death of the victim named in the indictment;

*Second:*  the victim was killed while the defendant was committing a lawful act in an unlawful manner, or without due caution and circumspection, which act might produce death; and

*Third:*  the killing took place within the territorial jurisdiction of the United States.

In order to prove this offense, the government need not prove that the defendant specifically intended to cause the death of the victim. But it must prove more than that the defendant was merely negligent or that he failed to use reasonable care. The government must prove gross negligence amounting to wanton and reckless disregard for human life.

---

manslaughter. The proposed bracketed language mirrors language in the caselaw defining second degree murder. *See United States v. Brown*, 287 F.3d 965 (2002). Mr. Smith also proposes the omission of the last sentence of the paragraph defining "malice aforethought." That sentence is unnecessary, confusing, and does not have any bearing on the element of "malice aforethought." Moreover, that sentence, discussing the presence or absence of personal animus toward another, is irrelevant to the analysis of "malice aforethought." Its presence, therefore, improperly confuses the jury.

3

If you are convinced that the government has proved all of these elements beyond a reasonable doubt, you may find the defendant guilty of involuntary manslaughter. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of involuntary manslaughter.[1]

---

[1] Tenth Circuit Pattern Jury Instructions, 1.33

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3
## INVOLUNTARY MANSLAUGHTER

If you find Mr. Smith not guilty of the charge of second degree murder or you cannot unanimously reach a verdict as to that charge, you must consider whether he is guilty of involuntary manslaughter. This law makes it a crime to unlawfully kill a human being 1) while committing an unlawful act not amounting to a felony, or 2) while committing a lawful act in an unlawful manner, or without due caution and circumspection, which act might produce death.

To find the defendant guilty of this crime, you must be convinced that the government has proved beyond a reasonable doubt:

*First*: the defendant caused the death of the victim named in the indictment;

*Second:* the victim was killed while the defendant was committing a lawful act in an unlawful manner, or without due caution and circumspection, which act might produce death; and

*Third:* the killing took place within the [territorial] jurisdiction of the United States.

In order to prove this offense, the government need not prove that the defendant specifically intended to cause the death of the victim. But it must prove more than that the defendant was merely negligent or that he failed to use reasonable care. The government must prove gross negligence amounting to wanton and reckless disregard for human life.

You are instructed that the alleged involuntary manslaughter occurred within the [territorial][special maritime] jurisdiction of the United States, if you find beyond a reasonable doubt that such offense occurred in the location described in the indictment.[1]

---

[1] Tenth Circuit Pattern Jury Instructions, 2.54.1, as amended.
   The defense amends the Tenth Circuit proposed jury instruction to reflect that the legal term wanton is not historically associated with merely reckless conduct. *See WANTON, Black's Law Dictionary (11th ed. 2019)*

5

## DEFENDANT'S REQUESTED JURY INSTRUCTION No. 4

## SELF-DEFENSE OR DEFENSE OF ANOTHER

The defendant, Douglas Smith, has offered evidence that he was acting in self-defense.

A person is entitled to defend himself against the immediate use of unlawful force. But the right to use force in such a defense is limited to using only as much force as reasonably appears to be necessary under the circumstances.

[A person may use force which is intended or likely to cause death or great bodily harm only if he reasonably believes that force is necessary to prevent death or great bodily harm to himself.]

To find the defendant guilty of the crime charged in the indictment, you must be convinced that the government has proved beyond a reasonable doubt:

The defendant did not act in self-defense.[1]

---

(defining wanton as "unreasonably or maliciously risking harm while being utterly indifferent to the consequences" and as used in criminal law as connoting "malice" which "reckless" does not).

[1] Tenth Circuit Pattern Jury Instructions, 1.28

## DEFENDANT'S REQUESTED JURY INSTRUCTION No. 5

## SELF-DEFENSE OR DEFENSE OF ANOTHER (UNDER NM LAW)

Evidence has been presented that the defendant acted in self-defense.

The defendant acted in self-defense if:

1.   There was an appearance of immediate danger of death or great bodily harm to the defendant as a result of Maria Gallego's invasion of his property and apparent commission of a burglary; and

2.   The defendant was in fact put in fear of immediate death or great bodily harm and fired his pistol because of that fear; and

3.   The apparent danger would have caused a reasonable person in the same circumstances to act as the defendant did.

The burden is on the Government to prove beyond a reasonable doubt that the defendant did not act in self-defense. If you have a reasonable doubt as to whether the defendant acted in self-defense, you must find the defendant not guilty.[1]

---

[1] NM UJI 14-5183

## DEFENDANT'S REQUESTED JURY INSTRUCTION No. 6
## SELF DEFENSE; ASSAILED PERSON NEED NOT RETREAT

A person who is defending property need not retreat.

In the exercise of the right of defense of property, a person may stand the person's ground and defend the person's habitation and property. The burden is on the Government to prove beyond a reasonable doubt that the defendant did not act in self-defense. If you have a reasonable doubt as to whether the defendant acted in self-defense, you must find the defendant not guilty.[1]

---

[1] NM UJI 14-5190.

The defense seeks the New Mexico state jury instruction because that instruction would be available to Mr. Smith if he were charged in state court. Mr. Smith is charged in federal court solely because of the victim's status as an "Indian" under federal law. The unavailability of this instruction to Mr. Smith in federal court violates Mr. Smith's right to due process. Mr. Smith or anyone in his position has no way of knowing the status of a potential victim. It is a violation of due process to expect Mr. Smith to calculate what legal defenses may be available to him when acting in what he perceives as self-defense or defense of property, when the availability of a particular defense hinges on the unknowable status of the victim.

## DEFENDANT'S REQUESTED JURY INSTRUCTION No. 7a

## EXCUSABLE HOMICIDE

Evidence has been presented that the killing of Jane Doe by Mr. Douglas Smith occurred by accident or misfortune upon a sudden and sufficient provocation against Mr. Smith by Jane Doe' invasion of his property and breaking into his trailer.

If you determine that the defendant killed Jane Doe by accident or misfortune you must find him not guilty.[1]

---

[1] NM UJI 14-5140; *See United States v. Lesina*, 833 F.2d 156, 158 (9th Cir. 1987)

# DEFENDANT'S REQUESTED JURY INSTRUCTION No. 7b

## EXCUSABLE HOMICIDE

If the death of Jane Doe was merely accidental or the result of a misadventure or due to simple negligence, or an honest error of judgment, you must vote to acquit the defendant.[1]

---

[1] *United States v. Lesina*, 833 F.2d 156 (9th Cir. 1987) ("The district court committed reversible error in its failure to given an instruction on killing by accident. A defendant is entitled to an instruction upon his theory of the case if the record contains evidentiary support for the theory and the theory is supported by law . . . An accidental killing may be second degree murder, manslaughter, or no crime at all.").