IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            No. 18-cr-3495 JCH

DOUGLAS D. SMITH

    Defendant.

## **ORDER**

    This matter is before the Court on an issue left unresolved by the Court's prior ruling on the United States' *Sealed Motion in Limine to Exclude Self-Serving, Inadmissible Hearsay, and Irrelevant, Prejudicial Statements* (ECF No. 66). In the Court's April 23, 2021 Sealed Memorandum Opinion and Order (ECF No. 148), the Court gave a contingent ruling on the admissibility of the 9-1-1 call under the excited utterance exception to the rule against hearsay. Three elements must be satisfied to admit a hearsay statement under the excited-utterance exception: "(1) a startling event; (2) the statement was made while the declarant was under the stress of the event's excitement; and (3) a nexus between the content of the statement and the event." *United States v. Smith*, 606 F.3d 1270, 1279 (10th Cir. 2010). The Court concluded that the first and third elements were met. Mem. Op. and Order 3-4, ECF No. 148. The Court nevertheless stated that, despite the proffer at the March 16, 2021 hearing, it did not have enough evidence upon which to base its ruling and would only make a conditional ruling: "Should the evidence at trial demonstrate that Defendant made the call to 9-1-1 shortly after the shooting, the Court will admit the contents of the 9-1-1 call under the excited utterance exception." *Id.* The

Court, however, excluded the hearsay statements of the dispatcher that are included in the call and that are not necessary for context. *Id.*

At the call of the calendar held on May 13, 2021, the parties inquired about getting a pretrial ruling on the admissibility of the 9-1-1 call. The Court's previous concern with the proffer is that the proffer did not include the amount of time that elapsed between when the shooting occurred and when Mr. Smith made the call to 9-1-1. If the parties wish the Court to make a pretrial ruling on this issue, the Court will provide the parties another opportunity to submit a stipulation, proffer, or evidence regarding when the shooting occurred and when Mr. Smith placed the call to 9-1-1 to enable the Court to better evaluate factor two. If the parties dispute when the shooting occurred and testimonial evidence will be needed to establish that fact, then the Court will make an admissibility ruling during trial after that testimony is presented.

On a separate matter, by email, defense counsel requested to add information and argument on a different evidentiary issue to the agenda for a pretrial hearing. The Court, however, will not hold a pretrial hearing and instead decide any remaining evidentiary issues in writing.

**IT IS THEREFORE ORDERED** that the parties may submit in writing any information or evidence regarding the admissibility of the 9-1-1 call to the Court **on or before JUNE 2, 2021**. The parties may submit a motion or additional briefing on any other outstanding evidentiary matters **on or before May 28, 2021, with responses due June 4, 2021**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**