IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Cr. No.: 18-03495-JCH |
| | ) |
| vs. | ) |
| | ) |
| DOUGLAS D. SMITH, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' RESPONSE TO DEFENDANT'S
PROPOSED VOIR DIRE (DOC. 154)**

The United States hereby responds and objects to Defendant's Proposed Voir Dire (Doc. 154) and seeks a ruling from the Court prohibiting Defendant from asking venire panel jurors about "Self-Defense or Defense of Dwelling." Additionally, the United States objects to Defendant soliciting opinions from prospective jurors about "Unanimous Decision," a subject about which the Court will be instructing the jury. As grounds the United States submits:

1. The United States, during pre-trial litigation, filed a Motion in *Limine* to Exclude Self-Defense, Defense of Another, or Justification by Preventing Commission of a Felony. (Doc. 68). After considering the United States' and Defendant's filings on the subject, this Court ruled that: "[b]ased on Defendant's statements and the evidence in the current record, the Court finds that Defendant's proposed defense of self-defense or defense of habitation is likely to fail as a matter of law so that he would not be entitled to a self-defense instruction. That said, as the Government recognizes, Defendant may present different evidence at trial. The Court will therefore reserve ruling on whether Defendant is entitled to jury instructions on self-defense theory until trial." Doc. 141 at 24.

2.      Despite the Court's ruling, Defendant seeks to question the venire panel jurors about their thoughts on self-defense. See Doc. 154 at ¶¶ 1-9. Defendant intends to ask jurors about defending themselves from physical attack, using violence to defend themselves, defending home or property, and the State of New Mexico's law on "need not retreat" or stand-your-ground. *Id*.

3.      The United States submits that Defendant's proposed voir dire questions 1 through 9 are violative of the Court's order (Doc. 141) and that, at least pre-trial, Defendant does not have a legally sufficient claim to raise self-defense or defense of home. The questions, if raised at voir dire, mislead the jury about whether a viable self-defense claim will be laid by Defendant. It also could confuse the jury should the defendant not get a self-defense instruction. The jury would initially believe that a self-defense claim was legitimate and then if an instruction were not presented to the jury, that could lead to unnecessary confusion.

4.      This type of voir dire questioning also calls for jury nullification, since Defendant lays the groundwork in voir dire for self-defense but then the Court does not instruct on a self-defense claim. The jury may tend to vote not guilty when no evidence was presented to support the self-defense claim.

For the foregoing reasons, the United States respectfully requests a pre-trial ruling preventing Defendant from questioning the venire panel on questions 1 through 9 of Defendant's Proposed Voir Dire (Doc. 154).

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*Electronically filed on May 27, 2021*
NOVALINE WILSON
KYLE NAYBACK
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on May 27, 2021, I filed the foregoing electronically through the CM/ECF System, which caused counsel for the defendant to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.
*/s/*
KYLE NAYBACK
Assistant United States Attorney