IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. Cr. 18-3495 JCH |
| | ) | |
| **DOUGLAS D. SMITH,** | ) | |
| | ) | |
| Defendant. | ) | |

## <u>UNITED STATES' AMENDED PROPOSED JURY INSTRUCTIONS</u>

The United States respectfully submits its Amended Proposed Jury Instructions which are based on the updated 2021 Tenth Circuit Pattern Jury Instructions. The United States requests the Court include the following instructions in its charge to the jury, and requests permission to submit such additional instructions as may become appropriate during trial.

1.      1.01 and 1.02 – Preliminary Instructions Before Trial

2.      1.03 – Introduction to Final Instructions

3.      1.04 – Duty to Follow Instructions

4.      Indictment

5.      1.05 – Presumption of Innocence—Burden of Proof—Reasonable Doubt

6.      1.06  – Evidence Defined

7.      1.07 – Evidence Direct and Circumstantial Inferences

8.      1.08 – Credibility of Witnesses

9.      1.08.1 – Non-Testifying Defendant (*if necessary*)

10.     1.10 – Impeachment by Prior Inconsistencies

11.     1.40 – Cautionary Instruction During Trial - Transcripts

12.     1.17 – Expert Witness – Matthew Cain, M.D.

13.     1.17 – Expert Witness – Bryan Acee

14.     1.17 – Expert Witness – Theodore Chavez

15.     1.18 – On or About

16.     1.19 – Caution –  Consider Only Crime Charged

17.     1.20 – Caution – Punishment (Non-Capital Cases)

18.     1.33 and 2.53 – Second Degree Murder Elements

19.     Wanton Definition Instruction

20.     1.30 – Similar Acts

21.     1.25 – Voluntariness of Statement by Defendant

22.     Intent of a Person

23.     Stipulation

24.     Indian Country

25.     Indian Status

26.     Santa Clara Pueblo – Federally Recognized Indian Tribe

27.     1.23 – Duty to Deliberate Verdict Form

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*Electronically filed on 05/28/2021*
NOVALINE D. WILSON
KYLE T. NAYBACK
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 224-1419

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court using
the CM/ECF system, which will cause a copy
of this filing to be sent to counsel for Defendant.

*/s/*_____
NOVALINE D. WILSON
Assistant United States Attorney

**PRELIMINARY INSTRUCTIONS BEFORE TRIAL**

**UNITED STATES' REQUESTED INSTRUCTION NO.  1**

Members of the Jury:

At the end of the trial I will give you detailed guidance on the law and on how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented by Assistant United States Attorney Novaline Wilson and Kyle Nayback. The defendant, Douglas Smith, is represented by his attorneys, Aric Elsenheimer and Amanda Lavin.

The indictment charges the defendant with Second Degree Murder. The indictment is simply the description of the charge made by the government against the defendant; it is not evidence of guilt or anything else. The defendant pleaded not guilty and is presumed innocent. He may not be found guilty by you unless all twelve of you unanimously find that the government has proved his guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence which it intends to put before you. Just as the indictment is not evidence, neither is the opening statement. Its purpose is only to help you understand what the evidence will be. It is a road map to show you what is ahead.

After the government's opening statement, the defendant's attorneys may make an opening statement.

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, documents, and other things received into

4

the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence. After the government's evidence, the defendant's lawyer may make an opening statement and present evidence, but he is not required to do so. I remind you that the defendant is presumed innocent and it is the government that must prove the defendant's guilt beyond a reasonable doubt. If the defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness. This simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply. Sometimes we will talk briefly, at the bench. But some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because such conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the government and the defense will

each be given time for their final arguments.

The final part of the trial occurs when I instruct you on the rules of law which you are to use in reaching your verdict.

During the course of the trial I may ask a question of a witness. If I do, that does not indicate that I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in note taking that you become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

The defendant is charged with a violation of 18 U.S.C. §§ 1152, 1111, Second Degree Murder in Indian Country.

This law makes it a crime to unlawfully kill a human being with malice aforethought.

To find the defendant guilty of this crime, you must be convinced that the government has proved beyond a reasonable doubt:

*First*:         The defendant caused the death of Jane Doe;

*Second*:     The defendant killed Jane Doe with malice afterthought;

*Third*:       The defendant is a non-Indian;

*Fourth*:     Jane Doe is an Indian; and

*Fifth*:          The killing occurred in Indian Country.

To kill "with malice aforethought" means either to kill another person deliberately and intentionally, or to act with callous and wanton disregard for human life. To find malice aforethought, you need not be convinced that the defendant hated the person killed, or felt ill will toward the victim at the time.

It is not necessary for the government to prove that the defendant acted with premeditated intent to kill. Premeditation is typically associated with killing in cold blood, and requires a period of time in which the accused deliberates or thinks the matter over before acting.

You are instructed that the alleged offense occurred within the territorial jurisdiction of the United States, if you find beyond a reasonable doubt that such offense occurred in the location described in the indictment.

Ordinarily, the attorneys will develop all the relevant evidence that will be necessary for you to reach your verdict. However, in rare situations, a juror may believe a question is critical to reaching a decision on a necessary element of the case. In that exceptional circumstance, you may write out a question and provide it to the courtroom deputy while the witness is on the stand. I will then consider that question with the lawyers. If it is determined to be a proper and necessary question, I will ask it. If I do not ask it, you should recognize that I have determined it is not a legally appropriate question and not worry about why it was not asked or what the answer would have been.

During the course of the trial, you should not talk with any witness, or with the defendant, or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Do not discuss the case with anyone or provide any information about the trial to anyone outside the courtroom until the verdict is received. Do not

use the internet or any other form of electronic communication to provide any information. Simply put, do not communicate with anyone about the trial until your verdict is received. Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves. Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information or do any research on your own. Do not attempt to visit any places mentioned in the case, either actually or on the internet, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said. This is basically to assist any appeals. However, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

Now that the trial has begun you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Mr. Nayback, you may present the opening statement for the government.

Tenth Circuit Pattern Jury Instructions Criminal 1.01 (PRELIMINARY INSTRUCTIONS BEFORE TRIAL); Tenth Circuit Pattern Jury Instructions Criminal 1.02 (NOTE-TAKING BY JURORS (ALTERNATIVE B)) (2021) (modified).

## UNITED STATES' REQUESTED INSTRUCTION NO.  _2_

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case - for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.  These instructions will be given to you for use in the jury room, so you need not take notes.

Tenth Circuit Pattern Jury Instructions Criminal 1.03 (INTRODUCTION TO FINAL INSTRUCTIONS) (2021).

**UNITED STATES' REQUESTED INSTRUCTION NO. _3_**

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

Tenth Circuit Pattern Jury Instructions Criminal 1.04 (DUTY TO FOLLOW INSTRUCTIONS) (2021).

**UNITED STATES' REQUESTED INSTRUCTION NO.  4**

The defendant is charged by the indictment as follows:

On or about May 5, 2018, in Indian Country, in Rio Arriba County, in the District of New

Mexico, the defendant, **DOUGLAS D. SMITH**, a non-Indian, unlawfully killed Jane Doe, an

Indian, with malice aforethought.

In violation of 18 U.S.C. §§ 1152 and 1111.

Indictment, entered on October 23, 2018, Doc. 24.

## UNITED STATES' REQUESTED INSTRUCTION NO. __5__

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

Tenth Circuit Pattern Jury Instructions Criminal 1.05 (PRESUMPTION OF INNOCENCE—BURDEN OF PROOF—REASONABLE DOUBT) (2021).

**UNITED STATES' REQUESTED INSTRUCTION NO. __6__**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Tenth Circuit Pattern Jury Instructions Criminal 1.06 (EVIDENCE—DEFINED) (2021).

**UNITED STATES' REQUESTED INSTRUCTION NO. __7__**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

Tenth Circuit Pattern Jury Instructions Criminal 1.07 (EVIDENCE—DIRECT AND CIRCUMSTANTIAL—INFERENCES) (2021).

**UNITED STATES' REQUESTED INSTRUCTION NO. \_\_8\_\_**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

[The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of

the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.]

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

Tenth Circuit Pattern Jury Instructions Criminal 1.08 (CREDIBILITY OF WITNESSES) (2021).

**UNITED STATES' REQUESTED INSTRUCTION NO.  9**

The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. You must understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify. That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

Tenth Circuit Pattern Jury Instructions Criminal 1.08.1 (NON-TESTIFYING DEFENDANT) (2021).

## UNITED STATES' REQUESTED INSTRUCTION NO. __10__

You have heard the testimony of [name of witness].  You have also heard that, before this trial, [she/he] made a statement that may be different from [her/his] testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable [her/his] testimony in this trial was.  You cannot use it as proof of anything else.  You can only use it as one way of evaluating [her/his] testimony here in court.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

Tenth Circuit Pattern Jury Instructions Criminal 1.10 (IMPEACHMENT BY PRIOR INCONSISTENCIES) (2021), and last sentence of Fifth Circuit Pattern Jury Instructions 1.11 at 20 (2019).

**UNITED STATES' REQUESTED INSTRUCTION NO.  11**

During this trial, you have heard sound recordings of certain conversations; some portions of these recordings have been redacted. The Court has required that certain comments made in the recording should be redacted. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You were also given transcripts of those recorded conversations, which also includes redacted portions.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

Additionally, do not speculate about the statements that have been redacted. These redactions are not evidence and you must ignore them. Again, only the recordings themselves are the evidence.

Tenth Circuit Pattern Jury Instructions Criminal 1.40 (CAUTIONARY INSTRUCTION DURING TRIAL – Transcript of Recorded Conversation) (2021) (modified – redaction instruction added).

**UNITED STATES' REQUESTED INSTRUCTION NO.  12**

During the trial you heard the testimony of Dr. Matthew Cain, M.D., who expressed opinions concerning the nature of Jane Doe's injuries and the cause of her death. In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

Tenth Circuit Pattern Jury Instructions Criminal 1.17 (EXPERT WITNESS) (2021) (modified).

**UNITED STATES' REQUESTED INSTRUCTION NO.  13**

During the trial you heard the testimony of Bryan Acee, who expressed opinions concerning the firearm and shooting dynamics. In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

Tenth Circuit Pattern Jury Instructions Criminal 1.17 (EXPERT WITNESS) (2021) (modified).

**UNITED STATES' REQUESTED INSTRUCTION NO.  14**

During the trial you heard the testimony of Theodore Chavez, who expressed opinions concerning firearm trajectory. In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

Tenth Circuit Pattern Jury Instructions Criminal 1.17 (EXPERT WITNESS) (2021) (modified).

**UNITED STATES' REQUESTED INSTRUCTION NO. _15_**

You will note that the indictment charges that the crime was committed on or about May 5, 2018. The government must prove beyond a reasonable doubt that the defendant committed the crime reasonably near May 5, 2018.

Tenth Circuit Pattern Jury Instructions Criminal 1.18 (ON OR ABOUT) (2021) (modified).

## UNITED STATES' REQUESTED INSTRUCTION NO __16__

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person *also* may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.

Tenth Circuit Pattern Jury Instructions Criminal 1.19 (CAUTION – CONSIDER ONLY CRIME CHARGED) (2021).

## UNITED STATES' REQUESTED INSTRUCTION NO.  17

If you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

Tenth Circuit Pattern Jury Instructions Criminal 1.20 (CAUTION – PUNISHMENT (Non-Capital Cases)) (2021).

**UNITED STATES' REQUESTED INSTRUCTION NO. _18_**

The defendant is charged with second-degree murder, a violation of 18 U.S.C. §§ 1152, 1111.

This law makes it a crime to unlawfully kill a human being with malice aforethought.

To find the defendant guilty of this crime, you must be convinced that the government has proved beyond a reasonable doubt:

*First*:        The defendant caused the death of Jane Doe;

*Second*:        The defendant killed Jane Doe with malice aforethought;

*Third*:        The defendant is a non-Indian;

*Fourth*:        Jane Doe is an Indian; and

*Fifth*:        The killing occurred in Indian Country.

To kill "with malice aforethought" means either to kill another person with callous and wanton disregard for human life. To find malice aforethought, you need not be convinced that the defendant hated the person killed, or felt ill will toward the victim at the time.

In determining whether the killing was with malice aforethought, you may consider the use of a weapon or instrument, and the manner in which death was caused.

It is not necessary for the government to prove that the defendant acted with premeditated intent to kill. Premeditation is typically associated with killing in cold blood, and requires a period of time in which the accused deliberates or thinks the matter over before acting.

If you are convinced that the government has proved all of these elements beyond a reasonable doubt, you may find the defendant guilty of the lesser included offense. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of the lesser included offense.

26

Tenth Circuit Pattern Jury Instructions Criminal 1.33 (LESSER INCLUDED) and 2.53
(MURDER IN THE SECOND DEGREE) (2021) (modified).

**UNITED STATES' REQUESTED INSTRUCTION NO.  19**

Wanton is defined as unreasonably or maliciously risking harm while being utterly indifferent to the consequences.

WANTON, Black's Law Dictionary (11th ed. 2019).

**UNITED STATES' REQUESTED INSTRUCTION NO. _20_**

You have heard evidence of other crimes, acts, or wrongs engaged in by the defendant. You may consider that evidence only as it bears on the defendant's opportunity, intent, preparation, plan, absence of mistake or accident, and for no other purpose. Of course, the fact that the defendant may have previously committed an act similar to the one charged in this case does not mean that the defendant necessarily committed the act charged in this case.

Tenth Circuit Pattern Jury Instructions Criminal 1.30 (SIMILAR ACTS) (2021).

**UNITED STATES' REQUESTED INSTRUCTION NO.  21**

Evidence has been presented about a statement attributed to the defendant alleged to have been made after the commission of the crimes charged in this case but not made in court. Such evidence should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of the defendant, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

Tenth Circuit Pattern Jury Instructions Criminal 1.25 (VOLUNTARINESS OF STATEMENT BY DEFENDANT (Single Defendant)) (2021).

**UNITED STATES' REQUESTED INSTRUCTION NO. __22__**

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent. You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u> § 17.07 (6th ed.); *see also United States v. Graham*, 858 F.2d 986, 992 (5th Cir. 1988).

## UNITED STATES' REQUESTED INSTRUCTION NO.  23

The evidence in this case includes facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

1st Cir. Pattern Jury Instructions, 2.01 (1998).

## UNITED STATES' REQUESTED INSTRUCTION NO. __24__

You are instructed, as a matter of law, that 826 North Riverside Drive, Espanola, New Mexico, in Rio Arriba County, in the District of New Mexico, is Indian Country, which is the territorial jurisdiction of the United States.

18 U.S.C. § 1151; *United States v. Roberts*, 185 F.3d 1125, 1139 (10th Cir. 1999) ("As a general matter, the trial court decides the jurisdictional status of a particular property or area and then leaves to the jury the factual determination of whether the alleged crime occurred at the site.").

**UNITED STATES' REQUESTED INSTRUCTION NO. __25__**

As used in these instructions, the term "Indian" means a person who (1) has some Indian blood; and (2) is recognized as an Indian by a tribe or the federal government.

*United States v. Prentiss*, 273 F.3d 1277, 1280 (10th Cir. 2001).

**UNITED STATES' REQUESTED INSTRUCTION NO.  26**

You are instructed, as a matter of law, that the Santa Clara Pueblo is a federally recognized

Indian tribe.

*United States v. Zepeda*, 792 F.3d 1103, 1114 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 1712
(2016).

**UNITED STATES' REQUESTED INSTRUCTION NO.  27**

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

[Explain the Verdict Form]

36

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the bailiff. I will either reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

Tenth Circuit Pattern Jury Instruction Criminal 1.23 (DUTY TO DELIBERATE - VERDICT FORM) (2021) (modified).

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,    )
    )
        Plaintiff,    )
    )
    vs.    )    No. Cr. 18-3495 JCH
    )
**DOUGLAS D. SMITH**,    )
    )
        Defendant.    )

## **V E R D I C T**

WE, THE JURY, find the defendant, **DOUGLAS D. SMITH,** _____

(*Guilty* or *Not Guilty*)

of Second Degree Murder as charged in the Indictment.

DATED this _____ day of June, 2021.

_____

FOREPERSON