IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § § § | No.   CR 1:18-03495-001 JCH |
| DOUGLAS D. SMITH, | § § | |
| Defendant. | § § | |

**Mr. Smith's motion to permit evidence of Jane Doe's intoxication**

This Court has ruled that evidence of Jane Doe's intoxication is more prejudicial than probative and therefore excluded reference to that evidence. (Doc. 141). In preparing for trial and reviewing the evidence, the defense has identified an additional evidentiary basis for the relevance of this evidence. In support, Mr. Smith states:

**I.    Background**

    **A.    Factual background**

Trial in this matter is scheduled for June 14, 2021. As the Court is aware from extensive pleadings filed in this matter, Mr. Smith is charged

with second-degree murder. Mr. Smith was at his home, in bed, on the evening and early morning of May 4th and 5th of 2018. Mr. Smith heard something outside his house and stepped out of his door to see what was on his property. To protect himself, Mr. Smith took his .22 pistol with him. When Mr. Smith stepped out of his door, onto his back porch, he saw a person—a shadow, as he called it—trying to break into his trailer. That person stepped toward Mr. Smith and crouched down. Mr. Smith fired a warning shot to the left of the person. The person then fled, running to the south. Mr. Smith, thinking the person had left his property, fired three more shots to scare the person in the hopes that the intruder would not return.

## II.     Legal analysis

Mr. Smith requests that the Court permit evidence of Jane Doe's intoxication. Jane Doe had a BAC of .16, twice the legal limit for which one is able to drive a car. A BAC of .16 makes it more probable that Jane Doe was impaired and could have stumbled or fell on her way out of the property and thus make more likely Mr. Smith's good faith belief that Jane

Doe had left the property when in fact she had not.

Evidence of a decedent's level of intoxication is relevant in situations such as this. In *United States v. Schmidt*, 626 F.2d 616, 618 (8th Cir. 1980). In *Schmidt*, the district court permitted evidence of a victim's intoxication in a vehicular homicide case. According to the Court,

> We recognize that [the victim's] own negligence may have contributed to the accident: there is evidence . . . that [the victim] too was intoxicated, and that he did not apply his brakes or make any attempt to swerve before hitting [the defendant.] This evidence was properly admitted at trial for the purpose of enabling the jury to determine whether, under all the circumstances of the case, [the defendant's] actions were grossly negligent, and whether, if so, there was a sufficiently close causal connection between [the defendant's] negligence and [the victim's] death to hold [the defendant] accountable under the manslaughter statute.

As with *Schmidt*, Jane Doe's intoxication makes it more probable that she stumbled or fell when leaving Mr. Smith's property. If that evidentiary proposition is more probable, then it is more probable that Mr. Smith's action of waiting and firing only when he believed that Jane Doe had left the property was not negligent. Jane Doe's contributory negligence of being intoxicated, therefore, makes Mr. Smith's action comparatively less

3

negligent. The jury in this case must weigh whether Mr. Smith's actions were reckless, grossly negligent, or negligent. Jane Doe's contributory negligence is an important, indeed vital, evidentiary feature of that analysis.

A secondary aspect of Jane Doe's intoxication also corroborates Mr. Smith's contention that he fired one shot, and then waited until he believed the intruder had left his property until firing three more shots. Evidence that Jane Doe was intoxicated makes it more probable that Jane Doe slipped, stumbled, or fell when trying to run from Mr. Smith's property. That evidentiary proposition corroborates Mr. Smith's statement to police that he believed the intruder had left the property before he shot the second time. Without that evidentiary proposition—and evidence that Jane Doe was intoxicated—the jury will be left to wonder about the veracity of Mr. Smith's belief that Jane Doe had left the property. A question about Mr. Smith's veracity, when a critical piece of evidence is kept from the jury, deprives Mr. Smith of his Fifth Amendment right to due process and his Sixth Amendment right to a jury trial. Shielding from the jury's purview

critical evidence that could explain why Jane Doe took longer to leave the property than Mr. Smith believed deprives Mr. Smith of presenting to the jury all of the evidence the jury needs to weigh his state of mind—namely, whether or not he was negligent—and the credibility of his statement about what he did and why he did it. It would be improper, and a deprivation of Mr. Smith's right to due process and right to a jury trial, to keep the jury in the dark about evidence that goes to Jane Doe's level of intoxication.

The government opposes this motion.

WHEREFORE, Mr. Smith, by and through undersigned counsel, respectfully requests that this Court permit evidence of Jane Doe's intoxication.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas Blvd., NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(5050 346-2494 Fax
aric_elsenheimer@fd.org

_____
ARIC G. ELSENHEIMER, AFPD
Attorney for Defendant
