IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**DOUGLAS D. SMITH**, )<br>)<br>Defendant. ) | Cr. No.  18-03495 JCH |

### UNITED STATES' OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS (DOC. 152)

The United States hereby objects to Defendant's Proposed Jury Instructions as follows:

1. Defendant's first requested instruction proposes omitting language from the Tenth Circuit Pattern Instructions for Second Degree Murder by omitting "callous and wanton disregard for human life." Doc. 152 at 2. The United States is proceeding to trial on this theory of Second Degree Murder, which is contemplated by the statute and the Tenth Circuit Pattern Instructions. As such, Defendant's request to strike this language should be denied.

2. Defendant proposes two versions on involuntary manslaughter in Instructions 2 and 3. *Id.* at 3-5. If the Court determines such a lesser included offense is warranted based on the presentation of evidence at trial, the United States asserts that use of the Tenth Circuit Pattern Instructions, with inclusion of the correct 18 U.S.C. § 1152 elements, is the appropriate instruction and should be given instead of these two requested instructions.

3. Defendant is not entitled to a self-defense or defense of another instruction as requested in Instruction 4. To date, Defendant has not been able to establish that he killed Jane Doe in self-defense or defense of another. There was no immediate harm to Defendant because Jane Doe was running away from him as he tracked her with his gun fire, ultimately killing her.

Moreover, his use of force was not reasonable whatsoever. This Court has previously determined that Defendant's self-defense and defense of habitation is likely to fail as a matter of law. Doc. 141 at 24. Defendant cannot show he was defending himself and he is not entitled to such an instruction.

    4.    Defendant's additional request for three state jury instructions in Instruction 5 (self-defense or defense of another), Instruction 6 (self-defense: assailed person need not retreat), and Instruction 7a (excusable homicide) are not appropriate in this federal case. Defendant's assertion that these instructions would be available to him if he were charged in state court is true, but that is not the jurisdiction in which Defendant has been charged. Again, this is a federal case and federal law is applicable. Defendant has no legal basis for these state jury instructions, and the Court determined that even if state law applied, Defendant is not likely to meet self-defense under state law, because there is "little evidence that he subjectively understood it to be a *violent* felony. There is no evidence that he or anyone else lived in the trailer or that anyone was in the trailer at the time." Doc. 141 at 24, footnote 4. Accordingly, Defendant's request for each of these instructions should be denied.

    5.    Defendant's proposal of excusable homicide language in Instruction 7b ignores the facts of his case. Even if this Court were to consider adopting Ninth Circuit case law, there is no heat of passion or viable accidental discharge evidence that Defendant can present. In *United States v. Lesina*, 833 F.2d 156, 157 (9th Cir. 1987), a couple was fighting while the female used a kitchen knife.. A relative of the female intervened in the fight and defendant testified that he grabbed the knife from the relative's grasp and yanked it upwards and away when the victim relative suddenly jumped on top of him. *Id*. The knife pierced the victim's lung, heart, and spinal cord, killing him. *Id*. The Ninth Circuit determined the government bears the burden of proving

beyond a reasonable doubt the absence of heat of passion or sudden quarrel where that defense is raised. *Id*. at 160. Defendant cannot assert that he knew who Jane Doe was when he shot and killed her. Defendant initially thought he killed Melanie, a tenant's relative. There is nothing to show there was any heat of passion or sudden quarrel. Additionally, unlike the *Lesina* case, Defendant cannot present evidence that his firearm accidently discharged multiple times killing Jane Doe. Instead, Defendant states that he fired his gun "pow, pow, pow." Defendant drew out the path of his firing for both the detective and the FBI agents who interviewed him. Defendant was in the process of reloading his firearm before he found Jane Doe's body. Defendant explained to FBI agents that about a month prior to killing Jane Doe, he had also fired at another trespasser, "pow, pow, pow" just like he did with Jane Doe. The facts in this case simply do not warrant Defendant's requested excusable homicide instruction, and his reliance on the Ninth Circuit *Lesina* case is wholly misplaced.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*Electronically filed on 06/02/21*
NOVALINE D. WILSON
KYLE T. NAYBACK
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 224-1419

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court using
the CM/ECF system, which will cause a copy of
this filing to be sent to counsel for Defendant.

 /s/
NOVALINE D. WILSON
Assistant United States Attorney

3