IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 18-3495 JCH |
| | ) | |
| vs. | ) | |
| | ) | |
| **DOUGLAS D. SMITH**, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
TO PERMIT EVIDENCE OF JANE DOE'S INTOXICATION (DOC. 163)**

The United States hereby responds to Defendant's Motion to Permit Evidence of Jane

Doe's Intoxication. Doc. 163. This motion is essentially a motion to reconsider and should be

denied as the Court has already ruled on this matter. In support, the United States submits as

follows:

**BACKGROUND**

Defendant is charged with a violation of 18 U.S.C. §§ 1152 and 1112, that being second-

degree murder in Indian Country. Doc. 24. Defendant shot and killed Maria Gallegos (known as

Jane Doe in the indictment) with a firearm on May 5, 2018, at the Western Winds Motel (Motel),

which is located at 826 N. Riverside Road in Española, New Mexico. Defendant has a renter,

E.T., living in the Motel (Doc. 66-2 at 24:20), who has a relative named Melanie (*id*. at 31:21-

23). Defendant initially thought he shot and killed Melanie. *Id*. at 11:17-22.

Defendant initially could not discern the gender of the person, and states that he only saw

a shadow near the door of the camper trailer. Doc. 66-2 at 14:2-8. Defendant told the first officer

to arrive at the scene, "the shadow turned around, and it was looking at me, I guess. And I

cocked the pistol and just started shooting." Doc. 66-1 at 8:16-18. After the first shot, Defendant

states "the shadow … started running.  And I just shot several times after that first one." *Id.* at 9:2-3.  The camper trailer belonged to Defendant's deceased mother, Suzy. Doc. 66-3 at 53:13-19.  The trailer was locked. 66-2 at 22:2.  No one lived in the trailer. Doc. 66-3 at 53:17-19.  Defendant has not gone through the items in his mother's trailer since she died. *Id.* at 53:21-22.  Defendant's mother died ten years prior to the incident. *Id*. at 9:21. Defendant served as the motel manager since the time his mother passed away. *Id.* at 10:1-3.

The United States provided discovery to Defendant, which included Jane Doe's autopsy report and a toxicology report completed by a forensic toxicologist at NMS Labs.  According to the toxicology report, Jane Doe had a BAC of 0.161 and 32 ng/mL of morphine were detected.

This Court has previously ruled that Jane Doe's BAC is inadmissible.  Defendant now seeks a second bite at the apple by arguing that Jane Doe's "BAC of .16 makes it more probable that Jane Doe was impaired and could have stumbled or fell on her way out of the property and thus make more likely Mr. Smith's good faith belief that Jane Doe had left the property when in fact she had not." Doc. 163 at 2-3.  This attempt to subvert the Court's previous order on this matter should fail.  First, Defendant told law enforcement officers a number of times that after he shot the first time, the person (Jane Doe) started running.  Defendant stated to Detective Abeita that "I went, pow, off to this side and then it took off, the shadow took off and then went behind the bushes, and I couldn't see." Abeita interview at 10:13-15.  In none of the three interviews Defendant had with law enforcement did Defendant mention Jane Doe stumbling in any way.  The words he used were "running" and "took off."

Defendant's argument in his motion that maybe Jane Doe fell or stumbled is belied by Defendant's own statements to law enforcement.  Without more, Defendant's argument that a BAC of .16 makes is more likely that she would stumble or fall is a failing argument.  This is

nothing more than an attempt to use character evidence against Jane Doe – an issue on which this Court has already ruled.

## <u>CONCLUSION</u>

For the foregoing reasons, the United States respectfully requests the Court deny defendant's motion and restrict the defendant from introducing evidence of, questioning any witness about, or referring to the victim's substance abuse or BAC.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*<u>Electronically filed on 06/03/21</u>*
NOVALINE D. WILSON
KYLE T. NAYBACK
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 224-1419

I HEREBY CERTIFY that on June 3, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause a copy of this filing to be sent to counsel for Defendant.

*/s/*
KYLE T. NAYBACK
Assistant United States Attorney