IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § § | No.  CR 1:18-03495-001 JCH |
| DOUGLAS D. SMITH, | § § | |
| Defendant. | § § | |

### REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S PROPOSED VOIR DIRE (Docs 154 and 161).

COMES NOW, Mr. Smith, and hereby replies to the United States' Response to the Defendant's Proposed Voir Dire (Doc. 154).  Mr. Smith's proposed voir dire will enable Mr. Smith to intelligently exercise his statutory right to challenge the capacity of prospective jurors.  Proposed questions 1-9 will reveal biases that may exist among potential jurors with respect to not only self-defense and defense of property – relevant themes of this case – but also juror biases regarding whether use of force is ever reasonable.

"While the conduct of a voir dire examination is a matter within the broad discretion of the trial judge, Ristaino v. Ross, 424 U.S. 589, 594, 96 S.Ct. 1017, 47

L.Ed.2d 258 (1976); Ham v. South Carolina, 409 U.S. 524, 93 S.Ct. 848, 35 L.Ed.2d 46 (1973); Aldridge v. United States, 283 U.S. 308, 51 S.Ct. 470, 75 L.Ed. 1054 (1931), the exercise of that discretion is limited by "the essential demands of fairness." Aldridge, supra, at 310, 51 S.Ct. 470.  "A voir dire that has the effect of impairing the defendant's ability to exercise intelligently his challenges is ground for reversal, irrespective of prejudice." United States v. Rucker, 557 F.2d 1046, 1049 (4th Cir. 1977).

The Supreme Court has stated that the peremptory challenge, although not required in the Constitution, is "one of the most important of the rights secured to the accused." Swain v. Alabama, 380 U.S. 202, 219, 85 S.Ct. 824, 835, 13 L.Ed.2d 759 (1965).  A defendant must, upon request, be permitted sufficient inquiry into the background and attitudes of the jurors to enable him to exercise intelligently his peremptory challenges, lest the right be an empty one. United States v. Esquer, 459 F.2d 431, 434 (7th Cir., 1972); United States v. Lewin, 467 F.2d 1132 (7th Cir., 1972); Spells v. United States, 263 F.2d 609, 611 (5th Cir.), cert. denied, 360 U.S. 920, 79 S.Ct. 1439, 3 L.Ed.2d 1535 (1959).

It is essential to explore the backgrounds and attitudes of the jurors to some extent in order to discover actual bias, or cause.  United States v. Dellinger,

472 F.2d 340, 367 (7th Cir. 1972), and a defendant is entitled to have sufficient information brought out on voir dire to enable him to exercise his challenges in a reasonably intelligent manner. United States v. Rucker, 557 F.2d 1046, 1048 (4th Cir. 1977).

"While it is the nature of a peremptory challenge that it may be exercised capriciously or whimsically, Swain, supra, 380 U.S. at 220-221, 85 S.Ct. 824, at least the opportunity to exercise it meaningfully must be present. Thus, the adequacy of the court's voir dire examination becomes inevitably bound up with the defendant's opportunity to make reasonably intelligent use of his peremptory challenges and challenges for cause. If probing questions are never asked after notice of probable disability of particular jurors, salient information about prospective jurors might never be revealed, and the entire process would do nothing to advance the cause of selecting a competent, disinterested jury." See Swain, supra, 380 U.S. at 219-220, 85 S.Ct. 824.

Mr. Smith's questions will allow him to effectively explore potential disabilities among the venire. Questions 1-9 will probe prospective jurors' attitudes and opinions, and should the court deprive Mr. Smith the opportunity to ask questions regarding self-defense, fear, and reasonable use of force, he will

be denied his right to intelligently exercise his right to the preemptive challenge of prospective jurors. The court has reserved ruling on Mr. Smith's requested self-defense instruction. Mr. Smith plans to put on evidence sufficient to avail himself of this instruction, however, even if the jury does not receive a self-defense instruction, the themes covered in questions 1-9 will still reveal biases and attitudes that are relevant to the evidence of this case.

WHEREFORE, Mr. Smith respectfully requests the court permit him to fully and completely question the jury panel, consistent with his statutory right to exercise preemptive challenges, and deny the government's objections to his proposed voir dire accordingly.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas Blvd., NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(5050 346-2494 Fax
aric_elsenheimer@fd.org
amanda_lavin@fd.org

*Electronically filed 6/7/21*
AMANDA R. LAVIN, AFPD
ARIC G. ELSENHEIMER, AFPD
Attorneys for Mr. Smith