IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | No. | CR 1:18-03495-001 JCH |
| § | | |
| **DOUGLAS D. SMITH,** § | | |
| § | | |
| **Defendant.** § | | |

**Objections to government's exhibits**

Mr. Douglas Smith, by and through undersigned counsel, Assistant Federal Public Defender Aric G. Elsenheimer, submits this objection to the government's exhibits. Specifically, Mr. Smith objects to government's exhibits 48-51,

*I.   Objections to exhibits 48-51*

Exhibits 48-51 depict photographs of Jane Doe on the driveway. The photographs show a close up image of Jane Doe's face, a cut to her forehead, and a pool of blood on the ground. These four photographs are cumulative and unduly prejudicial under Rule 403 of the Federal Rules of

Evidence. Exhibit 47 depicts Jane Doe on the ground, with a pool of blood next to her. The additional four images, of the pool of blood, and three of the cuts on Jane Doe's forehead, add no additional evidence. There is no allegation that the cut to Jane Doe's forehead was caused by a bullet. As such, these images do not add any additional probative value to the case. They are intended to inflame the jury's prejudice. Without any additional evidentiary value, they are unduly prejudicial and cumulative and should be excluded under Rule 403.

## II.     *Objections to exhibits 58 and 59*

Exhibit 58 is an image of Jane Doe laying on the ground. It is similar to exhibit 47. As such, it is cumulative under Rule 403. Exhibit 59 is a photograph of Jane Doe laying on what appears to be a tarp. Brown bags cover her hands. This image is not relevant, and to the extent relevant, are cumulative and would waste the jury's time without adding any additional probative value.

### III. *Objections to exhibits 20-24*

Exhibits 20-24 are photographs that appear to have been taken by the FBI sometime in the summer of 2019, at least a year after the incident given rise to this case. It is unclear what evidentiary value they have. The government may seek to introduce these images to show that Mr. Smith has placed additional gates around his house. Such evidence is inadmissible under Rule 407 to the Federal Rules of Evidence and should be excluded. The fact that Mr. Smith took remedial measures, such as putting up no trespassing signs and gates, to deal with the problem of intruders, is specifically excluded by Rule 407 of the Federal Rules of Evidence. That rule provides that "When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; . . . or a need for a warning."

WHEREFORE, Mr. Smith, by and through undersigned counsel, objects to the introduction of government's exhibits as discussed above.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas Blvd., NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(5050 346-2494 Fax
aric_elsenheimer@fd.org
amanda_lavin@fd.org

*Electronically filed 6/7/21*
AMANDA R. LAVIN, AFPD
ARIC G. ELSENHEIMER, AFPD
Attorneys for Mr. Smith

4