IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No.  18-03495 JCH |
| ) | |
| **DOUGLAS D. SMITH**, ) | |
| ) | |
| Defendant. ) | |

<u>THE UNITED STATES' OBJECTIONS TO DEFENDANT'S SECOND AMENDED EXHIBIT LIST (DOC. 180 ) AND AMENDED WITNESS LIST (DOC. 183) AND MOTION TO EXCLUDE INADMISSIBLE EXHIBITS AND IRRELEVANT TESTIMONY</u>

The United States hereby objects to several of Defendant's exhibits and witnesses. Additionally, the United States moves this Court to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding inadmissible defense exhibits or irrelevant testimony.

As an initial matter, several of Defendant's exhibits and information related to his witnesses have not been previously disclosed to the United States. Federal Rule of Criminal Procedure 16(d)(2) provides in pertinent part:

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may ... prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances.

Under both Rule 16 and the Discovery Order in this case, Defendant is required to provide reciprocal discovery to the United States. To date, Defendant has provided little reciprocal discovery (initial disclosure – 58 pages, which included land survey documents, state police reports, photographs of trees, and a toxicology report; secondary disclosure consisted of

251 pages of Jane Doe's criminal history documents) despite the United States' numerous requests. Moreover, the United States has specifically requested reciprocal discovery related to Defendant's witnesses. In response, defense only indicated that witnesses other than Ms. Titus, Ms. Trujillo, and Jason (last name unknown) are character witnesses and there was no discovery for his witnesses at the time. Defendant's most recent witness list (Doc. 183) does not include any individual named Jason. The United States followed-up once more to request reciprocal discovery or a proffer related to Defendant's witnesses. To date, the United States has not received any reciprocal discovery or proffer related to Defendant's witnesses.

SPECIFIC OBJECTIONS TO DEFENDANT'S EXHIBITS:

A-1, A-2:  These exhibits have not been previously disclosed to the United States. The United States objects to admission of these exhibits on that basis. Furthermore, both images depict an area larger than Defendant's property. A-2 depicts an area much larger than A-1. The relevance of these images is unclear given the scale. Defendant notes that these are general photographs to show location and positioning (Doc. 180 at 1). Coupled with exhibit A-3, it is unclear whether Defendant intends to introduce the legal status of his land to the jury, which is a jurisdictional issue that has already been decided by this Court. Doc. 111. If these two exhibits relate to Defendant's effort to relitigate or confuse the issue that Defendant's land is Indian Country, they should be excluded.

A-3:  This exhibit should be excluded. It is unclear how the land survey is relevant. Introduction of such evidence would only serve to confuse the jury and if Defendant intends to challenge the legal determination of his property before a jury it is also an effort at jury nullification. This Court has determined Defendant's land is indeed within the exterior boundaries of the Pueblo of Santa Clara after extensive litigation and a hearing. Docs. 47, 53, 65,

90, 104, 109, 111. Defendant's effort to relitigate this settled jurisdictional issue is wholly improper and should be excluded outright.

B1-B15: These exhibits have not been previously disclosed to the United States in reciprocal discovery. Defendant notes that these photographs were taken in Spring/Summer 2018 in his filing, but no additional information has been provided to the United States. The United States objects to admission of these exhibits.

C-1 through C-9: Most of these images are dark and a few are blurry. The United States will require foundation. It is unclear what image C-7 depicts entirely. Numerous pictures of darkness is cumulative.

D1-D5: The United States will require proper foundation.

E: This exhibit should be excluded. The Court has previously determined that Defendant did not know who Jane Doe was when he shot and killed her and that any evidence related her level of intoxication should be excluded. Doc. 141 at 30.

SPECIFIC OBJECTIONS TO DEFENDANT'S WITNESSES:

1. Ercilia Trujillo: As noted in its response in opposition to Defendant's motion requesting video testimony (Doc. 164), Ms. Trujillo did not leave her room on the night Jane Doe was killed. She generally states that she heard voices but did not leave her room. Her statements to law enforcement were ambiguous, nonresponsive and not relevant. The United States incorporates by reference its arguments in Doc. 164 related to the irrelevant, biased, prejudicial, and confusing nature of her anticipated testimony. Ms. Trujillo's unreliable testimony should be excluded.

2. Karina Titus, Investigator: The United States has not received reciprocal discovery or any proffer related to Ms. Titus' intended testimony.

3.      Jude Wheat: The United States has not received reciprocal discovery or any proffer related to Mr. Wheat's testimony beyond the representation that he is a character witness.

4.      Billie Wheat: The United States has not received reciprocal discovery or any proffer related to Billie Wheat's testimony beyond the representation that Billie Wheat is a character witness.

5.      Monique Feldman: The United States has not received reciprocal discovery or any proffer related to Ms. Feldman's testimony beyond the representation that she is a character witness. It is unclear whether Ms. Feldman is the same real estate broker and Santa Fe attorney noted in her LinkedIn profile (Monique Feldman - Santa Fe, New Mexico, United States | Professional Profile | LinkedIn) with expertise in real estate law. It is unclear whether Ms. Feldman will be testifying about Defendant's character or something related to her area of expertise. Given the nature of Defendant's exhibits A1-A3, the United States asserts that if Ms. Feldman intends to opine about anything related to the legal status of Defendant's property, such testimony should be excluded because it would only serve to confuse the jury given the Court's order and finding of Indian Country.

6.      Deirdre Tafoya: The United States has not received reciprocal discovery or any proffer related to Ms. Tafoya's testimony beyond the representation that she is a character witness.

`

                                Respectfully submitted,

                                FRED J. FEDERICI
                                United States Attorney

                                *Electronically filed on 06/09/21*
                                NOVALINE D. WILSON
                                KYLE T. NAYBACK
                                Assistant United States Attorneys
                                Post Office Box 607
                                Albuquerque, New Mexico  87102
                                (505) 224-1419

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will cause a copy of this filing to be sent to counsel for Defendant.

 /s/_____
NOVALINE D. WILSON
Assistant United States Attorney