IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  No. 18-cr-3495 JCH

DOUGLAS D. SMITH

    Defendant.

## MEMORANDUM OPINION AND ORDER

Defendant Douglas D. Smith ("Defendant") filed *Mr. Smith's motion to permit evidence of Jane Doe's intoxication* (ECF No. 163). The United States filed a response (ECF No. 169), arguing that the motion is essentially a motion to reconsider and the evidence of Jane Doe's level of intoxication is not relevant and should be excluded from trial. The Court, having considered the motion, response, evidence, applicable law, and otherwise being fully advised, concludes that the motion should be denied.

    I.        BACKGROUND

The facts of this case have been detailed in numerous Memoranda Opinion and Orders, so the Court incorporates the facts set forth in its prior orders. On February 16, 2021, this Court filed a Sealed Omnibus Memorandum Opinion and Order (ECF No. 141). Among the motions the Court ruled on therein was the United States' *Sealed Motion in Limine to Exclude Undue Reference to Victim's Prior Criminal History and Substance Abuse* (ECF No. 112). According to the autopsy report, caps from a small syringe were found on Jane Doe, and she had a BAC of 0.161 and 32 ng/mL of Morphine. Def.'s Mot. 3, ECF No. 112. The Government contended that Jane Doe's substance abuse is highly prejudicial and not relevant to Defendant's conduct. The

Court noted that at the time of the shooting, Defendant was not aware of her level of intoxication, so her BAC did not inform him of any risk that she presented or offer insight into his state of mind. Mem. Op. and Order 30, ECF No. 141. The Court therefore found the information more prejudicial than probative and excluded the evidence. *Id.*

Defendant has now moved to permit evidence of Jane Doe's intoxication on another ground: that the evidence of her BAC "makes it more probable that Jane Doe was impaired and could have stumbled or fell on her way out of the property and thus make more likely Mr. Smith's good faith belief that Jane Doe had left the property when in fact she had not." Def.'s Mot. 2-3, ECF No. 163. Defendant argues that this evidence explains why Jane Doe took longer to leave the property than Mr. Smith believed, corroborates his contention that he waited to fire the additional shots until he thought the intruder had left the property, and helps show that his action of waiting and firing only when he believed she had left the property was not negligent. According to Defendant, Jane Doe's contributory negligence makes his action comparatively less negligent and is relevant to whether he was negligent, grossly negligent, or reckless in how he fired the shots.

The Government argues that Defendant did not state in any of his interviews that Jane Doe fell or stumbled and that the evidence of Jane Doe's BAC is therefore not corroborative of or relevant to an issue in the case. Instead, the Government asserts that introducing evidence of her BAC is improper character evidence.

**II.     ANALYSIS**

Rule 401 states that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. A court may exclude relevant evidence if its

2

probative value is substantially outweighed by a danger of unfair prejudice or confusion of the issues. Fed. R. Evid. 403.

In arguing that Jane Doe's BAC is relevant, Defendant relies on the case of *United States v. Schmidt*, 626 F.2d 616 (8th Cir. 1980). In *Schmidt*, the defendant was charged with involuntary manslaughter arising from a vehicular accident in which he was alleged to have been driving under the influence of intoxicants when the collision occurred, and the driver of the other vehicle was killed. *See id.* at 617-18. The Eighth Circuit concluded that evidence that the other driver too was intoxicated was properly admitted at trial to enable the jury to determine whether the defendant's actions were grossly negligent, and whether, if so, there was a sufficiently close causal connection between the defendant's negligence and the other driver's death to hold the defendant accountable under the manslaughter statute. *Id.* at 618.

The situation here involving Defendant firing a gun that fatally killed Jane Doe is significantly distinguishable from *Schmidt*. There is no evidence showing that Jane Doe's own negligence may have contributed to the shooting because of her intoxication level. Defendant's argument that Jane Doe may have stumbled or fell is speculative. The Court is not convinced that Jane Doe's level of intoxication informs whether Defendant was negligent, grossly negligent, or reckless in how and where he fired his shots. Based on the current record, the Court agrees with the Government that Jane Doe's BAC does not corroborate Defendant's version of events in a way that makes the BAC relevant to issues in the case. Accordingly, introduction of Jane Doe's intoxication level could confuse the issues in the case and is more prejudicial than probative.

**IT IS THEREFORE ORDERED** that filed *Mr. Smith's motion to permit evidence of Jane Doe's intoxication* (**ECF No. 163**) is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**