IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | )   Cr. No.: 18-03495-JCH |
| | ) |
| vs. | ) |
| | ) |
| DOUGLAS D. SMITH, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' RESPONSE TO DEFENDANT'S
SUPPLEMENT TO PROPOSED VOIR DIRE (DOC. 182)**

The United States hereby responds and objects to Defendant's Supplement to Proposed Voir Dire (Doc. 182) and seeks a ruling from the Court prohibiting Defendant from asking venire panel jurors questions that represent Jane Doe was on Defendant's property illegally, that characterize Jane Doe as an intruder or that seek to introduce a theory of accidental or excusable homicide.  As grounds the United States submits:

1. Defendant continues to seek jury nullification by misrepresenting the facts of the case, and the law applicable to this case.  Defendant states, "Mr. Smith is charged with shooting someone who was illegally in his backyard in Española on May 5, 2018."  Doc. 182 at 1. Defendant fails to explain how Jane Doe was "illegally" in his backyard.  The property is a business location – a motel that invites members of the public to rent rooms.  At the time of the homicide, the motel was open for business and did not have any visible "No Trespassing" or "Private Property" signs anywhere on the motel property.  The Court has already ruled that Jane Doe was not committing a serious violent felony, and that self-defense is not a likely defense given the facts in the case.  So, Defendant's representation that she was on his property

"illegally" is without merit and such a concept should not be uttered in voir dire because it only seeks nullification and is not a viable defense rooted in fact. Defendant also is seeking to circumvent the Court's ruling that the New Mexico "stand your ground" is inapplicable to this federal case.

2. Defendant also seeks to characterize that Jane Doe was an "intruder." Doc. 182 at 2. There is no evidence that Jane Doe was in any structure on the motel property. Defendant himself tells law enforcement that "the trailer has a lock so," essentially stating she could not get into the trailer. There is zero evidence Jane Doe was seeking to break into Defendant's motel or abode. So, the United States submits Defendant should be prevented from calling Jane Doe an "intruder."

3. Defendant seeks to introduce a theory of accidental or excusable homicide when he states "[w]hen should someone be held accountable for their mistake" and "what if it was just an honest mistake?" Doc. 182 at 3. Defendant again seeks nullification by attempting to characterize his actions as excusable homicide. There is no evidence this was an accidental discharge of a firearm. Defendant himself tells law enforcement that he shot four times and draws a diagram showing he was tracking Jane Doe's path of travel, with each shot moving closer to Jane Doe, before Defendant actually killed her. Defendant is aware the safety on his firearm is not reliable so he is careful not to keep a bullet in the chamber. Doc. 132-2 at 17:12-14. At the time of this shooting, Defendant states that he had problems reloading the clip and just "shoved it back in and said, well, whatever happens, happens." *Id.* at 17:14-17. Nothing in the facts supports an accidental discharge or excusable homicide theory and, therefore, the Defendant should be restricted from introducing the excusable homicide theory in voir dire.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court restrict the defendant from asking venire panel jurors questions that represent Jane Doe as being on Defendant's property illegally, that characterize Jane Doe as an intruder, or that seek to introduce a theory of accidental or excusable homicide

        Respectfully submitted,

        FRED J. FEDERICI
        Acting United States Attorney

        *Electronically filed on June 10, 2021*
        NOVALINE WILSON
        KYLE NAYBACK
        Assistant United States Attorneys
        P.O. Box 607
        Albuquerque, New Mexico 87103
        (505) 346-7274

I HEREBY CERTIFY that on June 10, 2021, I filed the foregoing electronically through the CM/ECF System, which caused counsel for the defendant to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.
*/s/*
KYLE NAYBACK
Assistant United States Attorney