IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | No.   CR 1:18-03495-001 JCH |
| DOUGLAS D. SMITH, | | |
| Defendant. | | |

**Reply to the government's response to Mr. Smith's voir dire**

The government's response to Mr. Smith's voir dire (doc. 191) mischaracterizes the evidence and the established facts and contradicts the government's own prior representations. In doing so, the government seeks to   deprive Mr. Smith of his constitutional rights to due process of law and to a jury trial.

The government seeks to argue that Jane Doe, an intruder on Mr. Smith's property who was trying to break into his trailer, was "legally" on his property. There is absolutely no basis on which to characterize Jane Doe as anything other than a trespasser on Mr. Smith's property who was

seeking to break into his trailer. As an initial matter, Mr. Smith's residence was not an operating business. It was not open as a motel for overnight guests. The sign was not lit and there was no reception area, "vacancy/no vacancy" sign, or any other feature of the property that would suggest it was an operating motel. In short, Jane Doe was not seeking to rent a room; she was behind Mr. Smith's home at 1:00 in the morning.   At no point has the government's investigation of this case yielded any evidence that Jane Doe was looking to rent a room at the defunct motel, or otherwise "legally" in Mr. Smith's backyard at 1:00 AM on May 5, 2018.

The government's mischaracterization of the facts veers into troubling territory given the government's insistence that the defense not introduce evidence about Jane Doe's criminal history (which included at least one arrest for burglary).   Most problematically, the government seeks to shield from the jury any evidence of Jane Doe's past, while also seeking to imply that Jane Doe was someone merely seeking a room to rent for the night—notwithstanding both the state of the property and Jane Doe's lack of money or a credit card that one looking for a hotel would need to have.

In short, the government cannot legitimately dispute that Jane Doe was illegally on Mr. Smith's property. To suggest she was there looking for a room, or that the motel was open for business, is a flagrant mischaracterization of the facts of the case.[1]

The government also contends that Mr. Smith should not be permitted to introduce a theory of accidental or excusable homicide. Such an argument seeks a wholesale deprivation of Mr. Smith's constitutional right to present a defense.

In support of this, the government then goes on to further mischaracterize the evidence. Mr. Smith never drew a diagram "showing he was tracking Jane Doe's path of travel, with each shot moving closer to Jane Doe." Mr. Smith never said that he tracked Jane Doe, and very clearly stated to both Detective Abeyta and the FBI that when a shadow crouched down in front of him he fired once to the immediate left of the trailer. The shadow then ran from the property and Mr. Smith believed the person left and that no one else was on the property before firing again.

---

[1] Even the government, in a past pleading, has characterized Jane Doe as a trespasser. (Doc. 68 ("There is no evidence to suggest Jane Doe was anything other than a trespasser.")).

Moreover, Mr. Smith replaced the clip and said "whatever happens, happens" only after he fired the warning shots. This statement therefore is not related to the shots he fired. The government's effort to graft this post-shooting statement onto Mr. Smith's state of mine at the time he fired the shots demonstrates the government's proclivity to selectively cut from Smith's statement to create an alternate statement entirely different from what Mr. Smith actually said.

Mr. Smith has consistently stated that he fired the first shot to miss the intruder and the trailer, and fired again only after he thought the person had left his property and there was no one else on his property. Mr. Smith did not think he could hit anyone, and his doing so was an accident. He is entitled to an instruction on this defense, and to voir dire the jury on with questions that probe biases or prejudices that prospective jurors may have regarding this defense.

WHEREFORE, Mr. Smith requests that the Court permit Mr. Smith to voir dire the jury as requested in his proposed voir dire and supplemental voir dire.

4

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas Blvd., NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(5050 346-2494 Fax
aric_elsenheimer@fd.org

_____

ARIC G. ELSENHEIMER, AFPD
Attorney for Defendant