IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | |
| Plaintiff, | | |
| v. | § § | No.   CR 1:18-03495-001 JCH |
| DOUGLAS D. SMITH, | § § § § | |
| Defendant. | | |

**Objection to government's exhibit 35**

Mr. Smith objects to the government's redaction of pages 15, line 20 through 16 line 8. By redacting Mr. Smith's statements on those pages, the government removes critical portions of Mr. Smith's explanation of what happened in the early morning of May 5.

The redaction of these statements is particularly critical given the government's recent representation that they intend to argue that Mr. Smith "himself tells law enforcement that he shot four times and draws a diagram showing he was tracking Jane Doe's path of travel, with each shot moving closer to Jane Doe, before Defendant actually killed her." (Doc. 191

at 2). Mr. Smith NEVER said this. He did not imply it and none of his statements could be read to even support an argument that he said this. Yet the government's selective, unfair, and disingenuous editing of Mr. Smith's statement to law enforcement risks leaving the jury with precisely this understanding. That is fundamentally unfair, unjust, and violates Mr. Smith's right to due process. In a redacted portion of the transcript, Mr. Smith and Abeyta have the following exchange:

> **Smith**: "She started running and ran behind the bushes, and then I couldn't see. I thought she was already gone, but I was still scared witless and just – I don't know how many rounds I shot, four or five all together. I don't know."
>
> **Abeyta**: "Uh huh"
>
> **Smith**: "Because there was still a couple of rounds left in there so it had to be at least five. If I had seen, I would have definitely shot to miss. But I thought whoever it was had already taken off running so I was just making noise . .
>
> **Abeyta**: "Uh huh"

2

**Smith**: "With no intention of hitting anyone."

That statement must be introduced given the government's selective use of Mr. Smith's later statements and particularly given that the government seeks to use that selective editing of Mr. Smith's statements to improperly characterize Mr. Smith's statements as telling "law enforcement that he shot four times and draws a diagram showing he was tracking Jane Doe's path of travel, with each shot moving closer to Jane Doe, before Defendant actually killed her." This selective use of Mr. Smith's statements to stitch together what is effectively a separate statement with an entirely different meaning is prejudicial and violates Mr. Smith's right to due process. Additionally, the prosecution has a duty to not misrepresent facts to the jury.

Presentation of the redacted exhibit 35, without pages 15, line 20 through 16 line 8, are necessary and vital to "clarify or explain the portion" of the statement that the government seeks to introduce. The rule of completeness demands the introduction of pages 15, line 20 through 16 line 8 because these sections 1) explain the other statements, 2) place those

statements in context, 3) avoid misleading the jury; and 4) insure a fair and impartial understanding of the evidence. *United States v. Lopez-Medina*, 596 F.3d 716, 735 (10th Cir. 2010).

The Court already ruled that this section is necessary should the government introduced lines on page 15 and 16. This section of the interview, however, is a critical part of Mr. Smith's discussion of what happened and that he believed that whoever was on his property had left his property before he fired the second time. Mr. Smith's subsequent diagram, and explanation of that diagram on page 29-30 of the interview cannot be understood without the context of Mr. Smith's prior explanation of when he saw the person, where they ran, and when he fired. To illustrate that the diagram was made in the context of Mr. Smith's prior statements, Detective Abeyta asks Mr. Smith, shortly after, if there was "anything that I missed that I didn't ask you about, anything you want to tell me about." (Exhibit 35, page 31, line 11-13). Redacting Mr. Smith's statement to Detective Abeyta on pages 15, line 20 through 16 line 8 makes it certain the jury will be misled to believe that Mr. Smith did not say

4

anything about the person having left the property before he fired again.

Additionally, Mr. Smith makes clear that he thought the person had already taken off running and he had "no intention of hitting anyone." That risk that the jury will be misled is a foregone conclusion given the government has represented it position that   Mr. Smith told "law enforcement that he shot four times and draws a diagram showing he was tracking Jane Doe's path of travel, with each shot moving closer to Jane Doe, before Defendant actually killed her."   Given Mr. Smith never made such a statement, the introduction of Mr. Smith's redacted statements on page 15 is necessary to prohibit the government from presenting false and misleading evidence to the jury.

WHEREFORE, Mr. Smith objects to the redactions on page 15, line 20 through 16 line 8.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas Blvd., NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(5050 346-2494 Fax
aric_elsenheimer@fd.org

5

6

_____
ARIC G. ELSENHEIMER, AFPD
Attorney for Defendant