IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        No. 18-cr-3495 JCH

DOUGLAS D. SMITH

    Defendant.

## MEMORANDUM OPINION AND ORDER

On June 7, 2021, Defendant Douglas D. Smith ("Defendant") filed *Defendant's Motion for Disclosure of Exculpatory Material* (ECF No. 173) based on Federal Rule of Criminal Procedure 16(a)(1)(E) and *Brady v. Maryland*, 373 U.S. 83 (1963). The United States opposes the motion, arguing that it has complied, and will continue to comply, with its discovery obligations. The Court, having considered the motion, response, evidence, and applicable law, concludes that Defendant's motion should be denied.

    **I.**    **LAW ON DISCOVERY**

Federal Rule of Criminal Procedure 16(a)(1)(E) provides that the government must disclose to the defendant, upon his request, papers, documents, photographs, and objects, among other things, "if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E). The term "defense" means a defendant's response to the prosecution's case-in-chief,

*i.e.*, an argument that refutes the government's claims that the defendant committed the crime charged. *United States v. Armstrong*, 517 U.S. 456, 462 (1996).

A defendant must make a prima-facie showing of materiality before he is entitled to obtain Rule 16 discovery. *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Id.* To show materiality under Rule 16(a)(1)(E), the evidence must "play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993). This materiality requirement is not a heavy burden; rather, evidence is material as long as there is a strong indication it would enable the defendant to significantly alter the quantum of proof in his favor. *See United States v. Graham*, 83 F.3d 1466, 1474 (D.C. Cir. 1996).

Rule 16(a)(2) limits the scope of discoverable materials: "this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). The Supreme Court has described Rule 16(a)(2) as protecting "Government work product in connection with [the] case." *Armstrong*, 517 U.S. at 463. Rule 16(a)(2) also clarifies that Rule 16 does not authorize the disclosure of statements made by prospective witnesses, except as provided in 18 U.S.C. § 3500, the Jencks Act. The Jencks Act requires the United States to disclose to the defendant the statements of its witnesses after the witness has testified on direct examination at trial, but the term "statement" is limited to written statements made by the witness and signed or otherwise adopted or approved by him/her,

or to recordings or substantially verbatim recitals of the witness's oral statements and recorded contemporaneously with the making of such oral statement. *See* 18 U.S.C. § 3500(a), (b), (e).

The Supreme Court held in *Brady v. Maryland*, 373 U.S. 83, 87 (1963), "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." The "touchstone of materiality is a 'reasonable probability' of a different result," which exists "when the government's evidentiary suppression 'undermines confidence in the outcome of the trial.'" *Trammell v. McKune*, 485 F.3d 546, 551 (10th Cir. 2007) (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)). Impeachment evidence affecting a witness's credibility falls under *Brady* when the reliability of a given witness may be determinative of a defendant's guilt or innocence. *Giglio v. United States*, 405 U.S. 150, 154 (1972).

## II.   ANALYSIS

According to Defendant, the defense discovered through its own investigation several lapel videos worn by members of the Española Police Department ("EPD") that the Government did not disclose to the defense. The defense then speculates that other evidence may not have been turned over, based on the lack of coordination between the FBI and local law enforcement, and requests any outstanding *Brady/Giglio* material. Defendant seeks an order from the Court directing the Government to locate and disclose all discoverable material, including 302s and interview notes, lapel videos or audio recordings from the incident and investigation thereof, surveillance footage, and all communications between the United States Attorney's Office/FBI and local law enforcement.

In response, the United States asserts that, upon receipt of Defendant's motion, it reached out to the defense for specific information and then reached out to the FBI to determine what additional materials EPD had not provided to the FBI in its May 18, 2018 disclosure. According to the Government, the EPD evidence technician located additional lapel footage, which it disclosed to the defense upon receipt on June 8, 2021. The Government contends that it has complied with and will continue to comply with its *Brady* obligations, so the motion should be denied.

The lapel videos appear to have now been disclosed. The only other request Defendant makes that is not of a general, speculative nature is the defense's request for notes, summaries, and lapel video of an interview with Ercilia Trujillo the defense believes occurred on or about May 5, 2018. The United States asserts, however, that it has already disclosed all discoverable material in its possession regarding FBI interviews with Ms. Trujillo. Defendant has not met his burden under Rule 16 or *Brady/Giglio* to compel the disclosure of any specific item material to his defense. The Government is aware of its duties to disclose under the law and under the Court's discovery order (ECF No. 28). The Court thus finds no additional disclosure order is necessary.

**IT IS THEREFORE ORDERED** that *Defendant's Motion for Disclosure of Exculpatory Material* (**ECF No. 173**) is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**