# CLERK'S MINUTE SHEET
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO (AT ALBUQUERQUE)

Before the Honorable Judith C. Herrera

Jury Selection/Jury Trial

| | | | |
|---|---|---|---|
| Case Number: | CR 18-3495 JCH | UNITED STATES vs. Smith | |
| Clerk: | V. Loman | Courtroom: | Rio Grande |
| Defendant: | Douglas Smith | Defendant's Counsel: | Aric Elsenheimer & Amanda Lavin |
| AUSA | Kyle Nayback & Novaline Wilson | Court Reporter: | Paul Baca |
| Interpreter: | N/A | Hearing Dates: | June 14, 2021 to June 18, 2021 |

Total Court Time:    19 hours 42 minutes

Proceedings:

Court in Session

<u>June 14, 2021</u>

9:07 a.m.    Court is in session. Counsel state appearances. Defendant present. Court takes up pending *Lafler/Frye* issue. Mr. Smith sworn. Court asks questions of Mr. Smith concerning *Lafler/Frye* issue. Court is satisfied that Defendant understands the plea offered and that he has rejected it.

9:12 a.m.    Mr. Nayback raises issues regarding pending voir dire. Court explains its voir dire process. Court will discuss with attorneys any questions they have after Court's questioning concludes. Mr. Nayback raises issue of changing transcript. Mr. Elsenheimer asks about when to do for-cause challenges. Court says challenges for cause will occur after each session. Court is hoping to seat jury after second wave. Mr. Elsenheimer prefers to exercise peremptories after the second panel. Parties discuss mask issue.

9:19 a.m.    Court takes a break for jury panel to be brought in.

9:30 a.m.    Court is back in session. Jury panel present. Court begins introductory remarks and explaining jury selection process. Court begins its voir dire questioning.

10:32 a.m.    Court takes a break.

10:48 a.m.    Court is back in session.

11:13 a.m.   Ms. Wilson begins her voir dire questioning.

11:21 a.m.   Mr. Elsenheimer begins his voir dire questioning.

11:33 a.m.   Court excuses jurors to ask questions of certain jurors with private concerns. Court speaks with Juror #8, Juror #21, and Juror # 2 about their concerns.

11:44 a.m.   Court in recess.

11:58 a.m.   Court is back in session outside the presence of the jury. Court begins with Government's arguments for cause challenges. Government moves to strike certain jurors for cause. Defendant moves to strike certain jurors for cause. Court strikes jurors to which the parties agree. Parties make arguments concerning disputed for-cause challenges and Court strikes certain jurors for cause.

12:17 p.m.   Jury panel returns to courtroom. Court announces which jurors are excused at this time.

12:23 p.m.   Jury panel is excused for the day. Court is in recess.

1:38 p.m.    Court is back in session with second jury panel present. Court begins explaining voir dire process and begins asking questions.

2:35 p.m.    Court break.

2:44 p.m.    Court is back in session. Court resumes voir dire questioning.

2:58 p.m.    Bench conference on additional questions attorneys wish to ask.

2:59 p.m.    Court asks additional questions. Ms. Wilson begins voir dire questioning.

3:07 p.m.    Mr. Elsenheimer begins voir dire questioning.

3:24 p.m.    Court excuses jury panel from courtroom.

3:25 p.m.    Court in recess.

3:41 p.m.    Court is back in session outside presence of jury panel. Parties raise challenges for cause and Court rules on jurors.

4:18 p.m.    Court is back in session. Parties discuss scheduling.

4:22 p.m.    Jury panel enters. Court excuses jurors that have been dismissed for cause.

4:27 p.m.    Court is in recess.

June 15, 2021

9:08 a.m.   Court is back in session with jury panel #3. Jury present. Counsel state appearances. Court explains jury selection process and begins voir dire questioning.

9:35 a.m.   Bench conference regarding Juror #55. Mr. Elsenheimer argues that jury panel has been tainted. Court disagrees but parties discuss excusing Juror #55. Juror #55 will be excused at the break.

9:41 a.m.   Court resumes voir dire questioning.

9:51 a.m.   Court in recess. Juror #55 excused.

10:03 a.m.   Court is back in session with Jury Panel #3. Court resumes voir dire questioning.

10:20 a.m.   Bench conference regarding attorney's questions.

10:22 a.m.   Court resumes voir dire questioning. Counsel list witnesses for jury panel.

10:24 a.m.   Ms. Wilson begins voir dire questioning.

10:28 a.m.   Mr. Elsenheimer begins voir dire questioning.

10:38 a.m.   Voir dire questioning ends. Court explains next process.

10:40 a.m.   Jury panel excused. Parties present for-cause jury challenges and Court makes rulings.

10:46 a.m.   Court in recess.

11:08 a.m.   Court is back in session with counsel and Defendant. Mr. Elsenheimer raises issue regarding Juror #35 having raised scheduling conflict with court staff and asks to bring her back in for voir dire. Court brings Juror #35 into courtroom for additional questioning. Juror #35 leaves courtroom. Mr. Elsenheimer moves to excuse Juror #35 for cause. Court denies challenge for cause. Parties discuss issue additionally. Court excuses Juror #35 for cause.

11:19 a.m.   Parties make peremptory challenges. Jury chosen.

11:31 a.m.   Court brings in jury panel #1. Court announces jurors chosen from panel #1 and excuses the rest.

11:38 a.m.   Court brings in jury panel #2. Court announces jurors chosen from panel #2 and excuses the rest.

11:45 a.m.   Court brings in jury panel #3. Court announces jurors chosen from panel #2 and excuses the rest.

11:49 a.m.   Jury panel #3 leaves courtroom. Court seats jury. Jury sworn. Court reads preliminary instruction.

12:01 p.m.   Jury excused for lunch. Court discusses objection (Document 195) and the Government's response (Document 196). Mr. Elsenheimer wants addition of Transcript pages and lines 15:20-16:8 included. Mr. Nayback responds. Mr. Elsenheimer replies, arguing that the Rule of Completeness makes clear the other portion of his statement that the Government will present. Mr. Nayback argues that this is a last-minute objection that the Court has already ruled on. Mr. Elsenheimer responds that the redaction was not made clear until last week. Court sustains objection and will require inclusion of page 15:20-16:8 of the transcript. Ms. Wilson asks for clarification based on a prior ruling and asks for page 16:9-25 to be included in Doc. 148 pg. 8. Mr. Elsenheimer agrees to inclusion of page 15:20-17:2 and the rest of page 17 that is already unredacted.

12:20 p.m.   Court is in recess.

1:41 p.m.    Court is back in session. Jury enters.

1:43 p.m.    Mr. Nayback begins opening statement.

1:53 p.m.    Ms. Lavin begins her opening statement.

2:02 p.m.    Ms. Wilson calls **Dr. Matthew Cain.** Dr. Cain sworn. Ms. Wilson begins questioning Dr. Cain.

2:05 p.m.    Ms. Wilson asks the Court to recognize Dr. Cain as an expert in forensic pathology. Defense does not object. Court recognizes Dr. Cain as an expert in forensic pathology. Ms. Wilson resumes questioning. Ms. Wilson asks questions about Ex. 1, 2, 3, and 4, photographs taken during the autopsy. Ms. Wilson moves for admission of Ex. 1-4. No objection. **Court admits Ex. 1, 2, 3, and 4.** Ms. Wilson resumes questioning.

2:16 p.m.    Mr. Elsenheimer begins cross examination of Dr. Cain. Mr. Elsenheimer asks Dr. Cain about his autopsy report and shows him a copy.

2:21 p.m.    Dr. Cain excused. Mr. Nayback calls **Daniel Smith**. Mr. Smith sworn. Mr. Nayback begins direct examination of Mr. Smith.

2:24 p.m.    Direct examination ends. No cross examination. Ms. Wilson calls **Geraldine Gutierrez**. Ms. Gutierrez sworn. Ms. Wilson begins direct examination. Ms.

Wilson asks about Ex. 64, Certificate of Tribal Enrollment, and moves its admission. No objection. **Court admits Ex. 64.** Ms. Wilson resumes questioning.

2:31 p.m. Direct examination ends. No cross examination. Mr. Nayback calls Investigator Lynne Gudes. Field Deputy Medical Investigator Gudes sworn. Mr. Nayback begins his direct examination. Mr. Nayback asks about Ex. 58, 59, 60, and 61, photographs Ms. Gudes took, and moves their admission. Ms. Lavin does not object. **Court admits Ex. 58, 59, 60, and 61**. Mr. Nayback asks questions about Ex. 58-61.

2:51 p.m.    Ms. Lavin begins cross examination of Ms. Gudes. Ms. Lavin shows Ms. Gudes Def.'s Ex. B18-20 and asks questions of them. Ms. Lavin moves admission of Ex. B18-20. No objection. **Court admits Ex. B18, B19, and B20.** Ms. Lavin resumes questioning. Ms. Lavin shows Ms. Gudes her report and resumes questioning. Ms. Lavin wishes to show the witness a photograph. Mr. Nayback objects.

3:05 p.m.    Bench conference on objection.

3:09 p.m.    Court takes recess.

3:30 p.m.    Court is back in session. Court states that the door was opened and will allow the question about the photograph that has not been offered into evidence. Mr. Nayback raises witness order issue. Ms. Gudes enters. Jury enters.

3:35 p.m.    Ms. Lavin resumes cross examination. Ms. Lavin shows photographs to Ms. Gudes and asks questions of Ms. Gudes.

3:41 p.m.    Mr. Nayback begins re-direct examination.

3:46 p.m.    Ms. Gudes excused.

3:50 p.m.    Mr. Nayback calls **Tammy Peter**. Ms. Peter sworn. Mr. Nayback begins direct examination of Ms. Peter and asks questions about Ex. 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, and 32, photographs Ms. Peter took at the scene on August 2019. No objection. **Court admits Ex. 5-32.** Mr. Nayback resumes direct examination.

4:15 p.m.    Ms. Lavin begins cross examination of Ms. Lavin.

4:17 p.m.    Cross examination ends. No re-direct examination. Mr. Nayback calls **Nathan Schwabedissen**. Mr. Schwabedissen sworn. Mr. Nayback begins direct examination. Mr. Nayback asks witness about Ex. 66-74, photograph stills from video

witness took from aerial photography, and moves their admission. No objection. **Court admits 66-74**. Mr. Nayback resumes questioning witness about Ex. 66-74.

4:33 p.m.    Ms. Lavin begins cross examination of Mr. Schwabedissen.

4:35 p.m.    Cross examination ends. No re-direct examination. Mr. Schwabedissen is excused.

4:36 p.m.    Court instructs jury.

4:40 p.m.    Jury excused for the day. Court revisits issue that was discussed at the side bar – the reference to syringe, syringe cap, whether decedent had diabetes, and whether door is opened to elicit testimony about whether decedent had diabetes.

4:41 p.m.    Ms. Lavin said Dr. Cain is available Thursday and Ms. Lavin says the evidence does not indicate she was diabetic, so the evidence is relevant rebuttal because she was an IV drug user and had morphine in her system. Mr. Nayback responds. Court states that the question opened the door to rebut suggestion that it was possibly to treat her diabetes, so it is fair to defense to rebut that point. Court's ruling is not invitation to canvas her history and her use of drugs, but its relevance is because specific questions were asked, and specific answers were given. Mr. Nayback adds that family members could be called to talk about decedent's hard life. Court says we will see where it goes.

4:48 p.m.    Court is in recess.

June 16, 2021

9:02 a.m.    Court is back in session. Mr. Elsenheimer requests calling Dr. Cain by Zoom for very limited testimony because of the expense. The Government does not object. Court says alright. Mr. Elsenheimer seeks order barring evidence of FBI investigation into soliciting prostitution. Mr. Nayback says it is a non-issue because there is no witness. Court warns against surprises. Ms. Wilson addresses irrelevant questions concerning other incidents including the bus. Mr. Elsenheimer does not intend to go into it.

9:06 a.m.    Jury enters.

9:10 a.m.    Mr. Elsenheimer objects to Ex. 50 and 51. Ms. Wilson responds. Court asks why exhibits add something to the analysis beyond testimony, noting

photographs are disturbing. Ms. Wilson replies. Court will allow either Ex. 50 or 51 to be displayed briefly but both are not necessary. Ms. Wilson will introduce Ex. 50.

9:18 a.m.   Jury enters. Ms. Wilson calls **Detective Byron Abeyta**. Detective Abeyta sworn. Ms. Wilson begins direct examination. Ms. Wilson shows Detective Abeyta Ex. 33, Miranda warning form, Ex. 34, recording of interview with Mr. Smith, Ex. 35, transcript of interview, and Ex. 36, drawing Mr. Smith created during interview. Ms. Wilson moves admission of Ex. 33, 34, 35, and 36. No objection. **Court admits Ex. 33, 34, 35, and 36.** Ms. Wilson resumes questioning and plays Ex. 34 for jury. Mr. Nayback collects transcripts and Ms. Wilson continues her direct examination.

10:01 a.m.   Ms. Wilson shows Detective Abeyta Ex. 37-49 and 51-57, photographs Detective Abeyta took, asks questions, and moves their admission. **Court admits Ex. 37-49.** Court asks clarification question regarding exhibits. Ms. Wilson clarifies she seeks to admit Ex. 50 and 52-57. Mr. Elsenheimer objects to Ex. 50 as stated before. **Court admits Ex. 50 and 52-57**. Ms. Wilson resumes her questioning.

10:22 a.m.   Court in recess.

10:41 a.m.   Court is back in session. Ms. Wilson notes that defense may play a video. Mr. Elsenheimer says that the video is properly edited. Mr. Elsenheimer intends to use the video for impeachment.

10:44 a.m.   Jury enters. Mr. Elsenheimer begins cross examination.

11:13 a.m.   Bench conference on objection.

11:17 a.m.   Mr. Elsenheimer resumes cross examination.

11:25 a.m.   Bench conference on objection.

11:29 a.m.   Mr. Elsenheimer resumes questioning. Mr. Elsenheimer asks about Ex. 36 and 56.

11:39 a.m.   No redirect examination. Detective Abeyta is subject to recall. Mr. Nayback calls **Travis Taylor**. Travis Taylor sworn. Mr. Nayback begins direct examination. Mr. Nayback asks Special Agent Taylor about Ex. 63 and moves its admission. No objection. **Court admits Ex. 63.** Mr. Nayback resumes questioning. Mr. Nayback asks witness about Ex. 62 and moves its admission. No objection. **Court admits Ex. 62**. Mr. Nayback resumes questioning.

11:56 a.m.   Bench conference on objection.

11:57 a.m.   Mr. Nayback resumes questioning.

12:01 p.m.   Court in recess.

1:36 p.m.   Court is back in session. Jury enters. Mr. Nayback resumes direct examination of Special Agent Taylor.

1:42 p.m.   Direct examination ends. Mr. Elsenheimer begins cross examination of Special Agent Taylor.

2:00 p.m.   Bench conference on objection. Mr. Elsenheimer continues cross examination.

2:07 p.m.   Mr. Nayback begins redirect examination.

2:10 p.m.   Redirect examination ends. Ms. Wilson calls **Theodore Chavez**. Theodore J. Chavez sworn. Ms. Wilson begins direct examination.

2:15 p.m.   Ms. Wilson asks that Theodore Chavez be recognized as an expert in firearm trajectory. Defense has no objection. Court recognizes Theodore Chavez as an expert in firearms trajectory. Ms. Wilson resumes questioning. Ms. Wilson asks about Ex. 25, Ex. 26, Ex. 27, Ex. 28, Ex. 29, Ex. 30. Ms. Wilson asks about Ex. 75, a trajectory graphic, and moves its admission. No objection. **Court admits Ex. 75**. Ms. Wilson resumes questioning.

2:36 p.m.   Mr. Elsenheimer begins cross examination of Mr. Chavez.

2:44 p.m.   Cross examination ends. No redirect examination. Mr. Chavez excused. Mr. Nayback calls **Bryan Acee**. Special Agent Bryan Acee sworn. Mr. Nayback begins direct examination.

2:56 p.m.   Mr. Nayback asks that the Court recognize Special Agent Acee as a firearms expert for the firearm in this case. No objection. Court recognizes Special Agent Acee as an expert. Mr. Nayback resumes questioning.

3:01 p.m.   Mr. Elsenheimer begins cross examination.

3:02 p.m.   Special Agent Acee excused. The United States rests.

3:03 p.m.   Jury excused. Mr. Elsenheimer moves for a Rule 29 directed verdict and sets forth his argument. Mr. Nayback responds. Mr. Elsenheimer replies. The Court denies the motion and explains the Court's reasoning.

3:14 p.m.   Court is in recess.

3:29 p.m.    Court is back in session. Jury enters. Ms. Lavin calls **Ercilia Trujillo**. Ms. Trujillo appears via Zoom videoconference. Ms. Trujillo sworn. Ms. Lavin begins direct examination.

3:39 p.m.    Ms. Wilson begins cross examination.

3:47 p.m.    Ms. Lavin begins re-direct examination.

3:49 p.m.    Mr. Elsenheimer calls **Billie Wheat**. Billie Wheat sworn. Mr. Elsenheimer begins his direct examination.

4:04 p.m.    Mr. Nayback begins cross examination.

4:07 p.m.    Mr. Elsenheimer begins re-direct examination.

4:08 p.m.    Mr. Wheat excused. Ms. Lavin calls **Mary Jude Wheat**. Ms. Wheat sworn.

4:19 p.m.    Mr. Nayback begins cross examination of Ms. Wheat.

4:21 p.m.    Ms. Wheat excused.

4:22 p.m.    Bench conference on scheduling.

4:23 p.m.    Court informs jury about schedule.

4:26 p.m.    Jury exits. Court discusses jury instruction conference with parties.

4:31 p.m.    Court is in recess.

June 17, 2021

9:17 a.m.    Court is back in session. Ms. Lavin argues that the United States shifted the burden of proof by comments in front of the jury during an objection about defense witnesses. Ms. Wilson responds, arguing that it is not burden shifting and that jury has been instructed on burden of proof.

9:26 p.m.    Jury enters. Mr. Elsenheimer calls **Douglas Smith**. Mr. Smith sworn. Mr. Elsenheimer begins direct examination. Mr. Elsenheimer asks about Def.'s Ex. A1 and A2. Mr. Nayback objects to A1 and A2. **Court admits Ex. A-1 and A-2**. Mr. Elsenheimer resumes questioning. Mr. Elsenheimer asks Mr. Smith about Ex. B1-B17 and moves their admission. No objection. **Court admits Ex. B1-B17.** Mr. Elsenheimer continues questioning.

10:39 a.m.   Court in recess.

10:58 a.m.   Court is back in session. Mr. Elsenheimer resumes direct examination of Mr. Smith. Mr. Elsenheimer asks about Ex. B-12.

11:05 a.m.   Bench conference on allowing impeachment testimony. Court allows it.

11:07 a.m.   Mr. Nayback begins cross examination of Mr. Smith. Mr. Nayback asks Mr. Smith about Def.'s Ex. B17.

11:27 a.m.   Mr. Elsenheimer begins re-direct examination.

11:38 a.m.   Mr. Smith is excused. The defense rests.

11:39 a.m.   The Government has no rebuttal testimony. The Court discusses scheduling with the jury.

11:41 a.m.   Jury excused for lunch.

1:07 p.m.   Court is back in session with counsel and Defendant present. Government has no objections to jury instructions. Ms. Lavin states objections to Jury Instruction No. 6. Ms. Wilson responds. Court overrules objection. Ms. Lavin objects to Instruction No. 15. Ms. Wilson responds. Court overrules objection. Ms. Lavin objects to Instruction No. 17. Ms. Wilson responds. Court overrules objection. Ms. Lavin objects to Instruction No. 18. Ms. Wilson responds. Court overrules objection. Ms. Lavin requests admission of state jury instruction. Ms. Wilson responds. Ms. Lavin makes a due process argument. Court denies request for jury instruction 7A, excusable homicide, and explains reasons.

1:23 p.m.   Mr. Elsenheimer moves again for Rule 29 directed verdict. Court denies the motion for the same reasons previously.

1:28 p.m.   Jury enters. Court instructs jury.

1:56 p.m.   Ms. Wilson begins her closing argument.

2:11 p.m.   Mr. Elsenheimer begins his closing argument.

2:38 p.m.   Mr. Nayback begins his rebuttal argument.

2:49 p.m.   Closing arguments end. Court dismisses alternate jurors who will be on call. Jury dismissed to jury room. Jury in deliberations. Court is in recess.

5:13 p.m.   Court is back in session. Jury enters. Court talks with jury about returning tomorrow for deliberations and gives instructions to the jury.

5:19 p.m.   Jury dismissed for the day. Court in recess.

June 18, 2021

9:00 a.m.   Jury in Deliberations.

10:54 a.m.   Court is back in session. Court announces that the jury has a Verdict.

10:58 a.m.   Jury enters. Jury delivers the verdict. Verdict is not guilty of second-degree murder but guilty of involuntary manslaughter. Mr. Elsenheimer asks that the Court poll the jury. Court polls the jury. Each juror responds that it is his or her verdict. Court thanks jury.

11:04 a.m.   Jury is excused from service.

11:05 a.m.   Court is in recess.