# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

v.                             No. 18-cr-3495 JCH

DOUGLAS D. SMITH

     Defendant.

## COURT'S INSTRUCTIONS TO THE JURY

*Judith C. Herrera*

June 17, 2021

**INSTRUCTION NO. 1**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case–for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

## INSTRUCTION NO. 2

You, as jurors, are the judges of the facts. But in determining what actually happened −
that is, in reaching your decision as to the facts − it is your sworn duty to follow all of the rules
of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to
question the wisdom or correctness of any rule I may state to you. You must not substitute or
follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply
the law as I explain it to you, regardless of the consequences. However, you should not read into
these instructions, or anything else I may have said or done, any suggestion as to what your
verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or
sympathy. That was the promise you made and the oath you took.

**INSTRUCTION NO. 3**

The defendant is charged by the indictment as follows:

On or about May 5, 2018, in Indian Country, in Rio Arriba County, in the District of New Mexico, the defendant, **DOUGLAS D. SMITH**, a non-Indian, unlawfully killed Jane Doe, an Indian, with malice aforethought.

In violation of 18 U.S.C. §§ 1152 and 1111.

**INSTRUCTION NO. 4**

The government has the burden of proving the defendant guilty beyond a reasonable doubt.  The law does not require a defendant to prove his innocence or produce any evidence at all.  The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.  A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.  If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty.  If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

**INSTRUCTION NO. 5**

The defendant is charged with second degree murder in violation of 18 U.S.C. sections 1152 and 1111.

This law makes it a crime to unlawfully kill a human being with malice aforethought.

To find the defendant guilty of this crime, you must be convinced that the government has proved beyond a reasonable doubt:

First:       the defendant caused the death of Jane Doe;

Second:    the defendant killed Jane Doe with malice aforethought;

Third:      the defendant is a non-Indian;

Fourth:    Jane Doe is an Indian; and

Fifth:       the killing took place within Indian Country.

To kill "with malice aforethought" means either to kill another person deliberately and intentionally, or to act with callous and wanton disregard for human life. Malice aforethought is an element that may be established by evidence of conduct that is reckless and wanton, and a gross deviation from a reasonable standard of care, and of such a nature that it may be inferred that defendant was aware of a serious risk of death or serious bodily harm. To find malice aforethought, you need not be convinced that the defendant hated the person killed, or felt ill will toward the victim at the time.

In determining whether the killing was with malice aforethought, you may consider the use of a weapon or instrument, and the manner in which death was caused.

It is not necessary for the government to prove that the defendant acted with premeditated intent to kill. Premeditation is typically associated with killing in cold blood and requires a period of time in which the accused deliberates or thinks the matter over before acting.

You are instructed that the alleged murder occurred in Indian Country, if you find beyond a reasonable doubt that such offense occurred in the location described in the indictment.

## INSTRUCTION NO. 6

If you unanimously find the defendant not guilty of the offense charged, or if, after all reasonable efforts, you are unable to agree on a verdict as to that offense, then you must determine whether the defendant is guilty or not guilty of involuntary manslaughter.

The difference between these two offenses is that, to convict the defendant of involuntary manslaughter, the government does not have to prove malice aforethought. Malice aforethought is an element of the greater offense of second-degree murder, but not of the lesser included offense of involuntary manslaughter.

The law regarding involuntary manslaughter makes it a crime to unlawfully kill a human being without malice 1) while committing an unlawful act not amounting to a felony, or 2) while committing a lawful act in an unlawful manner, or without due caution and circumspection, which act might produce death.

For you to find the defendant guilty of involuntary manslaughter, the government must prove each of the following elements beyond a reasonable doubt:

*First*:        the defendant caused the death of Jane Doe;

*Second*:        Jane Doe was killed while the defendant was committing a lawful act in an unlawful manner, or without due caution and circumspection, which act might produce death;

*Third*:        the defendant is a non-Indian;

*Fourth*:        Jane Doe is an Indian; and

*Fifth*:        the killing took place within Indian Country.

In order to prove this offense, the government need not prove that the defendant specifically intended to cause the death of the victim. But it must prove more than that the defendant was merely negligent or that he failed to use reasonable care. To prove that defendant committed involuntary manslaughter, the government must show that his conduct was grossly negligent and that he had actual knowledge that his conduct was a threat to the lives of others or he had knowledge of such circumstances as could reasonably be said to have made foreseeable to him the peril to which his acts might subject others. The government must prove gross negligence amounting to wanton and reckless disregard for human life.

The substantive distinction between second degree murder and involuntary manslaughter is the severity of the reckless and wanton behavior: Second-degree murder involves reckless and wanton disregard for human life that is extreme in nature, while involuntary manslaughter involves reckless and wanton disregard that is not extreme in nature.

If you are convinced that the government has proved all of these elements beyond a reasonable doubt, you may find the defendant guilty of the lesser included offense. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of the lesser included offense.

You are instructed that the alleged murder occurred in Indian Country, if you find beyond a reasonable doubt that such offense occurred in the location described in the indictment.

## INSTRUCTION NO. 7

Wanton is defined as unreasonably or maliciously risking harm while being utterly indifferent to the consequences.

**INSTRUCTION NO. 8**

A non-premeditated killing may be second degree murder, manslaughter, or no crime at all. The distinction between second-degree murder, involuntary manslaughter, or finding the defendant not guilty is whether the defendant had the requisite mental state for the charged crime (second degree murder) or the lesser included offense (involuntary manslaughter). If you have a reasonable doubt about any of the elements of second-degree murder *and* you have a reasonable doubt about any of the elements of involuntary manslaughter, then you must find the defendant not guilty of both offenses.

**INSTRUCTION NO. 9**

You will note that the indictment charges that the crimes were committed on or about May 5, 2018. The government must prove beyond a reasonable doubt that the defendant committed the crimes reasonably near May 5, 2018.

## INSTRUCTION NO. 10

You are instructed, as a matter of law, that 826 North Riverside Drive, Espanola, New Mexico, in Rio Arriba County, in the District of New Mexico, is Indian Country, which is the territorial jurisdiction of the United States.

**INSTRUCTION NO. 11**

As used in these instructions, the term "Indian" means a person who (1) has some Indian blood; and (2) is recognized as an Indian by a tribe or the federal government.

You are instructed, as a matter of law, that the Santa Clara Pueblo is a federally recognized Indian tribe.

### INSTRUCTION NO. 12

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

## INSTRUCTION NO. 13

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

## INSTRUCTION NO. 14

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses including the defendant who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection - like failure of recollection - is not uncommon.

The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on

the other.

## INSTRUCTION NO. 15

You have heard the testimony of a number of witnesses.  You have also heard that, before this trial, he or she may have made a statement that may be different from his or her testimony here in court.

These earlier statements were brought to your attention only to help you decide how believable his or her testimony in this trial was.  You cannot use it as proof of anything else. You can only use it as one way of evaluating his or her testimony here in court.

## INSTRUCTION NO. 16

During the trial you heard the testimony of Dr. Matthew Cain, M.D., who expressed opinions concerning the nature of Jane Doe's injuries and the cause of her death. You also heard the testimony of Bryan Acee, who expressed opinions concerning the firearm, and the testimony of Theodore Chavez, who expressed opinions concerning firearm trajectory. In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

## INSTRUCTION NO. 17

Evidence has been presented about a statement attributed to the defendant alleged to have been made after the commission of the crime charged in this case but not made in court. Such evidence should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of the defendant, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

## INSTRUCTION NO. 18

You have heard evidence of other acts engaged in by the defendant. You may consider that evidence only as it bears on the defendant's opportunity, motive, intent, preparation, plan, absence of mistake or accident and for no other purpose. Of course, the fact that the defendant may have previously committed an act similar to the one charged in this case does not mean that the defendant necessarily committed the act charged in this case.

## INSTRUCTION NO. 19

During this trial, you have heard sound recordings of certain conversations. Some portions of these recordings have been redacted. The Court has required that certain comments made in the recording should be redacted. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You were also given transcripts of those recorded conversations, which also includes redacted portions.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

Additionally, do not speculate about the statements that have been redacted. These redactions are not evidence and you must ignore them. Again, only the recordings themselves are the evidence.

## INSTRUCTION NO. 20

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.

## INSTRUCTION NO. 21

If you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

## INSTRUCTION NO. 22

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read.  Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions.  Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.  Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on each count of the indictment.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts.  You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

[Explain the Verdict Form]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the bailiff. I will either reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                      No. 18-cr-3495 JCH

DOUGLAS D. SMITH

     Defendant.

## <u>VERDICT</u>

WE, THE JURY, find the defendant, **DOUGLAS D. SMITH,** _____

*(Guilty* or *Not Guilty*)

of Second Degree Murder as charged in the Indictment.

[*If you unanimously find the Defendant guilty of second degree murder, as charged in the Indictment, then you are instructed to stop your deliberations and the foreperson should sign and date this verdict form and return it to the Court.*

*If you unanimously find the Defendant not guilty of second degree murder, or you cannot unanimously agree on a verdict for second degree murder, go on to consider the lesser included offense of involuntary manslaughter.*]

WE, THE JURY, find the defendant, **DOUGLAS D. SMITH,** _____

*(Guilty* or *Not Guilty*)

of involuntary manslaughter, a lesser included offense of the charge in the Indictment.

DATED this _____ day of June, 2021.

_____

FOREPERSON